## EXHIBIT C

**Subpoenas**

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

_____ District of __Delaware__ _____

In re __Hudson 1701/1706, LLC__ _____

                     Debtor

_(Complete if issued in an adversary proceeding)_

_____

              Plaintiff

                v.

_____

             Defendant

Case No. __25-11853 (KBO)__ _____

Chapter __11__ _____

Adv. Proc. No. _____

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: __Alberto Smeke Saba__ _____

                          _(Name of person to whom the subpoena is directed)_

[X] _Production_: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

| PLACE     DLA Piper LLP (US), Attn: Stuart M. Brown<br>               1201 North Market Street, Suite 2100<br>               Wilmington, Delaware 19801 | DATE AND TIME |
|---|---|

[ ] _Inspection of Premises_: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: __10/28/2025__ _____

                     CLERK OF COURT

                               OR

      _____      _____

         _Signature of Clerk or Deputy Clerk_           _Attorney's signature_

The name, address, email address, and telephone number of the attorney representing _(name of party)_ _____ , who issues or requests this subpoena, are:

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 2)

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of  $ _____ .

 My fees are $ _____ for travel and $_____ for services, for a total of $_____ .


        I declare under penalty of perjury that this information is true and correct.

Date:  _____


                                                    _____
                                                                    *Server's signature*

                                                    _____
                                                                    *Printed name and title*


                                                    _____
                                                                    *Server's address*


Additional information concerning attempted service, etc.:

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 3)

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
      (i) is a party or a party's officer; or
      (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
   (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
   *(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   *(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
   *(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      (i) fails to allow a reasonable time to comply;
      (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
      (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      (iv) subjects a person to undue burden.
   *(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      (i) disclosing a trade secret or other confidential research, development, or commercial information; or

      (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   *(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   *(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   *(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   *(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   *(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
   *(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      (i) expressly make the claim; and
      (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   *(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| Hudson 1701/1706, LLC, *et al.*,[1] | Case No. 25-11853 (KBO) |
| Debtors. | (Joint Administration Requested) |

**DEBTORS' FIRST SET OF REQUESTS FOR THE**
**PRODUCTION OF DOCUMENTS DIRECTED TO ALBERTO SMEKE SABA**

Hudson 1701/1706, LLC and Hudson 1702, LLC (together, the "**Debtors**"), by and through proposed counsel, DLA Piper LLP (US), hereby propound upon Alberto Smeke Saba, pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure, the following requests for production (the "**Requests**"), to be answered or responded to in writing. These Requests shall be deemed continuing and, if Alberto Smeke Saba, or his counsel discovers additional documents responsive to these Requests after the responses thereto are first made, supplemental or amending productions must be promptly made.

**INSTRUCTIONS**

1.     All information is to be divulged that is in your possession, custody or control or that of your attorneys, investigators, agents or other representatives. In answering, you must furnish all information and documents available.

2.     If you cannot respond to a document request in full and you have exercised thorough diligence in an attempt to secure the document(s) requested, then you must so state. You must also explain to the fullest extent possible the specific facts concerning your inability to

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are Hudson 1701/1706, LLC (0281) and Hudson 1702, LLC (0190). The Debtors' headquarters and the mailing address for the Debtors is 11440 San Vicente Boulevard, 2nd Floor, Los Angeles, CA 90045.

2

respond to the document request and supply whatever information or knowledge you have concerning any document request to which you fail to respond.

3. If you contend that any document requested is privileged, in whole or in part, or if you object to any document request, in whole or in part, state the reasons for such objections and identify each person having knowledge of the factual basis, if any, on which the privilege is asserted.

4. Where an individual document request calls for a document or a set of documents that would be voluminous or which would involve more than one part, the documents should be produced in an organized manner so that each document is understandable.

5. These document requests are intended as continuing document requests. If you, your agents, attorneys, or other representatives acquire or become aware of other documents responsive to any of these document requests following the service of your original responses thereto, you are required to supplement your responses accordingly.

