## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| Hudson 1701/1706, LLC, *et al.*,[1] | Case No. 25-11853 (KBO) |
| Debtors. | (Joint Administration Requested) |

### DEBTORS' MOTION FOR
### AN ORDER SHORTENING NOTICE AND
### OBJECTION PERIODS IN CONNECTION WITH THE
### EMERGENCY MOTION OF THE DEBTORS FOR ENTRY OF AN ORDER
### AUTHORIZING THE DEBTORS TO CONDUCT RULE 2004 EXAMINATIONS

Hudson 1701/1706, LLC and Hudson 1702, LLC (together, the **"Debtors"**), by and through their proposed counsel, DLA Piper LLP (US), hereby submit this motion (this "**Motion to Shorten**") for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "**Proposed Order**"), shortening the notice and objection periods in connection with the *Emergency Motion of the Debtors for Entry of an Order Authorizing the Debtors to Conduct Rule 2004 Examinations* (the "**2004 Motion**").[2]  In support of this Motion to Shorten, the Debtors respectfully state as follows:

### JURISDICTION AND VENUE

1.      The United States Bankruptcy Court for the District of Delaware (the "**Court**") has jurisdiction over this chapter 11 case (the "**Chapter 11 Case**"), the Debtors, property of the Debtors' estates, and this matter under 28 U.S.C. §§ 157 and 1334 and the *Amended Standing*

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are Hudson 1701/1706, LLC (0281) and Hudson 1702, LLC (0190). The Debtors' headquarters and the mailing address for the Debtors is 11440 San Vicente Boulevard, 2nd Floor, Los Angeles, CA 90045.

[2] Capitalized terms used but not defined in this Motion have the meaning given to them in the 2004 Motion.

*Order of Reference* from the United States District Court for the District of Delaware, dated as of February 29, 2012.  This is a core proceeding within the meaning of 28 U.S.C. § 157(b).

2.      The Debtors consent to the entry of a final judgment or order with respect to this Motion if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with article III of the United States Constitution

3.      Venue of this Chapter 11 Case in this District is proper under 28 U.S.C. §§ 1408 and 1409.

4.      The statutory bases for relief requested in this Motion to Shorten are section 105 of title 11 of the United States Code (the "**Bankruptcy Code**"), Rules 2002, 9006, and 9007 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Local Rules 2002-1 and 9006-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**").

## BACKGROUND

5.      On October 30, 2025, the Debtor filed the 2004 Motion which seeks authorization for the Debtors to demand and compel by way of subpoenas the Books and Records of the Debtors from the parties identified in the Subpoenas attached to the 2004 Motion as **Exhibit D**.

## RELIEF REQUESTED

7.      By this Motion to Shorten, the Debtors requests entry of an order, substantially in the form of the Proposed Order, (a) shortening the notice and objection periods for approval of the 2004 Motion, (b) setting the hearing on the relief sought by the 2004 Motion for **November 3, 2025 at 9:00 a.m. (ET)**, or such date and time thereafter as is convenient for the Court (the "**Hearing**"), (c) requiring that any objections to the relief sought by the 2004 Motion must be filed before or made orally at the Hearing, and (d) granting related relief.

**BASIS FOR RELIEF**

8.      Pursuant to Local Rule 9006-1(e), the Court may shorten notice upon written motion "specifying the exigencies justifying shortened notice." Del. Bankr. L.R. 9006-1(e). Bankruptcy Rule 2002(m) provides that the Court may modify the noticing requirements. Fed. R. Bankr. P. 2002(m) ("The court may from time to time enter orders designating the matters in respect to which, the entity to whom, and the form and manner in which notices shall be sent except as otherwise provided by these rules."). Rule 9007 likewise grants the Court the ability to regulate notices. Fed. R. Bankr. P. 9007 ("When notice is to be given under these rules, the court shall designate, if not otherwise specified herein . . . the form and manner in which the notice shall be given.").

9.      Section 105(a) of the Bankruptcy Code further provides that the Court "may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions" of the Bankruptcy Code. 11 U.S.C. § 105(a). In exercising such discretion, the Court should "consider the prejudice to parties entitled to notice and weigh this against the reasons for hearing the motion on an expedited basis." *In re Philadelphia Newspapers, LLC*, 690 F.3d 161, 172 (3d Cir. 2012) (noting the commonness of motions to shorten "[g]iven the accelerated time frame of bankruptcy proceedings").

