# EXHIBIT A

**Proposed Order**

1625539371

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| Hudson 1701/1706, LLC, *et al.*,[1] | Case No. 25-11853 (KBO) |
| Debtors. | (Jointly Administered) |
| | **Related D.I.: [__]** |

**ORDER (I) AUTHORIZING THE DEBTORS
TO RETAIN AND EMPLOY DLA PIPER LLP (US) AS SPECIAL COUNSEL,
EFFECTIVE AS OF THE PETITION DATE AND (II) GRANTING RELATED RELIEF**

Upon the *Application of the Debtors for Entry of an Order (I) Authorizing the Debtors to Retain and Employ DLA Piper LLP (US) as Special Counsel, Effective as of the Petition Date and (II) Granting Related Relief* [D.I. __] (the "Application"),[2] filed by the above-captioned debtors (together, the "Debtors") for entry of an order (this "Order"), (i) authorizing the Debtors to retain and employ DLA Piper LLP (US) ("DLA Piper") as special counsel, effective as of the Petition Date, and (ii) granting related relief, all as further described in the Application; and upon consideration of the First Day Declaration, the Brown Declaration, and the Tantleff Declaration; and this Court having jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court having found this is a core proceeding under 28 U.S.C. § 157(b)(2)(A); and this Court having found that this Court may enter a final order consistent with article III of the United States Constitution; and this Court having found that venue of this proceeding and the Application in this district is proper under 28 U.S.C. §§ 1408 and 1409;

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are Hudson 1701/1706, LLC (0281) and Hudson 1702, LLC (0190). The Debtors' mailing address is c/o FTI Consulting, Inc. Attn: Alan Tantleff, 1166 Avenue of the Americas, 15th Floor, New York, NY 10036.

[2] Capitalized terms not otherwise defined in this Order have the meaning given to them in the Application.

1625539371

and this Court having found the Debtors' notice of the Application and opportunity for a hearing were adequate and appropriate under the circumstances and no other or further notice need be provided; and this Court having reviewed the Application and having heard the statements in support of the requested relief in the Application at any hearing before this Court, and finding that DLA Piper holds no interest adverse to the Debtors or their estates as required by section 327(e) and 1107(b) of the Bankruptcy Code with respect to the matters for which DLA Piper is to be retained; and the Court having determined that the legal and factual bases set forth in the Application, the First Day Declaration, the Brown Declaration, the Tantleff Declaration and any hearing on the Application, establish just cause for the relief granted in this Order; and the Court having found and determined that the relief sought in the Application is in the best interests of the Debtors' estates, their creditors and other parties in interest; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Application is GRANTED as set forth in this Order.

2. The Debtors are authorized to retain and employ DLA Piper as their special counsel in these Chapter 11 Cases, under section 327(e) and 1107(b) of the Bankruptcy Code, Bankruptcy Rule 2014 and Local Rule 2014-1, on the terms and conditions set forth in the Application, effective as of the Petition Date.

3. DLA Piper is authorized to render the following professional services:

    (a) representing the Debtors in connection with real estate matters;

    (b) representing the Debtors in connection with corporate and strategic matters that may arise during these Chapter 11 Cases;

    (c) representing the Debtors in connection with any and all financing matters, including debtor in possession financing and cash collateral matters, including negotiation, documentation, and implementation of DIP financing arrangements;

  (d)  representing the Debtors in connection with plan formulation, negotiation, and confirmation matters; and

  (e)  due to DLA Piper's historic representation of the Debtors, including certain investigations respecting prepetition contracts and services obtained by the Debtors from third parties, representing the Debtors in investigation and litigation matters arising in or related to these Chapter 11 Cases.

  4.  DLA Piper shall apply for and may be compensated for its services and reimbursed for any related expenses in accordance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and any other applicable orders or procedures of this Court. DLA Piper shall make reasonable efforts to comply with the U.S. Trustee's request for information and additional disclosures as set forth in the *U.S. Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement Filed Under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases,* effective November 1, 2013, in connection with the Application and any interim and/or final fee application(s) to be filed by DLA Piper in these Chapter 11 Cases.

  5.  To the extent that this Order is inconsistent with the Application or the Engagement Letter, the terms of this Order shall govern.

  6.  Notice of the Application as described therein was good and sufficient notice of the Application and the requirements of Bankruptcy Rule 6004(a), if applicable, and the Local Rules are satisfied by such notice.

  7.  The Debtors and DLA Piper are hereby authorized to take all actions necessary to effectuate the relief granted in this Order.

  8.  The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

1625539371

9. This Court retains exclusive jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.