## EXHIBIT B

**Brown Declaration**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| Hudson 1701/1706, LLC, *et al.*,[1] | Case No. 25-11853 (KBO) |
| Debtors. | (Jointly Administered) |

## DECLARATION OF STUART M. BROWN

Under Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>") and Rule 2014-1(a) of the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "<u>Local Rules</u>"), I, Stuart M. Brown, declare that the following is true to the best of my knowledge, information and belief:

1.      I am an attorney at law admitted and in good standing to practice in the states of Delaware and New Jersey, and the Commonwealth of Pennsylvania.

2.      I am a partner in the law firm DLA Piper LLP (US) ("<u>DLA Piper</u>" or the "<u>Firm</u>"), located at, among other locations, 1201 North Market Street, Suite 2100, Wilmington, Delaware 19801, and am duly authorized to make this declaration on behalf of DLA Piper (this "<u>Declaration</u>").  I make this Declaration in support of the *Application of the Debtors for Entry of an Order (I) Authorizing the Debtors to Retain and Employ DLA Piper LLP (US) as Special Counsel, Effective as of the Petition Date and (II) Granting Related Relief* (the "<u>Application</u>").[2] The facts set forth in this Declaration are based upon my personal knowledge, discussions with other DLA Piper attorneys and staff and the Firm's client/matter records that were reviewed by

---

[1]      The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are Hudson 1701/1706, LLC (0281) and Hudson 1702, LLC (0190).  The Debtors' mailing address is c/o FTI Consulting, Inc. Attn: Alan Tantleff, 1166 Avenue of the Americas, 15th Floor, New York, NY 10036.

[2]      Capitalized terms not otherwise defined in this Declaration have the meaning given to them in the Application.

me or other DLA Piper attorneys acting under my supervision and direction.  To the extent any information disclosed in this Declaration requires amendment or modification upon DLA Piper's completion of further review or as additional information becomes available, DLA Piper will submit a supplemental declaration to the Court reflecting such amended or modified information.

3.      DLA Piper is well-suited to serve as Debtors' special counsel in these Chapter 11 Cases.  DLA Piper, including its international affiliates, is one of the largest law firms in the world, with a national and global practice, and has substantial experience in litigation, finance, corporate, real estate, and virtually all other aspects of the law.  DLA Piper, together with its international affiliates, currently employs approximately 4,500 lawyers worldwide, approximately 1,400 of whom are in the United States.

4.      DLA Piper's restructuring group provides an array of sophisticated services to assist financially distressed businesses and their creditors in maximizing values and recoveries in a broad range of challenging circumstances.  DLA Piper's lawyers have played significant roles in many large and middle market cases as counsel and special counsel to debtors, including, among many others: *In re Azzur Group Holdings, et al.*, Case No. 25-10342 (KBO) (Bankr. D. Del. Mar. 2, 2025); *In re UpHealth Holdings, Inc., et al.*, Case No. 23-11476 (LSS) (Bankr. D. Del. Nov. 16, 2023); *In re Vesttoo Ltd., et al.*, Case No. 23-11160 (MFW) (Bankr. D. Del. Sept. 21, 2023); *In re AeroFarms, Inc., et al.*, Case No. 23-10737 (MFW) (Bankr. D. Del. July 29, 2023); *In re Fast Radius, Inc., et al.*, Case No. 22-11051 (JKS) (Bankr. D. Del. Dec. 13, 2022); *EYP Group Holdings, Inc.,* Case No. 22-10367 (MFW) (Bankr. D. Del. April 24, 2022); *Pennsylvania Real Estate Investment Trust,* Case No. 20-12737 (KBO) (Bankr. D. Del. November 1, 2021); *In re Covia Holdings Corporation, et al.,* Case No. 20-33295 (DRJ) (Bankr. S.D. Tex. Aug. 20, 2020) (special counsel); *Valeritas Holdings, Inc.,* Case No. 20-10290 (LSS) (Bankr. D. Del. February 9,

2020); *Comcar Industries, Inc.*, Case No. 20-11120 (JTD) (Bankr. D. Del. May 17, 2020); *LK Bennett U.S.A., Inc.*, Case No. 19-10760 (JTD) (Bankr. D. Del. April 3, 2019); *Celadon Group, Inc.*, Case No. 19-12606 (KBO) (Bankr. D. Del. Dec. 8, 2019); *In re New Cotai Holdings, LLC, et al.,* Case No. 19-22911 (RDD) (Bankr. S.D.N.Y. Sep. 26, 2019) (special counsel); and *Promise Healthcare Group, LLC*, Case No. 18-12491 (CSS) (Bankr. D. Del. Nov. 5, 2018); *In re ADPT DFW Holdings LLC, et al.*, Case No. 17-31432 (Bankr. N.D. Tex. July 24, 2017) (special counsel).

