**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>Hudson 1701/1706 LLC,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 25-11853 (KBO)<br><br>(Jointly Administered) |
| HUDSON 1701/1706, LLC, a Delaware limited liability company; and HUDSON 1702, LLC, a Delaware limited liability company,<br><br>Plaintiffs,<br><br>-v-<br><br>356W58 GROUND LESSOR LLC, a Delaware limited liability company,<br><br>Defendant | Adv. Proc. No. 25-52471 (KBO) |

**DEFENDANT 356W58 GROUND LESSOR LLC'S**
**ANSWER TO AMENDED COMPLAINT**

Defendant 356W58 Ground Lessor LLC ("Landlord" or "Defendant") hereby answers and asserts affirmative defenses (the "Answer") to the *Amended Complaint* (the "Amended Complaint") filed on behalf of Plaintiffs Hudson 1701/1706 and Hudson 1702 (the "Debtors" or "Plaintiffs"), the above captioned debtors, and states the following in support of the Answer[2]:

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are Hudson 1701/1706, LLC (0281) and Hudson 1702, LLC (0190). The Debtors' headquarters and the mailing address for the Debtors is 11440 San Vicente Boulevard, 2nd Floor, Los Angeles, CA 90045.

[2] Capitalized terms used but not otherwise defined herein shall have the meaning ascribed to them in the Amended Complaint.

## INTRODUCTION[3]

1. The allegations of paragraph 1 are admitted only to the extent that the description of the claims asserted in the Amended Complaint relates and refers to the subject matter of the allegations in this paragraph, the content of which speaks for themselves, and the allegations are otherwise denied as stated.

2. The allegations of paragraph 2 are admitted only to the extent that the description of the claims asserted in the Amended Complaint relates and refers to the subject matter of the allegations in this paragraph, the content of which speaks for themselves, and the allegations are otherwise denied. By way of further answer, Defendant admits that on May 4, 2022, Plaintiffs and Defendant entered into a ground lease (the "Ground Lease")[4] regarding the real property known as 353 West 57th Street Condominium and by the street number 353-361 West 57th Street a/k/a 358-366 West 58th Street, New York, New York (the "Property").

3. The allegations of paragraph 3 are admitted only to the extent that the description of the claims asserted in the Amended Complaint relates and refers to the subject matter of the allegations in this paragraph, the content of which speaks for itself, and the allegations are otherwise denied.

4. The allegations contained in paragraph 4 of the Amended Complaint state legal conclusions for which no response is required and are thus deemed denied. To the extent a response is required, the allegations are denied.

5. The allegations of paragraph 5 are admitted only to the extent that the description of the claims asserted in the Amended Complaint relates and refers to the subject

[3] These headings are derived from the Amended Complaint and are incorporated herein solely for ease of reference and shall not be deemed to be an admission to the content thereof.

[4] For the avoidance of doubt, Ground Lessor denies any reference to a "Purported" Ground Lease whether or not specifically denied in this Answer.

matter of the allegations in this paragraph, the content of which speaks for itself, and the allegations are otherwise denied.

6. The allegations contained in paragraph 6 of the Amended Complaint state legal conclusions for which no response is required and are thus deemed denied. To the extent a response is required, the allegations are denied.

7. The allegations contained in paragraph 7 of the Amended Complaint state legal conclusions for which no response is required and are thus deemed denied. To the extent a response is required, the allegations are denied.

8. The allegations contained in paragraph 8 of the Amended Complaint state legal conclusions for which no response is required and are thus deemed denied. To the extent a response is required, the allegations are denied.

9. The allegations of paragraph 9 are admitted only to the extent that the description of the claims asserted in the Amended Complaint relates and refers to the subject matter of the allegations in this paragraph, the content of which speaks for itself, and the allegations are otherwise denied. Defendant otherwise reserves all rights with respect to any claims or counterclaims that may be asserted in any supplemental proceeding, including the supplemental proceeding referenced in paragraph 9.

**THE PARTIES**

10. Defendant admits the allegations of paragraph 10.

11. Defendant admits the allegations of paragraph 11.

12. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 12 of the Amended Complaint, therefore the allegations are denied.

