**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| Hudson 1701/1706, LLC, et al., | Case No. 25-11853 (KBO) |
| Debtors. | (Joint Administration) |
| | **Related Docket Nos. 56, 87** |

**LIMITED OBJECTION OF ALBERTO SMEKE SABA AND SALOMON SMEKE SABA TO DEBTORS' PROPOSED FINAL DIP FINANCING ORDER**

Alberto Smeke Saba and Salomon Smeke Saba (collectively, the "Smekes"), by and through their undersigned counsel, hereby file this limited objection (the "Objection") to the Debtors'[1] proposed final DIP Financing order (the "Final DIP Order"),[2] and state as follows:

1. Despite the Court's express concern regarding the priming of Permitted Liens by the DIP Lender raised at the November 17th hearing, the Final DIP Order nonetheless seeks such priming (including both the DIP Liens and the Adequate Protection Liens) and again offers no legal or market support for such extraordinary relief.[3] See Paragraphs 10 and 20.a. of the Interim DIP Order. We agree with the Court that such relief should not be granted, especially given the circumstances described below.

2. As this Court is aware, the Smekes, the Debtors and Parkview are parties to that certain Settlement and Release Agreement, dates as of August 7, 2025 (the "Settlement

---

[1] Capitalized terms not otherwise defined herein shall have the meanings set forth in the Final DIP Order.

[2] Surprisingly the Debtors did not attach a proposed Final DIP Order to their DIP Motion [D.I. 56], nor did they attach it to the Notice of Motion and Hearing [D.I. 87]. Given the December 5th objection deadline, this Objection is filed on the presumption that such Final DIP Order contains the improper priming of Permitted Liens that was stricken by the Court in connection with the Interim DIP Order.

[3] The Interim DIP Order expressly provides that "*the DIP Lender's right to seek to prime Permitted Liens is preserved with respect to the Final Order.*" Interim DIP Order, ¶10.

Agreement"),[4] pursuant to which, among other things, prepetition foreclosure litigation was settled among the parties thereto. In addition, such Settlement Agreement also provided the Smekes with the contractual right to receive a 50% recovery payment from Parkview for any savings obtained for the benefit of Parkview through the reduction of certain mechanics lien amounts presented pursuant to an executed settlement agreement with such mechanics lienor. See paragraph 3 of the Settlement Agreement. Two of those settlements were timely presented to Parkview consistent with the terms of the Settlement Agreement. Despite a suspect response by DLA and not Hogan Lovells, Parkview has to date failed to reply to our inquires and otherwise comply with the terms of the Settlement Agreement.[5] Now we know why.

3. Rather than comply with the contractual terms of the Settlement Agreement,[6] Parkview (in coordination with the Debtors) seeks to "prime" those mechanics liens and others (i.e., Permitted Liens), thereby potentially impairing their value and likely taking the position that the Smekes are no longer entitled to their contractual right of recovery under the Settlement Agreement.[7]

---

[4] Attached hereto as **Exhibit A** is a copy of the Settlement Agreement, which was also attached to the Brown Declaration as Exhibit 1. [D.I. 18-2].

[5] Attached hereto as **Exhibit B** is an email from DLA (the same attorney that negotiated the terms of the prepetition Settlement Agreement on behalf of Parkview, including the mechanics lien provisions contained therein) that, among other things, questions the settlements presented. However, the Debtors have no approval rights in respect of such settlements and assert objections wholly unsupported by the facts and law. In fact, Debtors' counsel (DLA) again appears to be acting on behalf of Parkview since such settlement agreements were never provided to DLA in the first instance.

[6] The Smekes reserve all rights against Parkview, including, without limitation, asserting breach of contract claims.

[7] Of course, the Smekes dispute any such argument and will prosecute its rights against Parkview to the fullest extent of the law.

**WHEREFORE**, for the foregoing reasons, the Smekes respectfully request that the Court enter an order sustaining this Objection, and granting such further relief as may be just and proper.

December 5, 2025
Wilmington, Delaware

**WOMBLE BOND DICKINSON (US) LLP**

*/s/ Matthew P. Ward*
Matthew P. Ward, Esq. (Del. Bar No. 4471)
1313 North Market Street, Suite 1200
Wilmington, Delaware 19801
Telephone: (302) 252-4320
Facsimile: (302) 252-4330
Email: matthew.ward@wbd-us.com

-and-

**VEDDER PRICE P.C.**
Michael L. Schein, Esq. (pending *pro hac vice*)
Robert Salame, Esq.
1633 Broadway, 31st Floor
New York, New York 10019
Telephone: (212) 407-7700
Facsimile: (212) 407-7799
Email: mschein@vedderprice.com
         rsalame@vedderprice.com

*Counsel to Alberto Smeke Saba and Salomon Smeke Saba*