## EXHIBIT B

| | |
|---|---|
| **From:** | Kronley, Neal |
| **To:** | Salame, Robert |
| **Cc:** | Brown, Stuart; Gibson, John; Roche, Caleb; Silverman, Marc; chipman@chipmanbrown.com; Rownd, David; Schein, Michael L. |
| **Subject:** | [EXT] Hudson 1701/1706, LLC and Hudson 1702, LLC - Proposed Agreements |
| **Date:** | Friday, October 31, 2025 4:29:23 PM |
| **Attachments:** | image001.png<br>CSC RE Settlement Agreement (Section 3 Executed Settlement Agreement - GT).msg<br>CSC RE Settlement Agreement (Section 3 Executed Settlement Agreement - Elysium).msg |

Bobby,

As you know, we serve as proposed special litigation counsel to Hudson 1701/1706, LLC and Hudson 1702, LLC (each a "Debtor" and together, the "Debtors") in the United States Bankruptcy Court for the District of Delaware.   We are in receipt of two purported settlement agreements between Debtors and (1) Gardiner & Theobald Inc. (the "Proposed G&T Agreement") and (2) Elysium Construction Inc. ("Proposed Elysium Agreement" and together with the Proposed G&T Agreement, the "Proposed Agreements") submitted for Debtors' review and approval pursuant to Section 3 of the Settlement Agreement, dated August 7, 2025.

Debtors are unable to evaluate the Proposed Agreements as we lack relevant information, including the books and records of the Debtors, its accounting records, tax returns, and financial records.  We acknowledge receipt of a purported production of a "massive amount of documents" that may be responsive to our prior requests.

Furthermore, please be advised that Debtors intend to investigate whether and to what extent they may possess causes of action against Elysium.  In this connection, Debtors terminated Elysium for cause on or around October 1, 2025, due to, *inter alia*, Debtors' belief in and reliance of your disclosures to Debtors of Elysium's alleged misappropriation of funds.  Accordingly, it is premature for Debtors to provide consent to the Proposed Settlements.

In all events, and pursuant to Section 108(b) of the Bankruptcy Code (11 U.S.C. § 108), if an agreement fixes a time period within which the debtor "may file any pleading, demand, notice, or proof of claim or loss, cure a default, or perform any other similar act, and such period has not expired before the date of the filing of the petition, the trustee may only file, cure or perform, as the case may be, before the later of—(1) the end of such period, including any suspension of such period occurring on or after the commencement of the case; or (2) 60 days after the order for relief."  Accordingly, in the event any deadline applies to these requests, Debtors elect to extend such deadline to the 60th day post-petition or before.

Finally, to the extent you are seeking approval from Parkview Financial REIT LP, we will share your communication with counsel to Parkview at Hogan Lovells.

Debtors continue to reserve all rights and waive none.

**Neal Kronley**
Of Counsel
Co-Chair, US Real Estate Litigation Group

---

T  +1 212 335 4584
F  +1 917 778 8584
M  +1 917 757 5283
neal.kronley@us.dlapiper.com

**DLA Piper LLP (US)**
1251 Avenue of the Americas
27th Floor
New York, NY  10020-1104



dlapiper.com

The information contained in this email may be confidential and/or legally privileged. It has been sent for the sole use of the intended recipient(s). If the reader of this message is not an intended recipient, you are hereby notified that any unauthorized review, use, disclosure, dissemination, distribution, or copying of this communication, or any of its contents, is strictly prohibited. If you have received this communication in error, please reply to the sender and destroy all copies of the message. To contact us directly, send to postmaster@dlapiper.com. Thank you.