**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>Hudson 1701/1706, LLC, *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 25-11853 (KBO)<br><br>(Jointly Administered)<br><br>**Related Docket No. 100** |

**ORDER ESTABLISHING PROCEDURES FOR INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES OF PROFESSIONALS**

Upon the motion (the "**Motion**")[2] of the Debtors for entry of an order (this "**Order**") pursuant to sections 105(a), 330, and 331 of the Bankruptcy Code, Bankruptcy Rule 2016, and Local Rule 2016-2, establishing procedures for interim compensation and reimbursement of the expenses of professionals; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and the matter being a core proceeding within the meaning of 28 U.S.C. § 157(b)(2); and the Court being able to issue a final order consistent with Article III of the United States Constitution; and venue of this proceeding and the Motion being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and due and sufficient notice of the Motion having been given under the particular circumstances; and it appearing that no other or further notice is necessary; and it appearing that the relief requested in the Motion is in the best interests of the Debtors, their estates,

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are Hudson 1701/1706, LLC (0281) and Hudson 1702, LLC (0190). The Debtors' mailing address is c/o FTI Consulting, Inc. Attn: Alan Tantleff, 1166 Avenue of the Americas, 15th Floor, New York, NY 10036.

[2] Capitalized terms not defined herein shall have the meanings ascribed to them in the Motion.

their creditors, and other parties in interest; and after due deliberation thereon; and good and sufficient cause appearing therefor; it is hereby;

**ORDERED, ADJUDGED, and DECREED that:**

1. The Motion is GRANTED, as set forth herein.

2. Except as otherwise provided in an order of this Court authorizing the retention of a Retained Professional, Retained Professionals may seek interim payment of compensation and reimbursement of expenses in accordance with the following compensation procedures (the "**Compensation Procedures**"):

**A. Monthly Fee Applications**

a. On or about the fifteenth (15th) day of each calendar month following the month for which compensation is sought, each Retained Professional seeking interim allowance of its fees and expenses shall file with the Court an application, which shall include the relevant time entries and descriptions and expense details for interim allowance of compensation for services rendered and reimbursement of expenses incurred during the preceding month (a "**Monthly Fee Application**"). The Retained Professionals' first Monthly Fee Applications shall cover the period from the Petition Date through October 31, 2025.

b. Each Retained Professional that files a Monthly Fee Application shall serve a copy of such Monthly Fee Application on the following parties (collectively, the "**Fee Notice Parties**"):

i. counsel to the Debtors, Chipman Brown Cicero & Cole LLP, 1313 N. Market Street, Suite 5400, Wilmington, DE 19801 (Attn: William E. Chipman, Jr. and Mark D. Olivere; email: chipman@chipmanbrown.com and olivere@chipmanbrown.com);

ii. counsel to the DIP Lender and Pre-Petition Lender, Hogan Lovells US LLP, (i) 1999 Avenue of the Stars, Suite 1400, Los Angeles, California 90067 (Attn: Richard Wynne and David P. Simonds; email: richard.wynne@hoganlovells.com and david.simonds@hoganlovells.com); and (i) 390 Madison Avenue, New York, New York, 10017 (Attn.: Christopher Bryant; email: chris.bryant@hoganlovells.com);

iii. counsel to the Official Committee of Unsecured Creditors (the "**Committee**"), Morris James LLP, 3205 Avenue North Blvd., Suite 100, Wilmington, Delaware 19803 (Attn: Eric J. Monzo, Esquire) (Email:

emonzo@morrisjames.com); and Seward & Kissel LLP, One Battery Park Plaza, New York, NY 10004, (Attn: Robert J. Gayda, Esquire) (Email: gayda@sewkis.com).; and

iv. the Office of the United States Trustee for the District of Delaware, 844 King Street, Suite 2207, Lockbox 35, Wilmington, DE 19801 (Attn: Malcolm M. Bates; email: malcolm.m.bates@usdoj.gov).

c. Any Retained Professional that fails to file a Monthly Fee Application for a particular month or months may subsequently submit a consolidated Monthly Fee Application that includes a request for compensation earned or expenses incurred during previous months. All Monthly Fee Applications shall comply with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any applicable orders of this Court.

d. The deadline to object to any Monthly Fee Application shall be 4:00 p.m. (prevailing Eastern Time) on the twenty-first (21st) day (or the next business day if such day is not a business day) following the date the Monthly Fee Application is served (the "**Objection Deadline**").

e. To object to a Retained Professional's Monthly Fee Application, the objecting party shall (i) file with the Court a written objection (an "**Objection**") on or before the Objection Deadline and (ii) serve the Objection upon the affected Retained Professional and each of the Fee Notice Parties. Thereafter, the objecting party and the Retained Professional will attempt to resolve the Objection on a consensual basis.

f. Upon the expiration of the Objection Deadline, a Retained Professional may file a certificate of no objection (a "**CNO**") with the Court with respect to any fees and expenses not subject to an Objection. After a Retained Professional files a CNO, the Debtors shall promptly pay the Retained Professional 80% of the fees and 100% of the expenses requested in the applicable Monthly Fee Application that are not subject to an Objection.

g. If a portion of the fees and expenses requested in a Monthly Fee Application is subject to an Objection and the parties are unable to reach a consensual resolution, the Retained Professional may either (i) file with the Court a response to the Objection, together with a request for payment of any portion of the amounts subject to the Objection, or (ii) forgo payment of the amount subject to such objection until the next hearing to consider interim or final fee applications, at which time the Court shall adjudicate any unresolved Objections. If the parties reach a consensual resolution, the Debtors will promptly pay 80% of the agreed-upon fees and 100% of the agreed-upon expenses.