6. As used herein, all singular terms, unless specified otherwise, shall include the plural, and all plural terms shall include the singular.

7. Unless otherwise specified, the relevant time period for which the document requests are made is March 14, 2022 through the present.

## **DEFINITIONS**

1. As used herein, the terms "and" and "or" shall be construed either disjunctively or conjunctively, in order to bring within the scope of these interrogatories any information which might otherwise be considered to be beyond their scope.

2. As used herein, the term "Agreements" shall mean all contracts, agreements, leases, construction contracts, service and maintenance agreements, supply agreements, license

3

agreements, utility agreements, warranties, guaranties, understandings and arrangements entered into between either Debtor and any entity, including any property management contracts, leases, etc., and any amendments or modifications thereto.

3.       As used herein, the term "Document" is synonymous in meaning and equal in scope to the use of the term Document in the Federal Rules of Civil Procedures 34(a). As used herein, "Documents" also means all physical or electronic things of any kind Communicating thoughts, impressions, or ideas in whatever form, including the originals and all non-identical copies and drafts, whether different from the originals by reason of any notations made on such copies or otherwise, and including, but not limited to, correspondence, memoranda, notes, diaries, calendars, statistics, letters, telegrams, minutes, financial records, accounts, ledgers, agreements, records of receipts and expenditures, budgets, appraisals, projections, contracts, reports, studies, checks, wire transfers, statements, receipts, returns, summaries, pamphlets, books, prospectuses, interoffice and intra-office Communications, offers, notations or any sort of conversations or telephone calls or meetings or other Communications, bulletins, policies, printed matter, computer printouts, teletypes, telefaxes, invoices, electronic files and all drafts, alterations, modifications, changes, and amendments of any kind (including, without limitation, photographs, charts, graphs, microfiche, microfilm, videotape, records, motion pictures) and electronic, mechanical or electric records or representations of any kind (including, without limitation, tapes, cassettes, disks, and recordings).

4.       The terms "Communication" and "Communications" are used in the broadest sense possible under the Federal Rules of Civil Procedure, including Rule 34, and include, without limitation, any internal and/or external discussion, conversation, conference, meeting or exchange of hard copy or electronic Documents between or among Persons, whether in Person, by telephone,

in writing, electronically or otherwise, as well as any Document which records, reflects and/or pertains to any such Communication, including, without limitation, letters, telegrams, telexes, facsimiles, message slips, personal calendars, personal notes, memoranda, messages made through any instant messaging service or application, including WhatsApp and Microsoft Teams, social media service or application, smartphone text message service or application, including Apple iMessage, or any other internet-based technology service or application, and/or sound recordings and transcripts thereof.

5.      As used herein, the terms "relating to," "in connection with," and "with respect to" shall mean concerning, evidencing, referring to, arising from, connection with, commenting on, responding to, showing, describing, analyzing, reflecting, regarding, or constituting.

6.      "Identify" as used herein with respect to an "account" or "accounts" shall be read to require a statement of all of the following information relative to such account: (a) the name and number of each account into which any rent payments, including SRO rent payments, have been deposited; (b) the name and address of the financial institution at which each such account is maintained; (c) the name(s) of all authorized signatories or persons with access to each such account; (d) the dates and amounts of all SRO rent payments deposited into each account; (e) the source (i.e., tenant name and unit number) of each such payment; (f) the current balance of each such account; and (g) the identification of all Documents, statements, ledgers, or other records reflecting or evidencing such deposits and account activity for the relevant period.

7.      As used herein, the term "Pledgor" or "CSC" shall mean CSC Hudson, LLC.

8.      As used herein, the term "Debtors" shall mean Hudson 1701/1706, LLC and Hudson 1702, LLC.

9.       As used herein, the term "Prepetition Lender" or "Parkview" shall mean Parkview Financial REIT, LP.

10.       As used herein, the term "SRO" shall mean single-room-occupancy.

11.       As used herein, the term "Property" shall mean the leasehold estates in certain real properties located in the 353 West 57th Street Condominium.