10.      Here, there is ample cause to grant this Motion to Shorten. As set forth in the 2004 Motion, the Debtors seek entry of an order authorizing Rule 2004 examinations and compelling the immediate production of essential documents and information necessary for the efficient and proper administration of these Chapter 11 Cases.

11.      As further described in the 2004 Motion, Debtors have been requesting books and records from the prior owners and operators of the Debtors, Alberto Smeke Saba and Salomon

Smeke Saba (the "**Smekes**") and CSC Hudson, LLC ("**CSC**") *since July 25, 2025*.  The Smekes and CSC, however, have failed to provide the requested information.  Making matters worse, counsel for the Smekes and CSC, Vedder Price, have recently continued delay tactics by feigning confusion as to who the demands were being made to.  It is apparent that the Smekes and CSC have no intention of complying with the demands for books and records absent a court order.

12.     Requiring ordinary notice of the 2004 Motion would risk undue delay and impede the Debtors' ability to identify and preserve estate property, assess ongoing operations, and ensure proper management of the estate.  Notably, the continued unavailability of the Books and Records and related information have brought development activities to a standstill, thereby inflicting substantial harm on the Debtors' estates and precluding the Debtors from conducting ongoing operations essential to preserving and maximizing estate value.  Expedited consideration of the 2004 Motion is warranted to protect the interest of the estates and all parties in interest.

13.     Pursuant to Local Rule 9006-1(e), this Court may rule on this Motion to Shorten without the need for a hearing, and accordingly, the Debtors request that this Motion to Shorten be granted without the need for a hearing.

### LOCAL RULE 9006-1(e) CERTIFICATION

14.     Pursuant to Local Rule 9006-1(e), the Debtors have made reasonable efforts to procure support for the relief sought in this Motion to Shorten from the Office of the United States Trustee for Region 3 (the "**U.S. Trustee**").  The U.S. Trustee has taken no position on the motion to shorten.

### RESERVATION OF RIGHTS

15.     The Debtors expressly reserve, and do not waive, relinquish, diminish, impair, or otherwise prejudice, any and all rights, claims, demands, causes of action, counterclaims, cross-

claims, third-party claims, offsets, defenses, affirmative defenses, remedies, privileges, protections, and entitlements of whatever kind or nature—whether legal, equitable, contractual, statutory, common-law, or otherwise, whether now known or hereafter discovered, and whether arising in law, equity, or otherwise—including without limitation any right to seek contribution, indemnity, subrogation, reimbursement, declaratory or injunctive relief, damages, fees, costs, interest, or any other form of relief whatsoever; and no statement, omission, argument, or position set forth in, or omitted from, the Motion—nor any act, inaction, or conduct in connection therewith—shall be construed as, or operate to effect, a waiver, release, accord and satisfaction, compromise, settlement, stipulation, election of remedies, estoppel, res judicata, collateral estoppel, or other preclusion or limitation of any such rights, all of which are hereby fully preserved to the maximum extent permitted by applicable law.

## NOTICE

16.     Notice of this motion will be provided to: (a) the U.S. Trustee; (b) counsel for the Pledgor and the Smekes; and (c) any party that has requested notice pursuant to Bankruptcy Rule 2002.  In light of the nature of the relief requested in this Motion, the Debtors respectfully submit that no further notice is necessary.

*[Remainder of page intentionally left blank]*

**WHEREFORE**, the Debtors respectfully request that the Court enter an order, substantially in the form of the Proposed Order attached hereto as **Exhibit A**, granting the relief requested in this Motion to Shorten, and grant such other and further relief as the Court deems just and proper.

Dated:  October 30, 2025
        Wilmington, Delaware

Respectfully submitted,

**DLA PIPER LLP (US)**

 _/s/  Stuart M. Brown_
Stuart M. Brown (DE 4050)
1201 North Market Street, Suite 2100
Wilmington, Delaware 19801
Telephone: (302) 468-5700
Facsimile: (302) 394-2341
Email: stuart.brown@us.dlapiper.com

-and-

David M. Riley (admitted *pro hac vice*)
Neal Kronley (admitted *pro hac vice*)
1251 Avenue of the Americas
New York, New York 10020
Telephone: (212) 335-4500
Facsimile: (212-335-4501
Email: david.riley@us.dlapiper.com
         neal.kronley@us.dlapiper.com

*Proposed Special Counsel to the Debtor*