## **DLA PIPER'S DISCLOSURE PROCEDURES**

5.       In preparing this Declaration, I used a set of procedures (the "Firm Disclosure Procedures") developed by DLA Piper to ensure compliance with the requirements of the Bankruptcy Code, the Bankruptcy Rules and the Local Rules regarding the retention of professionals.  According to the Firm Disclosure Procedures, I caused to be performed the actions described below to identify DLA Piper's connections to parties in interest in these Chapter 11 Cases.

6.       In preparing this Declaration, I caused to be submitted for review under the Firm's regularly updated conflicts check system the names of various parties in interest in these Chapter 11 Cases (collectively, the "Interested Parties"), as received from the Debtors[3] and as known to DLA Piper by virtue of DLA Piper's prepetition work for the Debtors and Parkview.  A list of the Interested Parties is attached to this Declaration as **Schedule 1**.  The results of the conflicts check were compiled and analyzed by DLA Piper attorneys acting under my supervision.  The results of the conflicts check are set forth in **Schedule 2** attached to this Declaration.

---

[3]       DLA Piper is aware that the Debtors lack certain of their prepetition books and records and they have sought to obtain the same from multiple sources.  The list of Interested Parties searched will be updated and the review supplemented should Debtors' books and records reveal additional parties to be searched.

1625539371

## **DLA PIPER'S CONNECTIONS WITH INTERESTED PARTIES**

7.      To the best of my knowledge, based on the review procedures described above, DLA Piper does not have any "connections" to the Interested Parties, except as described in this Declaration.  While neither the term "connection," as used in Bankruptcy Rule 2014, nor the proper scope of a professional's search for a "connection" has been defined, out of an abundance of caution I am disclosing many representations that I do not understand to be disqualifying or problematic under either the Bankruptcy Code or to the extent applicable, standards of professional ethics.

8.      Neither I, nor any partner, of counsel or associate of DLA Piper, as far as I have been able to ascertain, has any connection with the Debtors, their creditors, the Debtors' professionals and accountants or any other Interested Party, except as set forth below or otherwise in this Declaration:

(a)      Attached to this Declaration as **Schedule 1** and incorporated in this Declaration by reference, is a list of Interested Parties (or their affiliates) in these Chapter 11 Cases.  **Schedule 2** attached to and incorporated in this Declaration by reference, discloses Interested Parties whom DLA Piper currently represents, has represented in the past, and may in the future represent in matters **unrelated** to the Debtors' Chapter 11 Cases.  Although DLA Piper has represented, currently represents, and may continue to represent certain entities and individuals listed on **Schedule 2** attached to this Declaration, DLA Piper will not represent any such entity or individual in these Chapter 11 Cases.  For the avoidance of doubt, DLA Piper will not commence a cause of action in these Chapter 11 Cases against the entities listed on **Schedule 2** attached to this Declaration that are current clients of DLA Piper unless DLA Piper has an applicable waiver on file or first receives a waiver from such entity allowing DLA Piper to commence such an action.  To the extent that a waiver does not exist or is not obtained from such entity and it is necessary for the Debtors to commence an action against that entity, the Debtors will be represented in such particular matter by conflicts counsel.

(b)      DLA Piper does not represent, and has not represented, any entities other than the Debtors in matters related to these Chapter 11 Cases, except as set forth below or otherwise in this Declaration.

4

(c)     DLA Piper personnel may have business associations with certain creditors of the Debtors, counsel or other professionals involved in these Chapter 11 Cases.  In the ordinary course of business, DLA Piper may engage counsel or other professionals in unrelated matters, who now represent, or in the future may represent, creditors or other interested parties in these Chapter 11 Cases.

9.      As disclosed on **Schedule 2**, DLA Piper represented the Debtors and their prepetition lender, Parkview, prior to the Petition Date.  DLA Piper assisted in the management and restructuring of the Hudson and the related leasehold interest, including negotiating loan document amendments in May 2024 and addressing mechanic lien issues up to the Petition Date.  Following the loans' maturity in November 2024, DLA Piper advised Parkview on forbearance and the exercise of remedies, culminating in scheduling and noticing a UCC sale of the pledged equity interests in the Debtors.  DLA Piper also engaged in discussions with counsel to the ground lessor regarding alleged defaults under the ground lease and proposed adjustments to the Debtors' fallback business plan.

10.     More recently, DLA Piper has executed that certain engagement letter between the Debtors and DLA Piper, dated as of October 21, 2025 (the "Engagement Letter"), a copy of which is attached to the Application as **Exhibit D**, in connection with certain services to be provided to the Debtors during the pendency of these Chapter 11 Cases, all as more fully described below.  As a result of DLA Piper's proposed representation as special counsel to the Debtors in these Chapter 11 Cases, Parkview is no longer a client of the firm in connection with these Chapter 11 Cases or the Hudson project.[4]  I do not believe that DLA Piper's current representation of Parkview in matters unrelated to the Debtors and the Hudson project precludes DLA Piper from meeting the standard for retention under section 327(e) of the Bankruptcy Code.  If DLA Piper is asked in the

---

[4]      Parkview is represented by Pachulski Stang Ziehl & Jones LLP and Hogan Lovells US LLP in these Chapter 11 Cases.