13. Defendant admits the allegations of paragraph 13.

14. Defendant admits the allegations of paragraph 14.

15. Defendant admits the allegations of paragraph 15.

## JURISDICTION AND VENUE

16. The allegations contained in paragraph 16 of the Amended Complaint state legal conclusions for which no response is required and are thus deemed denied.

17. The allegations contained in paragraph 17 of the Amended Complaint state legal conclusions for which no response is required and are thus deemed denied.

18. The allegations contained in paragraph 18 of the Amended Complaint state legal conclusions for which no response is required and are thus deemed denied.

19. The allegations contained in paragraph 19 of the Amended Complaint state legal conclusions for which no response is required and are thus deemed denied.

20. The allegations contained in paragraph 20 of the Amended Complaint state legal conclusions for which no response is required and are thus deemed denied. By way of further answer, pursuant to Rule 7008-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware, Defendant does not consent to the entry of final orders or judgments by the Bankruptcy Court if it is determined that the Bankruptcy Court, absent consent of the parties, cannot enter final judgments in this adversary proceeding consistent with Article III of the United States Constitution.

## FACTUAL ALLEGATIONS

21. Admit.

22. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 22 of the Amended Complaint, therefore the allegations are denied.

23. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 23 of the Amended Complaint, therefore the allegations are denied.

24. Admit.

25. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 25 of the Amended Complaint, therefore the allegations are denied.

26. Defendant admits the allegations contained in paragraph 26 except to the extent that it states an incorrect purchase price. Defendant refers to the Purchase Agreement for a full recitation of its content.

27. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 27 of the Amended Complaint, therefore the allegations are denied.

28. Defendant denies the allegation of paragraph 28 as stated. By way of further answer, the allegations contained in paragraph 28 of the Amended Complaint refer to a podcast interview, the content of which speaks for itself, and are denied for all other purposes. Defendant admits that Meridian and MSP engaged in negotiations regarding redevelopment of the Hudson, but denies all other characterizations in paragraph 28 of that engagement.

29. Defendant denies the allegations of paragraph 29.

30. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 30 of the Amended Complaint, therefore the allegations are denied.

31. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 31 of the Amended Complaint, therefore the allegations are denied.

32. The allegations contained in paragraph 32 of the Amended Complaint refer to the Closing Agreement, the content of which speaks for itself, and are denied for all other purposes.

33. The allegations contained in paragraph 33 of the Amended Complaint state legal conclusions for which no response is required and are thus deemed denied. To the extent a response is required, the allegations are denied.

34. The allegations contained in paragraph 34 of the Amended Complaint refer to the Project Agreements and the Ground Lease, the content of which speaks for itself, and are denied for all other purposes.

35. The allegations contained in paragraph 35 of the Amended Complaint refer to the Ground Lease, the content of which speaks for itself, and are denied for all other purposes.

36. The allegations contained in paragraph 36 of the Amended Complaint refer to the Ground Lease, the content of which speaks for itself, and are denied for all other purposes.

37. The allegations contained in paragraph 37 of the Amended Complaint refer to the Ground Lease, the content of which speaks for itself, and are denied for all other purposes.

38. The allegations contained in paragraph 38 of the Amended Complaint refer to the Ground Lease, the content of which speaks for itself, and are denied for all other purposes.

39. The allegations contained in paragraph 39 of the Amended Complaint refer to the Ground Lease, the content of which speaks for itself, and are denied for all other purposes.

40. The allegations contained in paragraph 40 of the Amended Complaint refer to the Ground Lease, the content of which speaks for itself, and are denied for all other purposes.

41. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 41 of the Amended Complaint, therefore the allegations are denied.

42. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 42 of the Amended Complaint, therefore the allegations are denied.

43. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 43 of the Amended Complaint, therefore the allegations are denied.

44. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 44 of the Amended Complaint, therefore the allegations are denied.

45. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 45 of the Amended Complaint, therefore the allegations are denied.

46. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 46 of the Amended Complaint, therefore the allegations are denied. By way of further response, the allegations contained in paragraph 46 of the Amended Complaint refer to the Ground Lease, the content of which speaks for itself, and are denied for all other purposes.

47. The allegations contained in paragraph 47 of the Amended Complaint refer to the Fourth Amendment, the content of which speaks for itself. Defendant otherwise denies the allegations in paragraph 47 for all other purposes.