**B. Interim Fee Applications**

a. Unless a chapter 11 plan of reorganization or liquidation has become effective, at three-month intervals, each Retained Professional shall file with the Court an application (an "**Interim Fee Application**") for interim approval and allowance of compensation and reimbursement of expenses sought by such Retained Professional in its Monthly Fee Applications, including any amounts requested in Monthly Fee Applications but yet unpaid, filed during the preceding interim period (each such period, an "**Interim Fee Period**"). The initial Interim Fee Period shall include the period from the Petition Date through and including December 31, 2025.

b. Retained Professionals shall file their applicable Interim Fee Applications on or before the thirtieth (30th) day, or the next business day if such day is not a business day, following the end of each Interim Fee Period.

c. The Interim Fee Application shall include a brief description identifying the following:

i. the Monthly Fee Applications that are the subject of the request;

ii. the amount of fees and expenses requested;

iii. the amount of fees and expenses paid to date or subject to an Objection;

iv. the deadline for parties to file objections to the Interim Fee Application (such objections, the "**Additional Objections**"); and

v. any other information requested by the Court or required by the Bankruptcy Code, the Bankruptcy Rules, or the Local Rules.

d. Additional Objections to any Interim Fee Application shall be filed with the Court on or before 4:00 p.m. (prevailing Eastern Time) on the twenty-first (21st) day (or next business day if such day is not a business day) following service of the applicable Interim Fee Application, and served upon the affected Retained Professional and each of the Fee Notice Parties.

e. The Debtors may request that the Court schedule a hearing on Interim Fee Applications at least once every three months or at such other intervals as the Court deems appropriate. If no Objections are pending and no Additional Objections are timely filed, the Court may approve and allow an Interim Fee Application without a hearing, upon the Retained Professional's filing of a CNO. Upon allowance by the Court of a Retained Professional's Interim Fee Application, the Debtors will be authorized to promptly pay such Retained Professional all requested fees (including the 20% holdback) and expenses not previously paid.

f. Each Retained Professional shall serve, via electronic or first-class mail, its Interim Fee Application and final fee application upon the Fee Notice Parties. Each Retained Professional shall serve, via first class mail, a notice of hearing on its Interim Fee Application and final fee application on all parties that have requested notice in the Chapter 11 Cases pursuant to Bankruptcy Rule 2002. No further notice is necessary.

g. Each Retained Professional that is an attorney shall, unless such attorney is employed and retained pursuant to the OCP Motion and is not required to file fee applications in accordance with the terms thereof (a) apply for compensation for professional services rendered and for reimbursement of expenses incurred in connection with these chapter 11 cases incompliance with sections 330 and 331 of the Bankruptcy Code and applicable provisions of the Bankruptcy Rules, the Local Rules, and any other applicable procedures and orders of this Court, and (b) make a reasonable effort to comply with the U.S. Trustee's requests for information and additional disclosures as set forth in the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases*, effective as of November 1, 2013, in connection with each such attorney's Interim Fee Application or final fee application.

h. A pending Objection to compensation or reimbursement of a Retained Professional shall not disqualify the Retained Professional from future compensation or reimbursement.

i. Neither (i) the payment of, or the failure to pay, in whole or in part, any interim compensation and reimbursement to a Retained Professional nor (ii) the filing of, or failure to file, an Objection shall bind any party-in-interest or the Court with respect to the final allowance of any compensation of fees for services rendered or reimbursement of expenses incurred by a Retained Professional. All fees and expenses paid to Retained Professionals under these Compensation Procedures shall be subject to disgorgement until final allowance by the Court.

j. Any member of the Committee may submit statements of expenses (excluding the fees and expenses of an individual Committee member's third-party counsel or any other third-party advisors) and supporting vouchers to the Committee's counsel, which counsel shall collect and submit the Committee members' requests for reimbursement in accordance with the Compensation Procedures; *provided* that payment of such expenses is not authorized to the extent that such authorization does not exist under the Bankruptcy Code, applicable Third Circuit law, the Bankruptcy Rules, the Local Rules, or the procedures and practices of this Court.

k. No Retained Professional may serve a Monthly Fee Application or file an Interim Fee Application until the Court enters an order approving the retention of such Professional pursuant to sections 327 or 1103 of the Bankruptcy Code.

3. The amount of fees and expenses sought in any request for compensation and reimbursement of expenses shall be stated in U.S. dollars (if applicable, calculated at the prevailing exchange rate on the date of submission of the relevant fee application).

4. The Debtors shall include all payments made to Professionals in accordance with the Compensation Procedures in their monthly operating report, identifying the amount paid to each of the Professionals.

5. All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

6. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

7. The Court retains jurisdiction over any matter arising from or related to this Order, including its interpretation, construction, implementation, and enforcement.

**Dated: December 10th, 2025**
**Wilmington, Delaware**

**KAREN B. OWENS**
**CHIEF JUDGE**