12.       The terms "you" or "your" mean Alberto Smeke Saba.

13.       As used herein, the term "MGE" shall mean MG Engineering D.P.C., a full-service engineering firm engaged by CSC to perform work on the Property and provide technical drawings regarding the Property's development.

## REQUEST FOR PRODUCTION OF DOCUMENTS

**REQUEST NO. 1**.    Provide all books and records of Pledgor and Debtors, including those pertaining to the SRO Tenants.

**REQUEST NO. 2.**    Provide all financial statements (whether audited or unaudited), income statements, balance sheets, federal and state tax returns, and other financial Documents of the Debtors.

**REQUEST NO. 3**.    Provide the Debtors with access to all bank accounts in the Debtors' names[, take all steps to cause the Debtors' current management to be signatory on all such bank accounts, and provide all related Documents.]

**REQUEST NO. 4**.    Provide all Federal, state and local governmental permits, licenses, approvals and consents and related Documents in connection with the Debtors' operations and the Property.

**REQUEST NO. 5**.    Provide possession of all servers and passwords to email and other accounts owned or controlled by either the Debtors or CSC.

6

**REQUEST NO. 6**.    Provide all Agreements to which CSC or Debtors are a party, and any other material Documents and Communications relating to such Agreements, including any notices of claims, demands or defaults.

**REQUEST NO. 7**.    Identify which banks account(s) that SRO rents are paid into, and provide an accounting of all rents paid since July 25, 2025.

**REQUEST NO. 8**.    Provide the Debtors with copies of all books and accounts of the Debtors and other records for the Property and the improvements thereon.

**REQUEST NO. 9**.    Provide a list of all of the current SRO Tenants, their contact information, and copies of all leases and other related Documents.

**REQUEST NO. 10**.    Provide documentation evidencing, or written approval from, CSC authorizing the release of all documents, including but not limited to RFIs, submittals, and schedules, currently withheld by MGE in connection with the Debtors' operations and the Property, as required under the settlement agreement.

*[Remainder of page intentionally left blank]*

Dated: October [30], 2025
Wilmington, Delaware

Respectfully submitted,

**DLA PIPER LLP (US)**

  /s/ DRAFT
Stuart M. Brown (DE 4050)
1201 North Market Street, Suite 2100
Wilmington, Delaware 19801
Telephone: (302) 468-5700
Facsimile: (302) 394-2341
Email: stuart.brown@us.dlapiper.com

-and-

David M. Riley (admitted *pro hac vice*)
Neal Kronley (admitted *pro hac vice*)
1251 Avenue of the Americas
New York, New York 10020
Telephone: (212) 335-4500
Facsimile: (212-335-4501
Email: david.riley@us.dlapiper.com
          neal.kronley@us.dlapiper.com

*Proposed Special Counsel to the Debtors*

8

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

District of  Delaware
_____

In re  Hudson 1701/1706, LLC
_____

**Debtor**

*(Complete if issued in an adversary proceeding)*

_____

**Plaintiff**

v.

_____

**Defendant**

Case No.  25-11853 (KBO)

Chapter  11

Adv. Proc. No.  _____

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To:  CSC Hudson, LLC
_____

*(Name of person to whom the subpoena is directed)*

[X] *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

| PLACE    DLA Piper LLP (US), Attn: Stuart M. Brown<br>1201 North Market Street, Suite 2100<br>Wilmington, Delaware 19801 | DATE AND TIME |
|---|---|

[ ] *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|

---

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  10/28/2025

CLERK OF COURT

OR

_____          _____
*Signature of Clerk or Deputy Clerk*                   *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)* _____ ,  who issues or requests this subpoena, are:

---

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____
_____
_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____
_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the
witness the fees for one day's attendance, and the mileage allowed by law, in the amount of  $ _____ .