1625539371

future to represent Parkview in any matter related to the Debtors, it will undertake to create a separate team of professionals and paraprofessionals to represent Parkview in such matter (the "Side 1 team").  Further, DLA Piper will establish an ethical wall between the Side 1 team and the team representing the Debtors in these Chapter 11 Cases (the "Side 2 team"), prohibiting communication about either team's matter with the other team and electronically restricting each team's access to files and records associated with the other team's matter.

11.     Given the number of attorneys in its various offices, attorneys at DLA Piper may have professional, working or social relationships with firms or professionals at firms that may be adverse to the Debtors.  In addition, certain attorneys at DLA Piper have spouses, parents, children, siblings, or fiancé(e)s, who are attorneys at other law firms or companies or are employees of one or more of the parties in interest.  DLA Piper has strict policies against disclosing confidential information to anyone outside of DLA Piper, including to spouses, parents, children, siblings, and fiancé(e)s.

12.     In particular, Rachel Chesley, a Senior Managing Director in FTI Consulting Inc. ("FTI")'s Strategic Communications segment, is the daughter-in-law of Richard Chesley, a partner at DLA Piper.  The Debtors propose to retain certain segments of FTI as financial and restructuring advisors and to engage certain FTI personnel as co-chief restructuring officers in these Chapter 11 Cases.  It is my understanding that Rachel Chesley and Richard Chesley are not involved in these Chapter 11 Cases.  In addition, Simone Riley, a shareholder at Vedder Price P.C., the law firm that represents CSC Hudson, LLC, Alberto Smeke Saba and Salomon Smeke Saba, is the wife of David Riley, an associate at DLA Piper.  It is my understanding that Simone Riley is not involved in these Chapter 11 Cases, nor is she involved in the representation of CSC Hudson, LLC, Alberto

Smeke Saba or Salomon Smeke Saba.  Further, Robbin Itkin, the Debtors' independent manager, served as a partner at DLA Piper from approximately October 2017 through August 2020.

13.    Despite the efforts described above to identify and disclose DLA Piper's connections with parties in interest in these Chapter 11 Cases, because DLA Piper is an international firm with thousands of attorneys across more than one hundred offices and affiliated firms, and because the Debtors are a substantial enterprise with numerous creditor and other relationships, DLA Piper is unable to state with certainty that every client representation or other connection has been disclosed.  In this regard, if DLA Piper discovers additional information requiring disclosure, I will file, or cause to be filed, a supplemental disclosure with the Court.

14.    To the best of my knowledge and belief, insofar as I have been able to ascertain after reasonable inquiry and as disclosed in this Declaration, neither I, nor DLA Piper, nor any partner, of counsel, or associate thereof: (i) is an equity interest holder, or an insider of the Debtors; (ii) is or was, within two years before the Petition Date, a director, officer, or employee of the Debtors; and (iii) holds or represents any interest materially adverse to the Debtors' estates.

## DLA PIPER'S RATES AND BILLING PRACTICES

15.    DLA Piper has not received any promises of payment or compensation in connection with these Chapter 11 Cases other than in accordance with the provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and as disclosed in this Declaration.

16.    It is DLA Piper's policy to charge its clients in all areas of practice for expenses incurred in connection with a client's matter.  The expenses charged to clients include, among other things, photocopying, witness fees, travel and lodging expenses, certain secretarial and other overtime expenses, filing and recording fees, postage, computerized research, electronic management services, other electronic services, vendor charges, express mail and messenger charges and expenses for "working meals."  DLA Piper will charge the Debtors for these expenses

7

in a manner and at reasonable rates consistent with charges made generally to its other clients, subject to this Court's approval of such expenses under sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules and Local Rules as may from time to time be applicable, such procedures as may be fixed by order of this Court and consistent with the Engagement Letter. DLA Piper believes that failure to charge these expenses would require the Firm to increase its current hourly rates.

17.    Subject to the Court's approval, DLA Piper intends to (a) charge for its legal services on an hourly basis, recorded in increments of tenths of an hour, with its ordinary and customary hourly rates in effect on the date services are rendered, and (b) seek reimbursement of actual and necessary out-of-pocket expenses. [5]  DLA Piper will maintain detailed, contemporaneous records of time and any actual and necessary expenses incurred in connection with the rendering of the legal services described in the Application by category and nature of the services rendered.

18.    DLA Piper intends to apply to the Court for allowance and payment of compensation and reimbursement of expenses in accordance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, as well as any additional procedures that may be established by the Court in these Chapter 11 Cases.