48. The allegations contained in paragraph 48 of the Amended Complaint refer to the Fourth Amendment, the content of which speaks for itself. Defendant otherwise denies the allegations in paragraph 48 for all other purposes.

49. The allegations contained in paragraph 49 of the Amended Complaint state a legal conclusion for which no response is required and are thus deemed denied. By way of further response, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 49 of the Amended Complaint, therefore the allegations are denied.

50. The allegations contained in paragraph 50 of the Amended Complaint refer to the Fourth Amendment, the content of which speaks for itself, and are denied for all other purposes.

51. The allegations contained in paragraph 51 of the Amended Complaint state a legal conclusion for which no response is required and are thus deemed denied.

52. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 52 of the Amended Complaint, therefore the allegations are denied.

53. The allegations contained in paragraph 53 of the Amended Complaint state a legal conclusion for which no response is required and are thus deemed denied. By way of further answer, the allegations contained in paragraph 53 of the Amended Complaint refer to the Ground Lease and Fourth Amendment, the content of which speaks for itself, and are denied for all other purposes.

54. The allegations contained in paragraph 54 of the Amended Complaint state legal conclusions for which no response is required and are thus deemed denied.

55. The allegations contained in paragraph 55 of the Amended Complaint state legal conclusions for which no response is required and are thus deemed denied.

56. The allegations contained in paragraph 56 of the Amended Complaint state legal conclusions for which no response is required and are thus deemed denied.

57. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 57 of the Amended Complaint, therefore the allegations are denied. By way of further response, the allegations contained in paragraph 57 reference a “Bill of Sale”, the content of which speaks for itself.

58. The allegations contained in paragraph 58 of the Amended Complaint refer to the Ground Lease, the content of which speaks for itself, and are denied for all other purposes.

59. The allegations contained in paragraph 59 of the Amended Complaint state legal conclusions for which no response is required and are thus deemed denied.

60. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 60 of the Amended Complaint, therefore the allegations are denied.

61. The allegations contained in paragraph 61 of the Amended Complaint state legal conclusions for which no response is required and are thus deemed denied. By way of further response, the allegations contained in paragraph 61 reference the Ground Lease and Fourth Amendment, the content of which speaks for itself.

62. The allegations contained in paragraph 62 of the Amended Complaint are denied as stated. Defendant admits that Mr. Nippon participated in a podcast interview and the content of that interview speaks for itself. The allegations of paragraph 62 are otherwise denied for all other purposes.

63. The allegations contained in paragraph 63 of the Amended Complaint are denied as stated.

64. The allegations contained in paragraph 64 of the Amended Complaint are denied as stated. Defendant admits that paragraph 64 of the Amended Complaint quotes portions of the Ground Lease and refers the Court to the Ground Lease for a full recitation of its content.. The allegations of paragraph 64 are otherwise denied for all other purposes.

65. The allegations contained in paragraph 65 of the Amended Complaint refer to the Ground Lease, the content of which speaks for itself, and are denied for all other purposes.

66. The allegations contained in paragraph 66 of the Amended Complaint refer to the Ground Lease, the content of which speaks for itself, and are denied for all other purposes. Defendant denies the allegations contained in paragraph 66 to the extent that it states legal conclusions.

67. The allegations contained in paragraph 67 of the Amended Complaint refer to the Fourth Amendment, the content of which speaks for itself, and are denied for all other purposes. Defendant denies the allegations contained in paragraph 67 to the extent that it states legal conclusions.

68. The allegations contained in paragraph 68 of the Amended Complaint refer to the Fourth Amendment, the content of which speaks for itself, and are denied for all other purposes.

69. Defendant denies the allegations stated in paragraph 69 of the Amended Complaint.

70. The allegations contained in paragraph 70 of the Amended Complaint state legal conclusions for which no response is required and are thus deemed denied. To the extent a response is required, the allegations are denied.

71. The allegations contained in paragraph 71 of the Amended Complaint refer to the Ground Lease, the content of which speaks for itself, and are denied for all other purposes.

72. The allegations contained in paragraph 72 of the Amended Complaint refer to the Ground Lease, the content of which speaks for itself, and are denied for all other purposes.

73. The allegations contained in paragraph 73 of the Amended Complaint refer to the Ground Lease, the content of which speaks for itself, and are denied for all other purposes.

74. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 74 of the Amended Complaint, therefore the allegations are denied.