 My fees are $ _____ for travel and $_____ for services, for a total of $_____ .


        I declare under penalty of perjury that this information is true and correct.

Date:  _____

                                                    _____
                                                                *Server's signature*

                                                    _____
                                                                *Printed name and title*

                                                    _____
                                                                *Server's address*


Additional information concerning attempted service, etc.:

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person

(i) is a party or a party's officer; or

(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:

(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*

*(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

*(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*

*(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

*(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

*(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

*(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

*(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

*(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

*(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*

*(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

*(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

…

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| Hudson 1701/1706, LLC, *et al.*,[1] | Case No. 25-11853 (KBO) |
| Debtors. | (Joint Administration Requested) |

**DEBTORS' FIRST SET OF REQUESTS FOR THE**
**PRODUCTION OF DOCUMENTS DIRECTED TO CSC HUDSON, LLC**

Hudson 1701/1706, LLC and Hudson 1702, LLC (together, the "**Debtors**"), by and through proposed counsel, DLA Piper LLP (US), hereby propound upon CSC Hudson, LLC, pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure, the following requests for production (the "**Requests**"), to be answered or responded to in writing. These Requests shall be deemed continuing and, if CSC Hudson, LLC, or its counsel discovers additional documents responsive to these Requests after the responses thereto are first made, supplemental or amending productions must be promptly made.

## INSTRUCTIONS

1.      All information is to be divulged that is in your possession, custody or control or that of your attorneys, investigators, agents or other representatives. In answering, you must furnish all information and documents available.

2.      If you cannot respond to a document request in full and you have exercised thorough diligence in an attempt to secure the document(s) requested, then you must so state. You must also explain to the fullest extent possible the specific facts concerning your inability to

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are Hudson 1701/1706, LLC (0281) and Hudson 1702, LLC (0190). The Debtors' headquarters and the mailing address for the Debtors is 11440 San Vicente Boulevard, 2nd Floor, Los Angeles, CA 90045.

1625388160.2

respond to the document request and supply whatever information or knowledge you have concerning any document request to which you fail to respond.

3.      If you contend that any document requested is privileged, in whole or in part, or if you object to any document request, in whole or in part, state the reasons for such objections and identify each person having knowledge of the factual basis, if any, on which the privilege is asserted.

4.      Where an individual document request calls for a document or a set of documents that would be voluminous or which would involve more than one part, the documents should be produced in an organized manner so that each document is understandable.

5.      These document requests are intended as continuing document requests.  If you, your agents, attorneys, or other representatives acquire or become aware of other documents responsive to any of these document requests following the service of your original responses thereto, you are required to supplement your responses accordingly.

6.      As used herein, all singular terms, unless specified otherwise, shall include the plural, and all plural terms shall include the singular.

7.      Unless otherwise specified, the relevant time period for which the document requests are made is March 14, 2022 through the present.

## **DEFINITIONS**

1.      As used herein, the terms "and" and "or" shall be construed either disjunctively or conjunctively, in order to bring within the scope of these interrogatories any information which might otherwise be considered to be beyond their scope.

2.      As used herein, the term "Agreements" shall mean all contracts, agreements, leases, construction contracts, service and maintenance agreements, supply agreements, license

agreements, utility agreements, warranties, guaranties, understandings and arrangements entered into between either Debtor and any entity, including any property management contracts, leases, etc., and any amendments or modifications thereto.