19.    DLA Piper's hourly rates are set at a level designed to compensate it fairly for the work of its attorneys and paraprofessionals and to cover fixed and routine expenses. I believe that these rates are commensurate with or lower than the hourly rates of other firms of similar size and expertise. The DLA Piper professionals and paraprofessionals expected to be most active in the Debtors' Chapter 11 Cases, and their current standard hourly rates, include:

---

[5]    The hourly rates charged by DLA Piper professionals differ based on, among other things, the professional's level of experience and the rates normally charged in the location of the office in which the professional is resident.

| Name of Professional | Practice Area | 2025 Hourly Rates | 2026 Hourly Rates |
|---|---|---|---|
| Stuart M. Brown (Partner), Wilmington | Restructuring | $2,085.00 | $2,350.00 |
| Gerald D. Shepherd (Of Counsel), New York | Real Estate | $1,455.00 | $1,765.00 |
| Neal Kronley (Of Counsel), New York | Business and Commercial Litigation | $1,420.00 | $1,645.00 |
| Marc Silverman (Of Counsel), New York | Business and Commercial Litigation | $1,465.00 | $1,645.00 |
| David Riley (Associate), New York | Restructuring | $1,440.00 | $1,585.00 |
| Caleb Roche (Associate), New York | Business and Commercial Litigation | $1,250.00 | $1,440.00 |
| Stephanie B. Cohen (Associate), Chicago | Restructuring | $1,200.00 | $1,375.00 |
| Nicole McLemore (Associate), Miami | Restructuring | $1,085.00 | $1,260.00 |
| David Freeman (Associate), New York | Investment Funds | $990.00 | $1,195.00 |
| Shant Eulmessekian (Associate), Los Angeles | Restructuring | $895.00 | $1,090.00 |
| William L. Countryman (Case Manager / Paralegal), Baltimore | Restructuring | $570.00 | $640.00 |
| Carolyn Fox (Paralegal), Wilmington | Restructuring | $455.00 | $510.00 |

20.     DLA Piper has not agreed to share any of its compensation from these Chapter 11 Cases with any other person, other than a partner, counsel, associate or staff person employed by DLA Piper, as permitted by section 504 of the Bankruptcy Code.

## **COMPENSATION RECEIVED BY DLA FROM THE DEBTORS**

21.     Per the terms of the Engagement Letter, on October 21, 2025, DLA Piper received a $250,000 retainer, which, as stated in the Engagement Letter, constituted an "evergreen" advanced payment retainer ("Retainer").

22.     As stated in the Engagement Letter, any advanced payment retainer is earned by DLA Piper upon receipt, the Debtors no longer have a property interest in any advanced payment retainer upon DLA Piper's receipt, any advanced payment retainer will be placed in DLA Piper's general account and will not be held in a client trust account, and the Debtors will not earn any interest on any advanced payment retainer.

23.     During the 90-day period prior to the Petition Date, DLA Piper received the Retainer. As of the Petition Date, the entire Retainer remains unapplied and will be applied to any fees allowed by this Court, at DLA Piper's election. As of the Petition Date, the Debtors did not owe DLA Piper any amounts for legal services rendered before the Petition Date.

24.     To the best of my knowledge, information and belief, insofar as I have been able to ascertain after reasonable inquiry, neither I, nor DLA Piper, nor any partner or associate thereof, has received or been promised any compensation for legal services rendered or to be rendered in any capacity in connection with the Debtors' Chapter 11 Cases, other than as permitted by the Bankruptcy Code and this Court's orders.

25.     DLA Piper has not agreed to share compensation received in connection with these Chapter 11 Cases with any other person, except as permitted by section 504(b) of the Bankruptcy Code and Bankruptcy Rule 2016(b) in respect of the sharing of compensation among DLA Piper's partners.

1625539371

## STATEMENT REGARDING U.S. TRUSTEE GUIDELINES

26.     DLA Piper intends to apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with the Debtors' Chapter 11 Cases in compliance with applicable provisions of the Bankruptcy Rules, Local Rules, and any other applicable procedures and orders of the Court.  DLA Piper also intends to make a reasonable effort to comply with the U.S. Trustee's requests for information and additional disclosures as set forth in the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases Effective As of November 1, 2013* (the "Revised UST Guidelines"), both in connection with this Application and the interim and final fee applications to be filed by DLA Piper in these Chapter 11 Cases.[6]

## ATTORNEY STATEMENT PURSUANT TO REVISED UST GUIDELINES

27.     The following is provided in response to the request for additional information set forth in Paragraph D.1. of the Revised UST Guidelines:

(a)     **Question**: Did DLA Piper agree to any variations from, or alternatives to, DLA Piper's standard billing arrangements for this engagement?

**Answer**: No. DLA Piper and the Debtors have not agreed to a variation from DLA Piper's standard billing arrangements for this engagement.