75. The allegations contained in paragraph 75 of the Amended Complaint state legal conclusions for which no response is required and are thus deemed denied. To the extent a response is required, the allegations are denied.

76. The allegations contained in paragraph 76 of the Amended Complaint refer to the Ground Lease, the content of which speaks for itself, and are denied for all other purposes.

75. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 75 of the Amended Complaint, therefore the allegations are denied.[5]

76. Defendant admits that Mr. Nippon participated in a podcast interview and the content of that interview speaks for itself. The allegations in paragraph 76 are denied for all other purposes.

[5] The Amended Complaint is misnumbered following paragraph 76. Following paragraph 76, the Amended Complaint begins anew with paragraph 75. Defendant follows the misnumbered paragraphs as written and has not attempted to correct Plaintiffs' error in this Answer.

77. The allegations contained in paragraph 77 of the Amended Complaint state legal conclusions for which no response is required and are thus deemed denied. To the extent a response is required, the allegations are denied, and Defendant refers to the Ground Lease for a full recitation of its content.

78. The allegations contained in paragraph 78 of the Amended Complaint state legal conclusions for which no response is required and are thus deemed denied. To the extent a response is required, the allegations are denied, and Defendant refers to the Ground Lease for a full recitation of its content.

79. The allegations contained in paragraph 79 of the Amended Complaint state legal conclusions for which no response is required and are thus deemed denied. To the extent a response is required, the allegations are denied.

80. The allegations contained in paragraph 80 of the Amended Complaint state legal conclusions for which no response is required and are thus deemed denied. To the extent a response is required, the allegations are denied, and Defendant refers to the Ground Lease and the May 15, 2026 Hearing Transcript for a full recitation of their content.

81. The allegations contained in paragraph 81 of the Amended Complaint state legal conclusions for which no response is required and are thus deemed denied. To the extent a response is required, the allegations are denied, and Defendant refers to the Ground Lease and the May 15, 2026 Hearing Transcript for a full recitation of their content.

82. The allegations contained in paragraph 82 of the Amended Complaint state legal conclusions for which no response is required and are thus deemed denied. To the extent a response is required, the allegations are denied, and Defendant refers to the Ground Lease and the May 15, 2026 Hearing Transcript for a full recitation of their content.

83. The allegations contained in paragraph 83 of the Amended Complaint state legal conclusions for which no response is required and are thus deemed denied. To the extent a response is required, the allegations are denied.

84. The allegations contained in paragraph 84 of the Amended Complaint state legal conclusions for which no response is required and are thus deemed denied. To the extent a response is required, the allegations are denied. By way of further answer, paragraph 84 refers to the Ground Lease and Fourth Amendment, the content of which speaks for itself, and are denied for all other purposes.

85. The allegations contained in paragraph 85 of the Amended Complaint refer to the Ground Lease and Fourth Amendment, the content of which speaks for itself, and are denied for all other purposes.

86. The allegations contained in paragraph 86 of the Amended Complaint refer to the Ground Lease and Fourth Amendment, the content of which speaks for itself, and are denied for all other purposes.

87. The allegations contained in paragraph 87 of the Amended Complaint state legal conclusions for which no response is required and are thus deemed denied. To the extent a response is required, the allegations are denied, and Defendant refers to the Ground Lease and Fourth Amendment for a full recitation of their content.

**DEBTORS' REQUESTED RELIEF**

88. The allegations contained in paragraph 88 of the Amended Complaint state legal conclusions for which no response is required and are thus deemed denied. To the extent a response is required, the allegations are denied.

89. The allegations contained in paragraph 89 of the Amended Complaint state legal conclusions for which no response is required and are thus deemed denied. To the extent a response is required, the allegations are denied.[6]

90. The allegations contained in paragraph 90 of the Amended Complaint state legal conclusions for which no response is required and are thus deemed denied. To the extent a response is required, the allegations are denied.

91. The allegations contained in paragraph 91 of the Amended Complaint state legal conclusions for which no response is required and are thus deemed denied. To the extent a response is required, the allegations are denied.

92. The allegations contained in paragraph 92 of the Amended Complaint state legal conclusions for which no response is required and are thus deemed denied. To the extent a response is required, the allegations are denied.

93. The allegations contained in paragraph 93 of the Amended Complaint state legal conclusions for which no response is required and are thus deemed denied. To the extent a response is required, the allegations are denied.