3.      As used herein, the term "Document" is synonymous in meaning and equal in scope to the use of the term Document in the Federal Rules of Civil Procedures 34(a).  As used herein, "Documents" also means all physical or electronic things of any kind Communicating thoughts, impressions, or ideas in whatever form, including the originals and all non-identical copies and drafts, whether different from the originals by reason of any notations made on such copies or otherwise, and including, but not limited to, correspondence, memoranda, notes, diaries, calendars, statistics, letters, telegrams, minutes, financial records, accounts, ledgers, agreements, records of receipts and expenditures, budgets, appraisals, projections, contracts, reports, studies, checks, wire transfers, statements, receipts, returns, summaries, pamphlets, books, prospectuses, interoffice and intra-office Communications, offers, notations or any sort of conversations or telephone calls or meetings or other Communications, bulletins, policies, printed matter, computer printouts, teletypes, telefaxes, invoices, electronic files and all drafts, alterations, modifications, changes, and amendments of any kind (including, without limitation, photographs, charts, graphs, microfiche, microfilm, videotape, records, motion pictures) and electronic, mechanical or electric records or representations of any kind (including, without limitation, tapes, cassettes, disks, and recordings).

4.      The terms "Communication" and "Communications" are used in the broadest sense possible under the Federal Rules of Civil Procedure, including Rule 34, and include, without limitation, any internal and/or external discussion, conversation, conference, meeting or exchange of hard copy or electronic Documents between or among Persons, whether in Person, by telephone,

in writing, electronically or otherwise, as well as any Document which records, reflects and/or pertains to any such Communication, including, without limitation, letters, telegrams, telexes, facsimiles, message slips, personal calendars, personal notes, memoranda, messages made through any instant messaging service or application, including WhatsApp and Microsoft Teams, social media service or application, smartphone text message service or application, including Apple iMessage, or any other internet-based technology service or application, and/or sound recordings and transcripts thereof.

5. As used herein, the terms "relating to," "in connection with," and "with respect to" shall mean concerning, evidencing, referring to, arising from, connection with, commenting on, responding to, showing, describing, analyzing, reflecting, regarding, or constituting.

6. "Identify" as used herein with respect to an "account" or "accounts" shall be read to require a statement of all of the following information relative to such account: (a) the name and number of each account into which any rent payments, including SRO rent payments, have been deposited; (b) the name and address of the financial institution at which each such account is maintained; (c) the name(s) of all authorized signatories or persons with access to each such account; (d) the dates and amounts of all SRO rent payments deposited into each account; (e) the source (i.e., tenant name and unit number) of each such payment; (f) the current balance of each such account; and (g) the identification of all Documents, statements, ledgers, or other records reflecting or evidencing such deposits and account activity for the relevant period.

7. As used herein, the term "Pledgor" or "CSC" shall mean CSC Hudson, LLC.

8. As used herein, the term "Debtors" shall mean Hudson 1701/1706, LLC and Hudson 1702, LLC.

9.      As used herein, the term "Prepetition Lender" or "Parkview" shall mean Parkview Financial REIT, LP.

10.      As used herein, the term "SRO" shall mean single-room-occupancy.

11.      As used herein, the term "Property" shall mean the leasehold estates in certain real properties located in the 353 West 57th Street Condominium.

12.      The terms "you" or "your" mean CSC Hudson, LLC.

13.      As used herein, the term "MGE" shall mean MG Engineering D.P.C., a full-service engineering firm engaged by CSC to perform work on the Property and provide technical drawings regarding the Property's development.

## REQUEST FOR PRODUCTION OF DOCUMENTS

**REQUEST NO. 1**.      Provide all books and records of Pledgor and Debtors, including those pertaining to the SRO Tenants.

**REQUEST NO. 2.**      Provide all financial statements (whether audited or unaudited), income statements, balance sheets, federal and state tax returns, and other financial Documents of the Debtors.

**REQUEST NO. 3**.      Provide the Debtors with access to all bank accounts in the Debtors' names[, take all steps to cause the Debtors' current management to be signatory on all such bank accounts, and provide all related Documents.]

**REQUEST NO. 4**.      Provide all Federal, state and local governmental permits, licenses, approvals and consents and related Documents in connection with the Debtors' operations and the Property.

**REQUEST NO. 5**.      Provide possession of all servers and passwords to email and other accounts owned or controlled by either the Debtors or CSC.