(b)     **Question**: Do any of DLA Piper's professionals in this engagement vary their rate based on the geographic location of the Debtors' Chapter 11 Cases?

**Answer**: No. The hourly rates used by DLA Piper in representing the Debtors are consistent with the rates that DLA Piper charges other

---

[6]     Among other things, the U.S. Trustee Guidelines ask attorneys in larger Chapter 11 Cases to provide additional documentation and make disclosures in connection with their retention under section 327 and compensation under section 330 of the Bankruptcy Code. As the U.S. Trustee Guidelines themselves acknowledge, "the Guidelines do not supersede local rules, court orders, or other controlling authority." While the Debtors and DLA Piper intend to work cooperatively with the U.S. Trustee, the Debtors and DLA Piper reserve all rights as to the relevance and substantive legal effect of the U.S. Trustee Guidelines with respect to any application for employment or compensation in these cases.

comparable chapter 11 clients, regardless of the location of the chapter 11 case.

(c)     **Question**: If DLA Piper has represented the Debtors in the 12 months pre-petition, disclose DLA Piper's billing rates and material financial terms for the pre-petition engagement, including any adjustments during the 12 months pre-petition. If DLA Piper's billing rates and material financial terms have changed postpetition, explain the difference and the reasons for the difference.

**Answer**: DLA Piper's hourly rates in effect prepetition, for services rendered on behalf of the Debtors range as follows:[7]

| Billing Category | 2025 Range |
|---|---|
| Partners | $1,585.00 - $2,350.00 |
| Of Counsel | $1,420.00 - $1,765.00 |
| Associates & Attorneys | $895.00 - $1,585.00 |
| Paraprofessionals | $570.00 - $640.00 |

(d)     **Question**: Have the Debtors approved DLA Piper's budget and staffing plan, and, if so, for what budget period?

**Answer**: DLA Piper continues to work with the Debtors to develop an appropriate budget and staffing plan, however, the Debtors have approved the 3-month budget, including fees allocated for DLA Piper, attached to the Interim DIP Order [D.I. 82].

## AFFIRMATIVE STATEMENT OF DISINTERESTEDNESS

28.     Based on the conflicts search conducted to date and described in this Declaration, to the best of my knowledge and insofar as I have been able to ascertain, (a) DLA Piper does not hold or represent an interest adverse to the Debtors' estates with respect to the matters on which DLA Piper is proposed to be employed, as required by section 327(e) and 1107(b) of the Bankruptcy Code, and does not hold or represent an interest adverse to the Debtors' estates for the matters for which DLA Piper is to be engaged and (b) DLA Piper has no connection to the Debtors,

---

[7]     While the rate ranges provided for in this Application may change if an individual leaves or joins DLA Piper, and if any such individual's billing rate falls outside the ranges disclosed above, DLA Piper does not intend to update the ranges for such circumstances.

1625539371

their creditors, or other parties in interest, except as disclosed in this Declaration.

To the best of my knowledge, information and belief, I declare under penalty of perjury that the foregoing is true and correct.

Executed on November 21, 2025
      Wilmington, Delaware

                                                */s/ Stuart M. Brown*
                                                Stuart M. Brown, Partner
                                                DLA Piper LLP (US)
                                                1201 North Market Street,
                                                Wilmington, DE 19801

1625539371

# **SCHEDULE 1**

**List of Parties-In-Interest Noted for Court Disclosure**

**INTERESTED PARTIES LIST**
**Hudson 1701/1706, LLC**

**Debtors**
Hudson 1701/1706, LLC
Hudson 1702, LLC

**Non-Debtor Affiliate**
Parkview Financial REIT, LP
PV Hudson LLC
Parkview Financial, LLC

**Lender**
Parkview Financial REIT, LP

**Banks & Fin. Institution**
Western Alliance Bancorporation
Flagstar Bank

**Managers, Officers and Key Personnel**
Robbin Itkin
Alan Tantleff
Andrew Hinkelman
Paul Rahimian
Ted Jung

**Former Equity Holders/Management**
Alberto Smeke Saba
Salomon Smeke Saba
CSC Hudson, LLC
Michelle A. Dreyer

**Bankruptcy Professionals**
DLA Piper
FTI Consulting, Inc.
Chipman Brown Cicero & Cole, LLP
Kurtzman Carson Consultantes, LLC dba Verita Global

**Broker & Insurers**
Lloyd's of London
CAC Specialty
Arch Insurance Company
Landmark American Insurance Company
Amherst Specialty Insurance Company
Homeland Insurance Company of Delaware
Mesa Underwriters Specialty Insurance Company

Syndicate 2623/623 at Lloyd's
Accelerant Specialty Insurance Company
Southwest Marine and General Insurance Company
StarStone Specialty Insurance Company
Houston Specialty Insurance Company
Travelers Casualty and Surety Company of America
Liberty Surplus Insurance Corporation
Syndicate 33 at Lloyd's, managed by Hiscox Syndicates Limited
Kevin Muller
R-T Specialty
RSG Specialty, LLC
Beazley USA Services, Inc.
Quantum Specialty Group
Program Brokerage Corporation
BMS Group Ltd
Hub Int'l Northeast Ltd
AllState
Western Alliance Bancorporation
First American Title Insurance Company
IPFS of New York