94. The allegations contained in paragraph 94 of the Amended Complaint state legal conclusions for which no response is required and are thus deemed denied. To the extent a response is required, the allegations are denied.

[6] Defendant denies that there are grounds for the Court to determine that the Ground Lease is not a true lease. However, in the event that the Court nonetheless finds that the Ground Lease is not a true lease, Defendant expressly reserves the right to assert claims and/or counterclaims in the supplemental hearing (or proceedings) requested by Debtors, including but not limited to a declaratory judgment that Defendant has a valid, perfected lien and security interest in the Premises that is senior to all other interests. The foregoing reservation applies with equal force to all paragraphs of the Amended Complaint, including paragraphs 88-97.

95. The allegations contained in paragraph 95 of the Amended Complaint state legal conclusions for which no response is required and are thus deemed denied. To the extent a response is required, the allegations are denied.

96. The allegations contained in paragraph 96 of the Amended Complaint state legal conclusions for which no response is required and are thus deemed denied. To the extent a response is required, the allegations are denied.

97. The allegations contained in paragraph 97 of the Amended Complaint state legal conclusions for which no response is required and are thus deemed denied. To the extent a response is required, the allegations are denied.

## CAUSES OF ACTION

### COUNT I
### Declaratory Judgment that the Ground Lease is not a True Lease Under 11 U.S.C. § 365

98. Defendant hereby incorporates and realleges its responses to the preceding paragraphs as if fully set forth herein.

99. The allegations contained in paragraph 99 of the Amended Complaint state legal conclusions for which no response is required and are thus deemed denied. To the extent a response is required, the allegations are denied.

100. The allegations contained in paragraph 100 of the Amended Complaint state legal conclusions for which no response is required and are thus deemed denied. To the extent a response is required, the allegations are denied.

101. The allegations contained in paragraph 101 of the Amended Complaint state legal conclusions for which no response is required and are thus deemed denied. To the extent a response is required, the allegations are denied.

## COUNT II

**Avoidance of Fraudulent Transfer (Fourth Amendment) Pursuant to 11 U.S.C. § 548(a)(1)(B) – Constructive Fraud**

102. Defendant hereby incorporates and realleges its responses to the preceding paragraphs as if fully set forth herein.

103. The allegations contained in paragraph 103 of the Amended Complaint state legal conclusions for which no response is required and are thus deemed denied. To the extent a response is required, the allegations are denied.

104. The allegations contained in paragraph 104 of the Amended Complaint state legal conclusions for which no response is required and are thus deemed denied. To the extent a response is required, the allegations are denied.

105. The allegations contained in paragraph 105 of the Amended Complaint are denied.

106. The allegations contained in paragraph 106 of the Amended Complaint state legal conclusions for which no response is required and are thus deemed denied. To the extent a response is required, the allegations are denied

## COUNT III

**Avoidance of Fraudulent Transfer – Fourth Amendment**
**Pursuant to 11 U.S.C. §544(b)(1) – New York Uniform Voidable Transactions Act**

107. Defendant hereby incorporates and realleges its responses to the preceding paragraphs as if fully set forth herein.

108. The allegations contained in paragraph 108 of the Amended Complaint state legal conclusions for which no response is required and are thus deemed denied.

109. The allegations contained in paragraph 109 of the Amended Complaint state legal conclusions for which no response is required and are thus deemed denied. To the extent a response is required, the allegations are denied.

110. The allegations contained in paragraph 110 of the Amended Complaint state legal conclusions for which no response is required and are thus deemed denied. To the extent a response is required, the allegations are denied.

111. The allegations contained in paragraph 111 of the Amended Complaint state legal conclusions for which no response is required and are thus deemed denied. To the extent a response is required, the allegations are denied.

**COUNT IV**
**Recovery of Fraudulent Transfer Pursuant to 11 U.S.C. §§ 544(b)(1), 548(a)(1)(B) and 550(a)**

112. Defendant hereby incorporates and realleges its responses to the preceding paragraphs as if fully set forth herein.

113. The allegations contained in paragraph 113 of the Amended Complaint state legal conclusions for which no response is required and are thus deemed denied.

114. The allegations contained in paragraph 114 of the Amended Complaint refer to the Fourth Amendment, the content of which speaks for itself, and are denied for all other purposes.