6

**REQUEST NO. 6**.    Provide all Agreements to which CSC or Debtors are a party, and any other material Documents and Communications relating to such Agreements, including any notices of claims, demands or defaults.

**REQUEST NO. 7**.    Identify which banks account(s) that SRO rents are paid into, and provide an accounting of all rents paid since July 25, 2025.

**REQUEST NO. 8**.    Provide the Debtors with copies of all books and accounts of the Debtors and other records for the Property and the improvements thereon.

**REQUEST NO. 9**.    Provide a list of all of the current SRO Tenants, their contact information, and copies of all leases and other related Documents.

**REQUEST NO. 10**.    Provide documentation evidencing, or written approval from, CSC authorizing the release of all documents, including but not limited to RFIs, submittals, and schedules, currently withheld by MGE in connection with the Debtors' operations and the Property, as required under the settlement agreement.

*[Remainder of page intentionally left blank]*

7

Dated: [●], 2025                    Respectfully submitted,
Wilmington, Delaware

**DLA PIPER LLP (US)**

 /s/ DRAFT
Stuart M. Brown (DE 4050)
1201 North Market Street, Suite 2100
Wilmington, Delaware 19801
Telephone: (302) 468-5700
Facsimile: (302) 394-2341
Email: stuart.brown@us.dlapiper.com

-and-

David M. Riley (admitted *pro hac vice*)
Neal Kronley (admitted *pro hac vice*)
1251 Avenue of the Americas
New York, New York 10020
Telephone: (212) 335-4500
Facsimile: (212-335-4501
Email: david.riley@us.dlapiper.com
            neal.kronley@us.dlapiper.com

*Proposed Special Counsel to the Debtors*

1625388160.2

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

District of  Delaware

In re  Hudson 1701/1706, LLC

Debtor

*(Complete if issued in an adversary proceeding)*

_____

Plaintiff

v.

_____

Defendant

Case No. 25-11853 (KBO)

Chapter 11

Adv. Proc. No. _____

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To:  Salomon Smeke Saba

*(Name of person to whom the subpoena is directed)*

[X] *Production*:  **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

| PLACE | DATE AND TIME |
|---|---|
| DLA Piper LLP (US), Attn: Stuart M. Brown<br>1201 North Market Street, Suite 2100<br>Wilmington, Delaware 19801 | |

[ ] *Inspection of Premises*:  **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  10/28/2025

CLERK OF COURT

OR

_____    _____
*Signature of Clerk or Deputy Clerk*           *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)*
_____ ,  who issues or requests this subpoena, are:

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 2)

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____
_____
_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____
_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
Server's signature

_____
Printed name and title

_____
Server's address

Additional information concerning attempted service, etc.:

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person

(i) is a party or a party's officer; or

(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:

(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*

*(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

*(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*

*(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

*(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

*(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

*(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

*(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

*(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

*(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*

*(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

*(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

…

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| Hudson 1701/1706, LLC, *et al.*,[1] | Case No. 25-11853 (KBO) |
| Debtors. | (Joint Administration Requested) |

**DEBTORS' FIRST SET OF REQUESTS FOR THE
PRODUCTION OF DOCUMENTS DIRECTED TO SALOMON SMEKE SABA**

Hudson 1701/1706, LLC and Hudson 1702, LLC (together, the "**Debtors**"), by and through proposed counsel, DLA Piper LLP (US), hereby propound upon Salomon Smeke Saba, pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure, the following requests for production (the "**Requests**"), to be answered or responded to in writing. These Requests shall be deemed continuing and, if Salomon Smeke Saba, or his counsel discovers additional documents responsive to these Requests after the responses thereto are first made, supplemental or amending productions must be promptly made.

**INSTRUCTIONS**

1.      All information is to be divulged that is in your possession, custody or control or that of your attorneys, investigators, agents or other representatives. In answering, you must furnish all information and documents available.