**Other Professionals**
Landis Rath & Cobb LLP
Adler & Stachenfeld LLP
Herrick, Feinstein LLP
Womble Bond Dickinson (US) LLP
Vedder Price P.C.
Pachulski Stang Ziehl & Jones LLP
Hogan Lovells US LLP
SchatzCo V LLC
Rivkin Radler LLP

**Landlords & Lessors**
356W58 Ground Lessor LLC
GLR Capital Investments, LLC
Montgomery Street Partners Capital Investments, LLC
MSP Capital Investments, L.L.C.
GLP REIT Advisors, LLC
Ground Lease REIT Advisors, LLC
Fitness International, LLC

**Mechanics Lienholders**
Gardinier Theobald Inc.
Elysium Construction Inc.
Tritech Electrical Data Inc.
Alba Services, Inc.
Superior Chutes

**Contractors**
Taconic Development Advisors, LLC
Tri-Hill Management LLC
AES Lighting
HMS Abadi
Alba Services Inc.
Aqua Wall
Advanced Plumbing Corporation
Alba Electric Corp
Alba Façade
AJP Contracting Corporation
CMBM LLC
Chutes Express
DMV Mechanical
Elysium Construction Inc.
F.S. Site Corp.
Global Security
Graham Corporation
Harrys Construction Corp
Interstate Wood Floors Inc.
Junkluggers, LLC
Lawrence Glass, Inc.
Marco & M Home Solutions Corp.
Master Glass, Corp.
Maverick Industries Corp.
Mulligan Security LLC
Mincey Marble
NY Insulation
Noble Stone
Nouveau Elevator Industries LLC
Paladin Risk Management LTD
Perfectaire
R&A Painting Corp
RocLedge Manufactured Stone, LLC
Skyline Risk Management
Tri-State Construction Inc.
Tiger Cabinets Inc.
Universal Stone
V10 Specialties
Vulpis

RCN Telecom Services of New York, LP d/b/a
Astound Broadband
Advantage Wholesale Supply
CoinMac
Con Edison
Dial a Bug
Ditchik & Ditchik
Firecom Inc.
Gilbar
Johnson Control Security Solutions
Johnson Controls
Primo Water
Spectrum Business
TFP1 Inc d/b/a Total Fire Protection
Royal Abstract of New York, LLC
Apco Group, Inc.

**Taxing and Governmental Authorities**
City of New York
State of New York
New York Office of the Attorney General
New York State Department of Taxation and
Finance
Securities & Exchange Commission (D.C.
Address)
Securities and Exchange Commission (NY, NY
Address)
Internal Revenue Service
Delaware State Treasury
Delaware Secretary of State Delaware Office of
the Attorney General

**Regulatory Bodies**
New York City Department of Housing
Preservation and Development
New York City Department of Housing
Preservation and Development Inclusionary
Housing Unit
New York City Department of Buildings
New York City of Environmental Protection
New York City Department of Finance

**Top 20**
356W58 Ground Lessor
Fitness International, LLC
Alberto Smeke Saba
Saloman Smeke Saba
HUB
Nouveau Elevators
FS Site

Mulligan Security
DMV Mechanical
NY City Department of Environmental
Protection
Abadi
Firecom Inc.
Ditchik & Ditchik
Universal Stone
Lighting Workshop
Johnson Controls
AJP
Tiger Cabinets Inc.
Lawrence Glass
Nonstop Plumbing

**Bankruptcy Judges and Staff**
Judge Laurie Selber Silverstein
Judge John T. Dorsey
Judge Craig T. Goldblatt
Judge Thomas M. Horan
Judge Karen B. Owens
Judge Brendan L. Shannon
Judge J. Kate Stickles
Judge Mary F. Walrath
Stephen L. Grant, Sr
Lauren Attix
James R. O'Malley
Demitra Yeager
Nickita Barksdale
Amanda Hrycak
Danielle Gadson
Jill Walker
Rachel Bello
Paula Subda
Claire Brady
Marquietta Lopez
Laura Haney
Nikki Washington
Cacia Batts
Lora Johnson
Al Lugano

**United States Trustee and Staff**
Timothy J. Fox, Jr.
Benjamin Hackman
Hannah M. McCollum
Jane Leamy
Joseph McMahon
Linda Casey
Linda Richenderfer

Malcolm M. Bates
Michael Girello
Nyanquoi Jones
Shakima L. Dortch
Jonathan Lipshie
Jonathan Nyaku
Joseph Cudia
Holly Dice
Christine Green
Hawa Konde