115. The allegations contained in paragraph 115 of the Amended Complaint state legal conclusions for which no response is required and are thus deemed denied. To the extent a response is required, the allegations are denied.

**COUNT V**

**Disallowance of Defendant's Claims Pursuant to 11 U.S.C. §502(d)**

116. Defendant hereby incorporates and realleges its responses to the preceding paragraphs as if fully set forth herein.

117. The allegations contained in paragraph 117 of the Amended Complaint state legal conclusions for which no response is required and are thus deemed denied. To the extent a response is required, the allegations are denied.

118. The allegations contained in paragraph 118 of the Amended Complaint state legal conclusions for which no response is required and are thus deemed denied. To the extent a response is required, the allegations are denied.

**AFFIRMATIVE DEFENSES**

In addition and without prejudice to its denials of the allegations in the Amended Complaint and specifically disclaiming assumption of the burden of proof for any matter which operates as a negative defense rather than an affirmative defense, Defendant states as and for its Affirmative Defenses, without waiver to the obligation of the Plaintiffs to prove each and every element of their claims, and pleading in the alternative, as follows:

First Affirmative Defense: The Amended Complaint fails to state a claim upon which relief can be granted, in whole of in part, against Defendant.

Second Affirmative Defense: Plaintiffs' claims are barred, in whole or in part, by the doctrines of laches, estoppel, unclean hands, *in pari delicto*, and/or waiver.

Third Affirmative Defense: Plaintiffs' claims are barred, in whole or in part, by the doctrine of unjust enrichment.

<u>Fourth Affirmative Defense:</u> Plaintiffs' claims are barred for failure to name and join necessary and/or indispensable parties.

<u>Fifth Affirmative Defense:</u> Plaintiffs' claims are barred by in whole or in part, by the doctrine of estoppel.

<u>Sixth Affirmative Defense:</u> Plaintiffs are barred from recovery because Debtors were not insolvent at the time of the alleged transfers described in the Amended Complaint.

<u>Seventh Affirmative Defense:</u> Plaintiffs are barred from recovery because Plaintiffs did not become insolvent as a result of the transfers described in the Amended Complaint

<u>Eighth Affirmative Defense:</u> Plaintiffs are barred from recovery because Plaintiffs were not engaged to were not about to engage in a business or transaction for which the remaining assets of the Plaintiffs were unreasonably small in relation to the business or transaction described in the Amended Complaint.

<u>Ninth Affirmative Defense:</u> Plaintiffs are barred from recovery because Plaintiffs they did not intend to incur, believed they would incur, or reasonably should have believed that they would incur debts that would be beyond the Plaintiffs' ability to repay such debts as the because due.

<u>Tenth Affirmative Defense:</u> Plaintiffs are barred from recovery because they received reasonably equivalent value for the transfers described in the Amended Complaint.

**RESERVATION OF RIGHTS**

Defendant reserves the right to rely on all affirmative defenses to Plaintiffs' claims available to them under the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the District of Delaware, 11 U.S.C. 101 et seq., or which become available to them during discovery or trial, and further hereby reserve their right to amend this Answer as of right, or with leave of the Court, for the purpose of asserting any additional defenses, including that this Court lacks personal jurisdiction over Defendant.

Dated: September 23, 2026
Wilmington, Delaware

**LANDIS RATH & COBB LLP**

*<u>/s/ Katherine S. Dute</u>*
Adam G. Landis (No. 3407)
Matthew B. McGuire (No. 4366)
Katherine S. Dute (No. 6788)
Soumya P. Venkateswaran (No. 7278)
919 Market Street, Suite 1800
Wilmington, Delaware 19801
Telephone: (302) 467-4400
Facsimile: (302) 467-4450
Email: landis@lrclaw.com
mcguire@lrclaw.com
dute@lrclaw.com
venkateswaran@lrclaw.com

– and –

**ADLER & STACHENFELD LLP**
Kirk L. Brett (admitted *pro hac vice*)
Patrick O'Connor (admitted *pro hac vice*)
555 Madison Avenue, 6th floor
New York, New York 10022
Telephone: (212)883-1700
Facsimile: (212)883-8883
Email: kbrett@adstach.com
poconnor@adstach.com

*Counsel to 356W58 Ground Lessor LLC*