2.      If you cannot respond to a document request in full and you have exercised thorough diligence in an attempt to secure the document(s) requested, then you must so state. You must also explain to the fullest extent possible the specific facts concerning your inability to

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are Hudson 1701/1706, LLC (0281) and Hudson 1702, LLC (0190). The Debtors' headquarters and the mailing address for the Debtors is 11440 San Vicente Boulevard, 2nd Floor, Los Angeles, CA 90045.

respond to the document request and supply whatever information or knowledge you have concerning any document request to which you fail to respond.

3.      If you contend that any document requested is privileged, in whole or in part, or if you object to any document request, in whole or in part, state the reasons for such objections and identify each person having knowledge of the factual basis, if any, on which the privilege is asserted.

4.      Where an individual document request calls for a document or a set of documents that would be voluminous or which would involve more than one part, the documents should be produced in an organized manner so that each document is understandable.

5.      These document requests are intended as continuing document requests.  If you, your agents, attorneys, or other representatives acquire or become aware of other documents responsive to any of these document requests following the service of your original responses thereto, you are required to supplement your responses accordingly.

6.      As used herein, all singular terms, unless specified otherwise, shall include the plural, and all plural terms shall include the singular.

7.      Unless otherwise specified, the relevant time period for which the document requests are made is March 14, 2022 through the present.

## DEFINITIONS

1.      As used herein, the terms "and" and "or" shall be construed either disjunctively or conjunctively, in order to bring within the scope of these interrogatories any information which might otherwise be considered to be beyond their scope.

2.      As used herein, the term "Agreements" shall mean all contracts, agreements, leases, construction contracts, service and maintenance agreements, supply agreements, license

agreements, utility agreements, warranties, guaranties, understandings and arrangements entered into between either Debtor and any entity, including any property management contracts, leases, etc., and any amendments or modifications thereto.

3.      As used herein, the term "Document" is synonymous in meaning and equal in scope to the use of the term Document in the Federal Rules of Civil Procedures 34(a).  As used herein, "Documents" also means all physical or electronic things of any kind Communicating thoughts, impressions, or ideas in whatever form, including the originals and all non-identical copies and drafts, whether different from the originals by reason of any notations made on such copies or otherwise, and including, but not limited to, correspondence, memoranda, notes, diaries, calendars, statistics, letters, telegrams, minutes, financial records, accounts, ledgers, agreements, records of receipts and expenditures, budgets, appraisals, projections, contracts, reports, studies, checks, wire transfers, statements, receipts, returns, summaries, pamphlets, books, prospectuses, interoffice and intra-office Communications, offers, notations or any sort of conversations or telephone calls or meetings or other Communications, bulletins, policies, printed matter, computer printouts, teletypes, telefaxes, invoices, electronic files and all drafts, alterations, modifications, changes, and amendments of any kind (including, without limitation, photographs, charts, graphs, microfiche, microfilm, videotape, records, motion pictures) and electronic, mechanical or electric records or representations of any kind (including, without limitation, tapes, cassettes, disks, and recordings).

4.      The terms "Communication" and "Communications" are used in the broadest sense possible under the Federal Rules of Civil Procedure, including Rule 34, and include, without limitation, any internal and/or external discussion, conversation, conference, meeting or exchange of hard copy or electronic Documents between or among Persons, whether in Person, by telephone,

in writing, electronically or otherwise, as well as any Document which records, reflects and/or pertains to any such Communication, including, without limitation, letters, telegrams, telexes, facsimiles, message slips, personal calendars, personal notes, memoranda, messages made through any instant messaging service or application, including WhatsApp and Microsoft Teams, social media service or application, smartphone text message service or application, including Apple iMessage, or any other internet-based technology service or application, and/or sound recordings and transcripts thereof.

5.      As used herein, the terms "relating to," "in connection with," and "with respect to" shall mean concerning, evidencing, referring to, arising from, connection with, commenting on, responding to, showing, describing, analyzing, reflecting, regarding, or constituting.