**Utilities**
RCN Telecom Services of New York, LP d/b/a
Astound Broadband
Spectrum Business
Con Edison
Advantage Wholesale Supply

**Litigation Parties**
New York Hotel and Gaming Trades Council
Hector Luciano Gonzalez
Raymond Hickey and Tana Hickey

## SCHEDULE 2

**Interested Parties that Currently Employ
or Have Formerly Employed DLA Piper LLP (US) in Matters Unrelated to
the Debtors or the Chapter 11 Cases**

**Schedule 2**

**Interested Parties that Currently Employ or Have Formerly
Employed DLA Piper LLP (US) in Matters Unrelated to
Debtors or the Chapter 11 Case**

| Party Name[1] | Relationship to Debtors[2] | Relationship to DLA[3] |
|---|---|---|
| Hudson 1701/1706, LLC<br>Hudson 1702, LLC | Debtors | Current clients in this chapter 11 case. Affiliate of current client in matters unrelated to these Debtors or chapter 11 case. |
| Parkview Financial, LLC | Non-Debtor Affiliate | Current client in matters unrelated to these Debtors or chapter 11 case. Affiliate of current clients in this chapter 11 case. Affiliate of current clients in this chapter 11 case. |
| Parkview Financial REIT, LP | Non-Debtor Affiliate | Affiliate of current client in matters unrelated to these Debtors or chapter 11 case. Affiliate of current clients in this chapter 11 case. |
| PV Hudson LLC | Non-Debtor Affiliate | Affiliate of current client in matters unrelated to these Debtors or chapter 11 case. Affiliate of current clients in this chapter 11 case. |
| Robbin Itkin | Managers and Officers | Former client in matters unrelated to these Debtors or chapter 11 case.[4] |

---

[1]    Where a party and the Debtors maintain multiple relationships, the Debtors listed such parties under each applicable category on the Debtors' Interested Parties List.  Where numerous affiliated entities appeared in the Debtors' Interested Parties List, DLA Piper performed conflicts searches for all such entities, yet list only the most generic and generally applicable name for such affiliated entities herein.

[2]    This column lists the relationship(s) between the party and the Debtors as reported on the Debtors' Interested Parties List, and such characterizations are made solely for purposes of this disclosure and without prejudice to any party's rights or positions with respect to the nature of such relationships in any other context.

[3]    A "current client" is an entity for which DLA Piper is presently engaged; a "former client" is an entity for which there were no active matters as of the date hereof, but there may in the future be active matters.  Use of the word "possible" before such designations signifies entities for which DLA was unable to determine whether any similarities of names were a coincidence or whether the party in interest is related to a client in DLA's databases. DLA does not represent any "possible" clients in matters related to the Debtors or these Chapter 11 Cases.  The identification of a party in interest herein is not an admission of a conflict, disabling or otherwise.

[4]    Robbin Itkin was a partner in DLA Piper's Restructuring group from 2017 through 2020.

| | | |
|---|---|---|
| FTI Consulting, Inc. | Bankruptcy Professionals | Current and former client and affiliate of current and former clients in matters unrelated to these Debtors or chapter 11 case. |
| Herrick, Feinstein LLP | Other Professionals | Current client in matters unrelated to these Debtors or chapter 11 case. |
| Lloyd's of London | Broker & Insurers | Current and former client and affiliate of current clients in matters unrelated to these Debtors or chapter 11 case. |
| Landmark American Insurance Company | Broker & Insurers | Current and former client and affiliate of current clients in matters unrelated to these Debtors or chapter 11 case. |
| Arch Insurance Company | Broker & Insurers | Current and former client and affiliate of current clients in matters unrelated to these Debtors or chapter 11 case. |
| Mesa Underwriters Specialty Insurance Company | Broker & Insurers | Affiliate of current clients in matters unrelated to these Debtors or chapter 11 case. |
| Syndicate 2623/623 at Lloyd's | Broker & Insurers | Current client and affiliate of former client in matters unrelated to these Debtors or chapter 11 case. |
| Accelerant Specialty Insurance Company | Broker & Insurers | Affiliate of current clients in matters unrelated to these Debtors or chapter 11 case. |
| StarStone Specialty Insurance Company | Broker & Insurers | Current client in matters unrelated to these Debtors or chapter 11 case. |
| Houston Specialty Insurance Company | Broker & Insurers | Current client in matters unrelated to these Debtors or chapter 11 case. |
| Travelers Casualty and Surety Company of America | Broker & Insurers | Current client and affiliate of current clients in matters unrelated to these Debtors or chapter 11 case. |
| Liberty Surplus Insurance Corporation | Broker & Insurers | Affiliate of current clients in matters unrelated to these Debtors or chapter 11 case. |
| Syndicate 33 at Lloyd's, managed by Hiscox Syndicates Limited | Broker & Insurers | Current client in matters unrelated to these Debtors or chapter 11 case. |