6.      "Identify" as used herein with respect to an "account" or "accounts" shall be read to require a statement of all of the following information relative to such account: (a) the name and number of each account into which any rent payments, including SRO rent payments, have been deposited; (b) the name and address of the financial institution at which each such account is maintained; (c) the name(s) of all authorized signatories or persons with access to each such account; (d) the dates and amounts of all SRO rent payments deposited into each account; (e) the source (i.e., tenant name and unit number) of each such payment; (f) the current balance of each such account; and (g) the identification of all Documents, statements, ledgers, or other records reflecting or evidencing such deposits and account activity for the relevant period.

7.      As used herein, the term "Pledgor" or "CSC" shall mean CSC Hudson, LLC.

8.      As used herein, the term "Debtors" shall mean Hudson 1701/1706, LLC and Hudson 1702, LLC.

9.      As used herein, the term "Prepetition Lender" or "Parkview" shall mean Parkview Financial REIT, LP.

10.     As used herein, the term "SRO" shall mean single-room-occupancy.

11.     As used herein, the term "Property" shall mean the leasehold estates in certain real properties located in the 353 West 57th Street Condominium.

12.     The terms "you" or "your" mean Salomon Smeke Saba.

13.     As used herein, the term "MGE" shall mean MG Engineering D.P.C., a full-service engineering firm engaged by CSC to perform work on the Property and provide technical drawings regarding the Property's development.

## REQUEST FOR PRODUCTION OF DOCUMENTS

**REQUEST NO. 1**.    Provide all books and records of Pledgor and Debtors, including those pertaining to the SRO Tenants.

**REQUEST NO. 2.**    Provide all financial statements (whether audited or unaudited), income statements, balance sheets, federal and state tax returns, and other financial Documents of the Debtors.

**REQUEST NO. 3**.    Provide the Debtors with access to all bank accounts in the Debtors' names[, take all steps to cause the Debtors' current management to be signatory on all such bank accounts, and provide all related Documents.]

**REQUEST NO. 4**.    Provide all Federal, state and local governmental permits, licenses, approvals and consents and related Documents in connection with the Debtors' operations and the Property.

**REQUEST NO. 5**.    Provide possession of all servers and passwords to email and other accounts owned or controlled by either the Debtors or CSC.

**REQUEST NO. 6**.    Provide all Agreements to which CSC or the Debtors are party, and any other material Documents and Communications relating to such Agreements, including any notices of claims, demands or defaults.

**REQUEST NO. 7**.    Identify which banks account(s) that SRO rents are paid into, and provide an accounting of all rents paid since July 25, 2025.

**REQUEST NO. 8**.    Provide the Debtors with copies of all books and accounts of the Debtors and other records for the Property and the improvements thereon.

**REQUEST NO. 9**.    Provide a list of all of the current SRO Tenants, their contact information, and copies of all leases and other related Documents.

**REQUEST NO. 10**.    Provide documentation evidencing, or written approval from, CSC authorizing the release of all documents, including but not limited to RFIs, submittals, and schedules, currently withheld by MGE in connection with the Debtors' operations and the Property, as required under the settlement agreement.

*[Remainder of page intentionally left blank]*

Dated: October [30], 2025
Wilmington, Delaware

Respectfully submitted,

**DLA PIPER LLP (US)**

 _/s/ DRAFT_
Stuart M. Brown (DE 4050)
1201 North Market Street, Suite 2100
Wilmington, Delaware 19801
Telephone: (302) 468-5700
Facsimile: (302) 394-2341
Email: stuart.brown@us.dlapiper.com

-and-

David M. Riley (admitted *pro hac vice*)
Neal Kronley (admitted *pro hac vice*)
1251 Avenue of the Americas
New York, New York 10020
Telephone: (212) 335-4500
Facsimile: (212-335-4501
Email: david.riley@us.dlapiper.com
             neal.kronley@us.dlapiper.com

*Proposed Special Counsel to the Debtors*