| R-T Specialty | Broker & Insurers | Affiliate of current client in matters unrelated to these Debtors or chapter 11 case. |
| BMS Group Ltd. | Broker & Insurers | Former client in matters unrelated to these Debtors or chapter 11 case. |
| Beazley USA Services, Inc. | Broker & Insurers | Current client and affiliate of current clients in matters unrelated to these Debtors or chapter 11 case. |
| BMS Group Ltd. | Broker & Insurers | Former client in matters unrelated to these Debtors or chapter 11 case. |
| Hub Int'l Northeast Ltd | Broker & Insurers | Affiliate of former client in matters unrelated to these Debtors or chapter 11 case. |
| AllState | Broker & Insurers | Current and former client and affiliate of current clients in matters unrelated to these Debtors or chapter 11 case. |
| First American Title Insurance Company | Broker & Insurers | Current client and affiliate of current client in matters unrelated to these Debtors or chapter 11 case. |
| GLP REIT Advisors, LLC | Landlords & Lessors | Possible affiliate of current clients in matter unrelated to these Debtors or chapter 11 case. |
| Gardiner & Theobald Inc. | Mechanics Lienholder | Affiliate of current client in matters unrelated to these Debtors or chapter 11 case. |
| City of New York | Taxing and Governmental Authorities | Affiliate of former client in matters unrelated to these Debtors or chapter 11 case. |
| State of New York | Taxing and Governmental Authorities | Affiliate of current clients in matters unrelated to these Debtors or chapter 11 case. |
| New York Office of the Attorney General | Taxing and Governmental Authorities | Affiliate of current clients in matters unrelated to these Debtors or chapter 11 case. |
| New York State Department of Taxation and Finance | Taxing and Governmental Authorities | Affiliate of current clients in matters unrelated to these Debtors or chapter 11 case. |
| New York City Department of Housing Preservation and Development | Regulatory Bodies | Affiliate of former client in matters unrelated to these Debtors or chapter 11 case. |

| New York City Department of Housing Preservation and Development Inclusionary Housing Unit | Regulatory Bodies | Affiliate of former client in matters unrelated to these Debtors or chapter 11 case. |
|---|---|---|
| New York City Department of Buildings | Regulatory Bodies | Affiliate of former client in matters unrelated to these Debtors or chapter 11 case. |
| New York City of Environmental Protection | Regulatory Bodies | Affiliate of former client in matters unrelated to these Debtors or chapter 11 case. |
| New York City Department of Finance | Regulatory Bodies | Affiliate of former client in matters unrelated to these Debtors or chapter 11 case. |
| Western Alliance Bancorporation | Banks & Fin. Institution | Current client and affiliate of current client in matters unrelated to these Debtors or chapter 11 case. |
| Flagstar Bank | Banks & Fin. Institution | Current client in matters unrelated to these Debtors or chapter 11 case. |
| Global Security | Contractors | Possible affiliate of current clients in matter unrelated to these Debtors or chapter 11 case. |
| Junkluggers, LLC | Contractors | Current client and affiliate of current client in matters unrelated to these Debtors or chapter 11 case. |
| Maverick Industries Corp. | Contractors | Possible affiliate of current clients in matter unrelated to these Debtors or chapter 11 case. |
| Paladin Risk Management LTD | Contractors | Possible affiliate of current clients in matter unrelated to these Debtors or chapter 11 case. |
| R&A Painting Corp | Contractors | Possible affiliate of current client in matter unrelated to these Debtors or chapter 11 case. |
| RocLedge Manufactured Stone, LLC | Contractors | Possible affiliate of current clients in matter unrelated to these Debtors or chapter 11 case. |
| Skyline Risk Management | Contractors | Possible affiliate of current clients in matter unrelated to these Debtors or chapter 11 case. |

| | | |
|---|---|---|
| Tiger Cabinets Inc. | Contractors | Possible affiliate of current clients in matter unrelated to these Debtors or chapter 11 case. |
| RCN Telecom Services of New York, LP d/b/a Astound Broadband | Contractors | Affiliate of current client in matters unrelated to these Debtors or chapter 11 case. |
| Advantage Wholesale Supply | Contractors | Possible affiliate of current clients in matter unrelated to these Debtors or chapter 11 case. |
| Firecom Inc. | Contractors | Affiliate of current client in matters unrelated to these Debtors or chapter 11 case. |
| Johnson Control Security Solutions | Contractors | Affiliate of current client in matters unrelated to these Debtors or chapter 11 case. |
| Johnson Controls | Contractors | Current client in matters unrelated to these Debtors or chapter 11 case. |
| Spectrum Business | Contractors | Possible affiliate of current clients in matters unrelated to these Debtors or chapter 11 case. |
| TFP1 Inc d/b/a Total Fire Protection | Contractors | Possible affiliate of current client in matters unrelated to these Debtors or chapter 11 case. |