## Exhibit C

**Amended Subpoenas**

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (12/15)

# UNITED STATES BANKRUPTCY COURT

_____ District of _____

In re _____
                Debtor

Case No. _____

Chapter _____

## SUBPOENA FOR RULE 2004 EXAMINATION

To: _____
*(Name of person to whom the subpoena is directed)*

☐ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure.  A copy of the court order authorizing the examination is attached.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

The examination will be recorded by this method: _____

☐ *Production:* You, or your representatives, must also bring with you to the examination the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

        The following provisions of **Fed. R. Civ. P. 45**, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

        CLERK OF COURT

                                OR

_____             _____
*Signature of Clerk or Deputy Clerk*              *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)*
_____ ,  who issues or requests this subpoena, are:

_____

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 2)

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of  $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person

(i) is a party or a party's officer; or

(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:

(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

…

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

## ATTACHMENT A

Pursuant to Rule 45 of the Federal Rules of Civil Procedure and Rule 2004 of the Federal Rules of Bankruptcy Procedure, the undersigned attorney for Hudson 1701/1706, LLC and Hudson 1702, LLC (each a "Debtor" and collectively, the "Debtors"), hereby requests that You produce and make available for inspection and copying by the Debtors each of the following documents, things, and tangible items, or categories of documents, in Your possession, custody, or control which are responsive to the following requests for documents and materials (each a "Request" and collectively, the "Requests") at the offices of DLA Piper LLP (US), 1201 North Market Street, Suite 2100, Wilmington, DE 19801 (Attn.: Stuart M. Brown) within 14 days of service of the subpoena:

## INSTRUCTIONS

1.      Each paragraph and subparagraph in a Request shall be construed independently and not with reference to any other paragraph or subparagraph for the purpose of limitation.

2.      These Requests seek production of all documents described in each Request, including all drafts, of whatever date, and all non-identical copies, unless all relevant and material information may be conveyed by producing less than all documents, in which case the response should indicate what documents are not being produced.

3.      These requests are continuing in nature, and, to the extent that your responses may be enlarged, diminished, or otherwise modified by information acquired subsequent to the production of your initial responses, you are required to produce supplemental responses reflecting such changes.

4.      If you are unable to produce a requested document or can only produce a portion of a requested document, the requested document should be produced to the extent possible and as

to any document or portion not being produced, state or describe: (i) the reason(s) you cannot produce the requested document(s); (ii) a list of all documents or categories of documents that can only be partially produced or cannot be produced; and (iii) the earliest date that you can complete production of the requested documents.

5.      The obligations regarding the assertion of claims of privilege set forth in Federal Rule of Civil Procedure 26(b)(5) are incorporated by reference in these Requests.  As to any document withheld from production on any ground, state or describe: (i) the type of document, (ii) the general subject matter of the document; (iii) the date of the document; (iv) the document's author; (v) the document's recipient(s); and (vi) such other information as is sufficient to identify the document for a subpoena duces tecum.

6.      Pursuant to Rule 34(b) of the Federal Rules of Civil Procedure, document should either be organized and labeled to correspond with the categories in each Request or produced as they are kept in the normal course of business.

7.      As used herein, all singular terms, unless specified otherwise, shall include the plural, and all plural terms shall include the singular.

8.      Unless otherwise specified, the relevant time period for which the document requests are made is March 14, 2022 through the present.

9.      Debtors specifically reserve the right to supplement these Requests as appropriate.

## **DEFINITIONS**

1.      As used herein, the terms "and" and "or" shall be construed either disjunctively or conjunctively, in order to bring within the scope of these interrogatories any information which might otherwise be considered to be beyond their scope.

2.      As used herein, the term "Agreements" shall mean all contracts, agreements, leases, construction contracts, service and maintenance agreements, supply agreements, license agreements, utility agreements, warranties, guaranties, understandings and arrangements entered into between either Debtor and any entity, including any property management contracts, leases, etc., and any amendments or modifications thereto.

3.      As used herein, the term "Document" is synonymous in meaning and equal in scope to the use of the term Document in the Federal Rules of Civil Procedures 34(a).  As used herein, "Documents" also means all physical or electronic things of any kind Communicating thoughts, impressions, or ideas in whatever form, including the originals and all non-identical copies and drafts, whether different from the originals by reason of any notations made on such copies or otherwise, and including, but not limited to, correspondence, memoranda, notes, diaries, calendars, statistics, letters, telegrams, minutes, financial records, accounts, ledgers, agreements, records of receipts and expenditures, budgets, appraisals, projections, contracts, reports, studies, checks, wire transfers, statements, receipts, returns, summaries, pamphlets, books, prospectuses, interoffice and intra-office Communications, offers, notations or any sort of conversations or telephone calls or meetings or other Communications, bulletins, policies, printed matter, computer printouts, teletypes, telefaxes, invoices, electronic files and all drafts, alterations, modifications, changes, and amendments of any kind (including, without limitation, photographs, charts, graphs, microfiche, microfilm, videotape, records, motion pictures) and electronic, mechanical or electric records or representations of any kind (including, without limitation, tapes, cassettes, disks, and recordings).

4.      The terms "Communication" and "Communications" are used in the broadest sense possible under the Federal Rules of Civil Procedure, including Rule 34, and include, without

limitation, any internal and/or external discussion, conversation, conference, meeting or exchange of hard copy or electronic Documents between or among Persons, whether in Person, by telephone, in writing, electronically or otherwise, as well as any Document which records, reflects and/or pertains to any such Communication, including, without limitation, letters, telegrams, telexes, facsimiles, message slips, personal calendars, personal notes, memoranda, messages made through any instant messaging service or application, including WhatsApp and Microsoft Teams, social media service or application, smartphone text message service or application, including Apple iMessage, or any other internet-based technology service or application, and/or sound recordings and transcripts thereof.

5.      As used herein, the terms "relating to," "in connection with," and "with respect to" shall mean concerning, evidencing, referring to, arising from, connection with, commenting on, responding to, showing, describing, analyzing, reflecting, regarding, or constituting.

6.      "Identify" as used herein with respect to an "account" or "accounts" shall be read to require a statement of all of the following information relative to such account: (a) the name and number of each account into which any rent payments, including SRO rent payments, have been deposited; (b) the name and address of the financial institution at which each such account is maintained; (c) the name(s) of all authorized signatories or persons with access to each such account; (d) the dates and amounts of all SRO rent payments deposited into each account; (e) the source (i.e., tenant name and unit number) of each such payment; (f) the current balance of each such account; and (g) the identification of all Documents, statements, ledgers, or other records reflecting or evidencing such deposits and account activity for the relevant period.

7.      As used herein, the term "Pledgor" or "CSC" shall mean CSC Hudson, LLC.

8.      As used herein, the term "Debtors" shall mean Hudson 1701/1706, LLC and Hudson 1702, LLC.

9.      As used herein, the term "Prepetition Lender" or "Parkview" shall mean Parkview Financial REIT, LP.

10.     As used herein, the term "SRO" shall mean single-room-occupancy.

11.     As used herein, the term "Property" shall mean the leasehold estates in certain real properties located in the 353 West 57th Street Condominium.

12.     The terms "you" or "your" mean CSC Hudson, LLC.

13.     As used herein, the term "MGE" shall mean MG Engineering D.P.C., a full-service engineering firm engaged by CSC to perform work on the Property and provide technical drawings regarding the Property's development.

14.     As used herein, the term "Elysium" shall mean Elysium Construction, Inc.

15.     As used herein, the term "Significant Transaction" includes any transaction involving more than $100,000.

16.     As used herein, "Petition Date" means October 22, 2025.

## REQUEST FOR PRODUCTION OF DOCUMENTS

**REQUEST 1.**        All consolidated and unconsolidated books and records of Pledgor and Debtors, including general ledgers, trial balances, journals, AP/AR aging, vendor masters, and chart of accounts for all Debtor entities and accounts.  For the avoidance of any doubt, this request includes, but is not limited to, a request for the complete 2025 general ledger transaction detail for all Pledgor and Debtor entities and accounts through, at minimum, July 25, 2025, and, if more current, the latest period available.  Debtors note that the file provided to date with the title "Hudson 2025 Financial reports final.xlsx" purporting to include the "Hudson Consolidated GL"

is limited to only a single general ledger account code, "1000 – Operating Cash." Excerpts from "Hudson 2025 Financial reports final.xlsx" are attached hereto as **Exhibit A**.

      **REQUEST 2.**      All bank reconciliations for Pledgor and Debtors as of (x) December 31, 2024, and (y) July 25, 2025, including, but not limited to the following accounts: (i) Chase Account ███████████; (ii) Chase Account ███████████; Chase Account (iii) Chase Account ███████████; (iv) Chase Account ███████████; (v) Chase Account ███████████; (vi) Chase Account ███████████; (vii) Chase Account ███████████; (viii) Chase Account ███████████; (ix) Chase Account ███████████; (x) Chase Account ███████████; (xi) Chase Account ███████████; (xii) Chase Account ███████████; (xiii) Chase Account ███████████; (xiv) Chase Account ███████████; (xv) Chase Account ███████████; (xvi) Chase Account ███████████; (xvii) Chase Account ███████████; (xviii) Chase Account ███████████; (xix) Valley Account ending in 2336; (xx) Valley Account ending in 3308; and (xxi) "Citizens Bank Account for Tenant Rent Payments" as referenced in Exhibit A (collectively, accounts (i) through (xxi) are referred to as the "CSC Accounts").

      **REQUEST 3.**      All federal and state tax returns that reflect financial information of the Pledgor and Debtor entities, including, but not limited to the Form 1065 U.S. Return for Partnership Income filed by CSC Holdings LLC, which "consolidates and captures the financial activity, assets and operations of all [CSC Holdings LLC's] holdings, including [Debtors]." *See* Dkt. 37-1 (Letter from Bernath & Rosenberg CPA, dated Oct. 31, 2025).

**REQUEST 4.**　　　　Documents sufficient to identify any parent corporation to Debtors and Employer Identification Number (EIN) for any consolidated tax group for which Debtors were members for the six years prior to the Petition Date.

**REQUEST 5.**　　　　The complete bank statements for all bank accounts used by or for the Debtors from inception through present, including bank name, account number suffix, account title, signatories, wire confirmations, and transfer authorizations.　For the avoidance of doubt, this request seeks information concerning bank accounts regardless of whether the account holder is a Debtor entity, including any accounts moving Debtor funds through, to, or from any CSC-related accounts, and includes, at minimum, the CSC Accounts.

**REQUEST 6.**　　　　Documents and Communications related to all Significant Transactions involving the Debtors' funds or the CSC Accounts, including wire/transfer records, authorizations, invoices, purchase orders, and agreements. This request includes, but is not limited to, the following transactions: (i) the April 7, 2025 withdrawal of $704,000 from Chase Account ███████████ and (ii) the April 7, 2025 withdrawal of $289,000 from Chase Account ███████████.

**REQUEST 7.**　　　　Documents and Communications sufficient to determine the purpose and use of all bank accounts used by or for the Debtors, including, but not limited to, the CSC Accounts.

**REQUEST 8.**　　　　Documents sufficient to determine any financial accounts or instruments held in Debtors' names that were closed in the year prior to the Petition Date.

**REQUEST 9.**　　　　All consolidated and unconsolidated financial statements (whether audited or unaudited) and all Documents and Communications related thereto, including but not limited to, income statements and balance sheets of the Debtors.

**REQUEST 10.**      All financial and accounting organizational charts for the Debtors and related entities from January 1, 2024 to July 31, 2025.

**REQUEST 11.**      All agreements, cash pooling arrangements, and Documents and Communications related thereto regarding the "Intercompany Receivables" listed in the "Balance Sheet" in Exhibit A: (i) "340 Clifton," (ii) "Chestnut Retail LLC," (iii) "MEMBERS," (iv) "Arsa," (v) "CSC Coliving," (vi) "Mason," and (vii) "Rectory."

**REQUEST 12.**      Documents sufficient to identify the person(s) responsible for Debtors' accounting and the production of any financial statements.

**REQUEST 13.**      All Documents and Communications relating to confirmation of cash turnover and current balances for bank accounts of or used for Debtors as of and following July 25, 2025, including all records for the CSC Accounts.   For the avoidance of any doubt, this request includes, but is not limited to information regarding the location and access to funds listed in the "Balance Sheet" in Exhibit A as of July 25, 2025, including, but not limited to, the $354,308.42 in "Hudson 1701-1706 7263" and $203,591.98 in "Operating Cash".

**REQUEST 14.**      Documents sufficient to identify all payments made by Debtors in the 90 days prior to the Petition Date, including, but not limited to, wire/transfer records, authorizations, invoices, purchase orders, and agreements.

**REQUEST 15.**      All Federal, state and local governmental permits, licenses, approvals, stop work orders, consents, and all Documents and Communications related thereto in connection with the Debtors' operations and the Property to the extent not already produced.

**REQUEST 16.**      For the period August 1, 2021 to the present, all Documents and Communications hitting on the search terms provided on December 11, 2025 (attached hereto as

Exhibit B) for the following document custodians: Alberto Smeke Saba, Saloman Smeke Saba, and Shlomo Rosenfeld.

**REQUEST 17.**     All Agreements to which CSC or Debtors are a party, and all Documents and Communications relating to such Agreements, including any notices of claims, demands, or defaults.

**REQUEST 18.**     All Agreements to which CSC Coliving, LLC and any other CSC-related entities are a party that relate to the Property or Debtors and Documents and Communications relating to such Agreements, including any notices of claims, demands, or defaults.

**REQUEST 19.**     Provide documentation evidencing, or written approval from, CSC authorizing the release of all documents, including but not limited to RFIs, submittals, and schedules, currently withheld by MGE in connection with the Debtors' operations and the Property, as required under the settlement agreement.

**REQUEST 20.**     Documents sufficient to identify the name, address, position and nature of any ownership interest, the percent of such interest, title(s), dates of service for all former directors, officers, and members of the Debtors.

**REQUEST 21.**     Documents sufficient to identify all payments, distributions, or withdrawals to insiders of any form in the year prior to the Petition Date, including, but not limited to, salary payments, other compensation, draws, bonuses, loans, credits on loans, stock redemptions, and options exercised.

Dated: December 30, 2025
Wilmington, Delaware

Respectfully submitted,

**DLA PIPER LLP (US)**

 */s/ Stuart M. Brown*
Stuart M. Brown (DE 4050)
1201 North Market Street, Suite 2100
Wilmington, Delaware 19801
Telephone: (302) 468-5700
Facsimile: (302) 394-2341
Email: stuart.brown@us.dlapiper.com

-and-

David M. Riley (admitted *pro hac vice*)
Neal Kronley (admitted *pro hac vice*)
1251 Avenue of the Americas
New York, New York 10020
Telephone: (212) 335-4500
Facsimile: (212-335-4501
Email: david.riley@us.dlapiper.com
           neal.kronley@us.dlapiper.com

*Proposed Special Counsel to the Debtors*

**<u>Exhibit A</u>**

**<u>Excerpts From "Hudson 2025 Financial reports final.xlsx"</u>**

## General Ledger

Exported On: 11/07/2025 02:54 PM

**Properties:** Hudson 1702 - 358 W 58th New York, NY 10019, Hudson 1701/1706 - 358 W 58th New York, NY 10019, CSC Hudson LLC - 353 W 57th St New York, NY 10019
**Created By:** All
**GL Accounts:** 1000: Operating Cash
**Exclude Zero Dollar Receipts From Cash Accounts:** Yes
**Date Range:** 01/01/2025 to 07/25/2025
**Accounting Basis:** Accrual
**Show Reversed Transactions:** No

| Property | Date | Payee / Payer | Type | Reference | Debit | Credit | Balance | Description |
|---|---|---|---|---|---|---|---|---|
| **1000 - Operating Cash** | | | | | | | | |
| Starting Balance | | | | | | | 113,994.87 | |
| CSC Hudson LLC - 353 W 57th St New York, NY 10019 | 01/01/2025 | Cadence FP&A | Payment | Paid by Coliving (4 transfers of 425 in January) | | 1,700.00 | 112,294.87 | |
| Hudson 1702 - 358 W 58th New York, NY 10019 | 01/02/2025 | | Receipt | ck #274 | 501.11 | | 112,795.98 | |
| Hudson 1702 - 358 W 58th New York, NY 10019 | 01/02/2025 | | Receipt | ck # 126 | 501.11 | | 113,297.09 | |
| Hudson 1702 - 358 W 58th New York, NY 10019 | 01/02/2025 | | Receipt | cash | 429.20 | | 113,726.29 | |
| Hudson 1702 - 358 W 58th New York, NY 10019 | 01/02/2025 | | Receipt | cash | 391.86 | | 114,118.15 | |
| Hudson 1702 - 358 W 58th New York, NY 10019 | 01/02/2025 | | Receipt | cash | 130.62 | | 114,248.77 | Prepaid Rent Income |
| Hudson 1702 - 358 W 58th New York, NY 10019 | 01/02/2025 | | Receipt | cash | 422.27 | | 114,671.04 | |
| Hudson 1702 - 358 W 58th New York, NY 10019 | 01/02/2025 | | Receipt | cash | 419.47 | | 115,090.51 | Prepaid Rent Income |
| Hudson 1702 - 358 W 58th New York, NY 10019 | 01/02/2025 | | Receipt | cash | 0.53 | | 115,091.04 | Prepaid Rent Income |
| Hudson 1702 - 358 W 58th New York, NY 10019 | 01/02/2025 | | Receipt | ck #846 | 393.02 | | 115,484.06 | |
| Hudson 1702 - 358 W 58th New York, NY 10019 | 01/02/2025 | | Receipt | ck # 898 | 454.74 | | 115,938.80 | |
| Hudson 1702 - 358 W 58th New York, NY 10019 | 01/02/2025 | | Receipt | ck #222 | 543.12 | | 116,481.92 | |
| Hudson 1702 - 358 W 58th New York, NY 10019 | 01/07/2025 | | Receipt | ck # 164 | 402.57 | | 116,884.49 | |
| Hudson 1702 - 358 W 58th New York, NY 10019 | 01/07/2025 | | Receipt | ck # 2524 | 402.57 | | 117,287.06 | |
| Hudson 1702 - 358 W 58th New York, NY 10019 | 01/07/2025 | | Receipt | ck # 1248 | 419.51 | | 117,706.57 | |
| Hudson 1702 - 358 W 58th New York, NY 10019 | 01/09/2025 | | Receipt | ck # 142 | 404.88 | | 118,111.45 | |
| Hudson 1702 - 358 W 58th New York, NY 10019 | 01/14/2025 | | Receipt | ck 871739009# | 318.30 | | 118,429.75 | |
| Hudson 1702 - 358 W 58th New York, NY 10019 | 01/14/2025 | | Receipt | ck 871739009# | 57.84 | | 118,487.59 | Prepaid Rent Income |
| Hudson 1702 - 358 W 58th New York, NY 10019 | 01/14/2025 | | Receipt | ck #533 | 393.02 | | 118,880.61 | Prepaid Rent Income |

# Balance Sheet

**Exported On:** 11/07/2025 02:53 PM

**Properties:** Hudson 1702 - 358 W 58th New York, NY 10019, Hudson
**As of:** 07/25/2025
**Accounting Basis:** Accrual
**Level of Detail:** Detail View
**Include Zero Balance GL Accounts:** No

| Account Name | Balance |
| --- | --- |
| **ASSETS** | |
| **Cash** | |
| CSC Hudson 5722 | 703,916.51 |
| CSC Hudson Savings 7988 | -703,944.95 |
| Hudson 1701-1706 7263 | 354,308.42 |
| Hudson 1702 3993 | -15.00 |
| Hudson Valley Severance 2336 | 35.07 |
| Hudson Valley Tax 3308 | 16.02 |
| Operating Cash | 203,591.98 |
| Citizens Bank Account for Tenant Rent Payments | 14.00 |
| **Total Cash** | **557,922.05** |
| Demolished Property | 1,325,593.66 |
| General Contractor | 3,761,628.31 |
| Loan Closing Costs | 29,977.29 |
| Real Estate Transfer Tax | 784,141.94 |
| Wood and Plastics | 1,223,118.18 |
| Accounts Receivable | 92,683.76 |
| **ESCROW ACCOUNTS** | |
| Escrow for Taxes | 827,441.20 |
| **Total ESCROW ACCOUNTS** | **827,441.20** |
| **Fixed Assets** | |
| Prepaid Insurance | 314,109.20 |
| **Total Fixed Assets** | **314,109.20** |
| **INTERCOMPANY RECEIVABLES** | |
| Due from 340 Clifton | -156,805.63 |

| | |
|---|---|
| Due from Chestnut Retail LLC | 8,712.13 |
| DUE FROM MEMBERS | 2,710,334.90 |
| Due to/from Arsa | 110,470.13 |
| Due to/from CSC Coliving | 207,827.50 |
| Due to/from Mason | -19,811.60 |
| Due to/from Rectory | -5,258.95 |
| **Total INTERCOMPANY RECEIVABLES** | **2,855,468.48** |
| **BUILDING** | |
| Building | 48,595,961.57 |
| Building: Land Improvements Property | 74,838.27 |
| Land Improvements Property | 5,363,541.53 |
| **Total BUILDING** | **54,034,341.37** |

## **Exhibit B**

## **Search Terms**

**Search Terms:**

- Hudson
- Parkview
- PV
- Cure
- SRO
- CONH
- certificate /5 harassment
- 356W58
- "Montgomery Street Partners"
- MSP
- "Ground Landlord REIT"
- GLR
- "Ground Lease"
- Elysium
- "West 57th"
- "West 58th"
- "EC 58th"
- Clifton
- Chestnut
- Arsa
- Mason
- Rectory
- Tang
- *@mspcm.com
- *@adstach.com
- *@elysiumconstruction.com
- Dolcinium
- Gardiner
- Theobald
- G&T
- Nouveau
- Tritech
- "LA Fitness"
- CMBM
- Gilbar
- Alba
- "Graham Parker"
- "Master Glass"
- Mulligan

- "The Square"
- "Universal Stone"
- V10
- Chase AND *7988
- Chase AND *5722
- Chase AND *7263
- Chase AND *3993
- Chase AND *7690
- Valley AND *2336
- Valley AND *3308
- "Intercompany Receivables"
- "Intercompany Notes"

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (12/15)

# UNITED STATES BANKRUPTCY COURT

_____ District of _____

In re _____
                    Debtor

Case No. _____

Chapter _____

## SUBPOENA FOR RULE 2004 EXAMINATION

To: _____
                    *(Name of person to whom the subpoena is directed)*

☐  *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure.  A copy of the court order authorizing the examination is attached.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

The examination will be recorded by this method: _____

☐  *Production:* You, or your representatives, must also bring with you to the examination the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of **Fed. R. Civ. P. 45**, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

                    CLERK OF COURT

                                        OR

_____                _____
*Signature of Clerk or Deputy Clerk*                 *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)*
_____ , who issues or requests this subpoena, are:

_____

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 2)

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .


☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or


☐ I returned the subpoena unexecuted because: _____

_____


Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of  $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .


      I declare under penalty of perjury that this information is true and correct.

Date:  _____


_____
*Server's signature*


_____
*Printed name and title*


_____
*Server's address*


Additional information concerning attempted service, etc.:

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person

(i) is a party or a party's officer; or

(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:

(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*

*(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

*(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*

*(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

*(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

*(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

*(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

*(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

*(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

*(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*

*(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

*(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

…

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

## **ATTACHMENT A**

Pursuant to Rule 45 of the Federal Rules of Civil Procedure and Rule 2004 of the Federal Rules of Bankruptcy Procedure, the undersigned attorney for Hudson 1701/1706, LLC and Hudson 1702, LLC (each a "Debtor" and collectively, the "Debtors"), hereby requests that You produce and make available for inspection and copying by the Debtors each of the following documents, things, and tangible items, or categories of documents, in Your possession, custody, or control which are responsive to the following requests for documents and materials (each a "Request" and collectively, the "Requests") at the offices of DLA Piper LLP (US), 1201 North Market Street, Suite 2100, Wilmington, DE 19801 (Attn.: Stuart M. Brown) within 14 days of service of the subpoena:

## **INSTRUCTIONS**

1.      Each paragraph and subparagraph in a Request shall be construed independently and not with reference to any other paragraph or subparagraph for the purpose of limitation.

2.      These Requests seek production of all documents described in each Request, including all drafts, of whatever date, and all non-identical copies, unless all relevant and material information may be conveyed by producing less than all documents, in which case the response should indicate what documents are not being produced.

3.      These requests are continuing in nature, and, to the extent that your responses may be enlarged, diminished, or otherwise modified by information acquired subsequent to the production of your initial responses, you are required to produce supplemental responses reflecting such changes.

4.      If you are unable to produce a requested document or can only produce a portion of a requested document, the requested document should be produced to the extent possible and as

to any document or portion not being produced, state or describe: (i) the reason(s) you cannot produce the requested document(s); (ii) a list of all documents or categories of documents that can only be partially produced or cannot be produced; and (iii) the earliest date that you can complete production of the requested documents.

5.    The obligations regarding the assertion of claims of privilege set forth in Federal Rule of Civil Procedure 26(b)(5) are incorporated by reference in these Requests.  As to any document withheld from production on any ground, state or describe: (i) the type of document, (ii) the general subject matter of the document; (iii) the date of the document; (iv) the document's author; (v) the document's recipient(s); and (vi) such other information as is sufficient to identify the document for a subpoena duces tecum.

6.    Pursuant to Rule 34(b) of the Federal Rules of Civil Procedure, document should either be organized and labeled to correspond with the categories in each Request or produced as they are kept in the normal course of business.

7.    As used herein, all singular terms, unless specified otherwise, shall include the plural, and all plural terms shall include the singular.

8.    Unless otherwise specified, the relevant time period for which the document requests are made is March 14, 2022 through the present.

9.    Debtors specifically reserve the right to supplement these Requests as appropriate.

### **DEFINITIONS**

1.    As used herein, the terms "and" and "or" shall be construed either disjunctively or conjunctively, in order to bring within the scope of these interrogatories any information which might otherwise be considered to be beyond their scope.

2.      As used herein, the term "Agreements" shall mean all contracts, agreements, leases, construction contracts, service and maintenance agreements, supply agreements, license agreements, utility agreements, warranties, guaranties, understandings and arrangements entered into between either Debtor and any entity, including any property management contracts, leases, etc., and any amendments or modifications thereto.

3.      As used herein, the term "Document" is synonymous in meaning and equal in scope to the use of the term Document in the Federal Rules of Civil Procedures 34(a).  As used herein, "Documents" also means all physical or electronic things of any kind Communicating thoughts, impressions, or ideas in whatever form, including the originals and all non-identical copies and drafts, whether different from the originals by reason of any notations made on such copies or otherwise, and including, but not limited to, correspondence, memoranda, notes, diaries, calendars, statistics, letters, telegrams, minutes, financial records, accounts, ledgers, agreements, records of receipts and expenditures, budgets, appraisals, projections, contracts, reports, studies, checks, wire transfers, statements, receipts, returns, summaries, pamphlets, books, prospectuses, interoffice and intra-office Communications, offers, notations or any sort of conversations or telephone calls or meetings or other Communications, bulletins, policies, printed matter, computer printouts, teletypes, telefaxes, invoices, electronic files and all drafts, alterations, modifications, changes, and amendments of any kind (including, without limitation, photographs, charts, graphs, microfiche, microfilm, videotape, records, motion pictures) and electronic, mechanical or electric records or representations of any kind (including, without limitation, tapes, cassettes, disks, and recordings).

4.      The terms "Communication" and "Communications" are used in the broadest sense possible under the Federal Rules of Civil Procedure, including Rule 34, and include, without

limitation, any internal and/or external discussion, conversation, conference, meeting or exchange of hard copy or electronic Documents between or among Persons, whether in Person, by telephone, in writing, electronically or otherwise, as well as any Document which records, reflects and/or pertains to any such Communication, including, without limitation, letters, telegrams, telexes, facsimiles, message slips, personal calendars, personal notes, memoranda, messages made through any instant messaging service or application, including WhatsApp and Microsoft Teams, social media service or application, smartphone text message service or application, including Apple iMessage, or any other internet-based technology service or application, and/or sound recordings and transcripts thereof.

5.     As used herein, the terms "relating to," "in connection with," and "with respect to" shall mean concerning, evidencing, referring to, arising from, connection with, commenting on, responding to, showing, describing, analyzing, reflecting, regarding, or constituting.

6.     "Identify" as used herein with respect to an "account" or "accounts" shall be read to require a statement of all of the following information relative to such account: (a) the name and number of each account into which any rent payments, including SRO rent payments, have been deposited; (b) the name and address of the financial institution at which each such account is maintained; (c) the name(s) of all authorized signatories or persons with access to each such account; (d) the dates and amounts of all SRO rent payments deposited into each account; (e) the source (i.e., tenant name and unit number) of each such payment; (f) the current balance of each such account; and (g) the identification of all Documents, statements, ledgers, or other records reflecting or evidencing such deposits and account activity for the relevant period.

7.     As used herein, the term "Pledgor" or "CSC" shall mean CSC Hudson, LLC.

8.      As used herein, the term "Debtors" shall mean Hudson 1701/1706, LLC and Hudson 1702, LLC.

9.      As used herein, the term "Prepetition Lender" or "Parkview" shall mean Parkview Financial REIT, LP.

10.     As used herein, the term "SRO" shall mean single-room-occupancy.

11.     As used herein, the term "Property" shall mean the leasehold estates in certain real properties located in the 353 West 57th Street Condominium.

12.     The terms "you" or "your" mean Alberto Smeke Saba.

13.     As used herein, the term "MGE" shall mean MG Engineering D.P.C., a full-service engineering firm engaged by CSC to perform work on the Property and provide technical drawings regarding the Property's development.

14.     As used herein, the term "Elysium" shall mean Elysium Construction, Inc.

15.     As used herein, the term "Significant Transaction" includes any transaction involving more than $100,000.

16.     As used herein, "Petition Date" means October 22, 2025.

## REQUEST FOR PRODUCTION OF DOCUMENTS

**REQUEST 1.**         All consolidated and unconsolidated books and records of Pledgor and Debtors, including general ledgers, trial balances, journals, AP/AR aging, vendor masters, and chart of accounts for all Debtor entities and accounts.  For the avoidance of any doubt, this request includes, but is not limited to, a request for the complete 2025 general ledger transaction detail for all Pledgor and Debtor entities and accounts through, at minimum, July 25, 2025, and, if more current, the latest period available.  Debtors note that the file provided to date with the title "Hudson 2025 Financial reports final.xlsx" purporting to include the "Hudson Consolidated GL"

is limited to only a single general ledger account code, "1000 – Operating Cash." Excerpts from "Hudson 2025 Financial reports final.xlsx" are attached hereto as **Exhibit A**.

**REQUEST 2.**    All bank reconciliations for Pledgor and Debtors as of (x) December 31, 2024, and (y) July 25, 2025, including, but not limited to the following accounts: (i) Chase Account ███████████; (ii) Chase Account ███████████; Chase Account (iii) Chase Account ███████████; (iv) Chase Account ███████████; (v) Chase Account ███████████; (vi) Chase Account ███████████; (vii) Chase Account ███████████; (viii) Chase Account ███████████; (ix) Chase Account ███████████; (x) Chase Account ███████████; (xi) Chase Account ███████████; (xii) Chase Account ███████████; (xiii) Chase Account ███████████; (xiv) Chase Account ███████████; (xv) Chase Account ███████████; (xvi) Chase Account ███████████; (xvii) Chase Account ███████████; (xviii) Chase Account ███████████; (xix) Valley Account ending in 2336; (xx) Valley Account ending in 3308; and (xxi) "Citizens Bank Account for Tenant Rent Payments" as referenced in Exhibit A (collectively, accounts (i) through (xxi) are referred to as the "CSC Accounts").

**REQUEST 3.**    All federal and state tax returns that reflect financial information of the Pledgor and Debtor entities, including, but not limited to the Form 1065 U.S. Return for Partnership Income filed by CSC Holdings LLC, which "consolidates and captures the financial activity, assets and operations of all [CSC Holdings LLC's] holdings, including [Debtors]." *See* Dkt. 37-1 (Letter from Bernath & Rosenberg CPA, dated Oct. 31, 2025).

**REQUEST 4.**      Documents sufficient to identify any parent corporation to Debtors and Employer Identification Number (EIN) for any consolidated tax group for which Debtors were members for the six years prior to the Petition Date.

**REQUEST 5.**      The complete bank statements for all bank accounts used by or for the Debtors from inception through present, including bank name, account number suffix, account title, signatories, wire confirmations, and transfer authorizations.  For the avoidance of doubt, this request seeks information concerning bank accounts regardless of whether the account holder is a Debtor entity, including any accounts moving Debtor funds through, to, or from any CSC-related accounts, and includes, at minimum, the CSC Accounts.

**REQUEST 6.**      Documents and Communications related to all Significant Transactions involving the Debtors' funds or the CSC Accounts, including wire/transfer records, authorizations, invoices, purchase orders, and agreements. This request includes, but is not limited to, the following transactions: (i) the April 7, 2025 withdrawal of $704,000 from Chase Account ███████████ and (ii) the April 7, 2025 withdrawal of $289,000 from Chase Account ███████████.

**REQUEST 7.**      Documents and Communications sufficient to determine the purpose and use of all bank accounts used by or for the Debtors, including, but not limited to, the CSC Accounts.

**REQUEST 8.**      Documents sufficient to determine any financial accounts or instruments held in Debtors' names that were closed in the year prior to the Petition Date.

**REQUEST 9.**      All consolidated and unconsolidated financial statements (whether audited or unaudited) and all Documents and Communications related thereto, including but not limited to, income statements and balance sheets of the Debtors.

**REQUEST 10.**     All financial and accounting organizational charts for the Debtors and related entities from January 1, 2024 to July 31, 2025.

**REQUEST 11.**     All agreements, cash pooling arrangements, and Documents and Communications related thereto regarding the "Intercompany Receivables" listed in the "Balance Sheet" in Exhibit A: (i) "340 Clifton," (ii) "Chestnut Retail LLC," (iii) "MEMBERS," (iv) "Arsa," (v) "CSC Coliving," (vi) "Mason," and (vii) "Rectory."

**REQUEST 12.**     Documents sufficient to identify the person(s) responsible for Debtors' accounting and the production of any financial statements.

**REQUEST 13.**     All Documents and Communications relating to confirmation of cash turnover and current balances for bank accounts of or used for Debtors as of and following July 25, 2025, including all records for the CSC Accounts.   For the avoidance of any doubt, this request includes, but is not limited to information regarding the location and access to funds listed in the "Balance Sheet" in Exhibit A as of July 25, 2025, including, but not limited to, the $354,308.42 in "Hudson 1701-1706 7263" and $203,591.98 in "Operating Cash".

**REQUEST 14.**     Documents sufficient to identify all payments made by Debtors in the 90 days prior to the Petition Date, including, but not limited to, wire/transfer records, authorizations, invoices, purchase orders, and agreements.

**REQUEST 15.**     All Federal, state and local governmental permits, licenses, approvals, stop work orders, consents, and all Documents and Communications related thereto in connection with the Debtors' operations and the Property to the extent not already produced.

**REQUEST 16.**     For the period August 1, 2021 to the present, all Documents and Communications hitting on the search terms provided on December 11, 2025 (attached hereto as

Exhibit B) for the following document custodians: Alberto Smeke Saba, Saloman Smeke Saba, and Shlomo Rosenfeld.

**REQUEST 17.**    All Agreements to which CSC or Debtors are a party, and all Documents and Communications relating to such Agreements, including any notices of claims, demands, or defaults.

**REQUEST 18.**    All Agreements to which CSC Coliving, LLC and any other CSC-related entities are a party that relate to the Property or Debtors and Documents and Communications relating to such Agreements, including any notices of claims, demands, or defaults.

**REQUEST 19.**    Provide documentation evidencing, or written approval from, CSC authorizing the release of all documents, including but not limited to RFIs, submittals, and schedules, currently withheld by MGE in connection with the Debtors' operations and the Property, as required under the settlement agreement.

**REQUEST 20.**    Documents sufficient to identify the name, address, position and nature of any ownership interest, the percent of such interest, title(s), dates of service for all former directors, officers, and members of the Debtors.

**REQUEST 21.**    Documents sufficient to identify all payments, distributions, or withdrawals to insiders of any form in the year prior to the Petition Date, including, but not limited to, salary payments, other compensation, draws, bonuses, loans, credits on loans, stock redemptions, and options exercised.

Dated: December 30, 2025
Wilmington, Delaware

Respectfully submitted,

**DLA PIPER LLP (US)**

 _/s/ Stuart M. Brown_
Stuart M. Brown (DE 4050)
1201 North Market Street, Suite 2100
Wilmington, Delaware 19801
Telephone: (302) 468-5700
Facsimile: (302) 394-2341
Email: stuart.brown@us.dlapiper.com

-and-

David M. Riley (admitted *pro hac vice*)
Neal Kronley (admitted *pro hac vice*)
1251 Avenue of the Americas
New York, New York 10020
Telephone: (212) 335-4500
Facsimile: (212-335-4501
Email: david.riley@us.dlapiper.com
           neal.kronley@us.dlapiper.com

*Proposed Special Counsel to the Debtors*

## Exhibit A

## Excerpts From "Hudson 2025 Financial reports final.xlsx"

## General Ledger

**Exported On:** 11/07/2025 02:54 PM

**Properties:** Hudson 1702 - 358 W 58th New York, NY 10019, Hudson 1701/1706 - 358 W 58th New York, NY 10019, CSC Hudson LLC - 353 W 57th St New York, NY 10019
**Created By:** All
**GL Accounts:** 1000: Operating Cash
**Exclude Zero Dollar Receipts From Cash Accounts:** Yes
**Date Range:** 01/01/2025 to 07/25/2025
**Accounting Basis:** Accrual
**Show Reversed Transactions:** No

| Property | Date | Payee / Payer | Type | Reference | Debit | Credit | Balance | Description |
|---|---|---|---|---|---|---|---|---|
| **1000 - Operating Cash** | | | | | | | | |
| Starting Balance | | | | | | | 113,994.87 | |
| CSC Hudson LLC - 353 W 57th St New York, NY 10019 | 01/01/2025 | Cadence FP&A | Payment | Paid by Coliving (4 transfers of 425 in January) | | 1,700.00 | 112,294.87 | |
| Hudson 1702 - 358 W 58th New York, NY 10019 | 01/02/2025 | | Receipt | ck #274 | 501.11 | | 112,795.98 | |
| Hudson 1702 - 358 W 58th New York, NY 10019 | 01/02/2025 | | Receipt | ck # 126 | 501.11 | | 113,297.09 | |
| Hudson 1702 - 358 W 58th New York, NY 10019 | 01/02/2025 | | Receipt | cash | 429.20 | | 113,726.29 | |
| Hudson 1702 - 358 W 58th New York, NY 10019 | 01/02/2025 | | Receipt | cash | 391.86 | | 114,118.15 | |
| Hudson 1702 - 358 W 58th New York, NY 10019 | 01/02/2025 | | Receipt | cash | 130.62 | | 114,248.77 | Prepaid Rent Income |
| Hudson 1702 - 358 W 58th New York, NY 10019 | 01/02/2025 | | Receipt | cash | 422.27 | | 114,671.04 | |
| Hudson 1702 - 358 W 58th New York, NY 10019 | 01/02/2025 | | Receipt | cash | 419.47 | | 115,090.51 | Prepaid Rent Income |
| Hudson 1702 - 358 W 58th New York, NY 10019 | 01/02/2025 | | Receipt | cash | 0.53 | | 115,091.04 | Prepaid Rent Income |
| Hudson 1702 - 358 W 58th New York, NY 10019 | 01/02/2025 | | Receipt | ck #846 | 393.02 | | 115,484.06 | |
| Hudson 1702 - 358 W 58th New York, NY 10019 | 01/02/2025 | | Receipt | ck # 898 | 454.74 | | 115,938.80 | |
| Hudson 1702 - 358 W 58th New York, NY 10019 | 01/02/2025 | | Receipt | ck #222 | 543.12 | | 116,481.92 | |
| Hudson 1702 - 358 W 58th New York, NY 10019 | 01/07/2025 | | Receipt | ck # 164 | 402.57 | | 116,884.49 | |
| Hudson 1702 - 358 W 58th New York, NY 10019 | 01/07/2025 | | Receipt | ck # 2524 | 402.57 | | 117,287.06 | |
| Hudson 1702 - 358 W 58th New York, NY 10019 | 01/07/2025 | | Receipt | ck # 1248 | 419.51 | | 117,706.57 | |
| Hudson 1702 - 358 W 58th New York, NY 10019 | 01/09/2025 | | Receipt | ck # 142 | 404.88 | | 118,111.45 | |
| Hudson 1702 - 358 W 58th New York, NY 10019 | 01/14/2025 | | Receipt | ck 871739009# | 318.30 | | 118,429.75 | |
| Hudson 1702 - 358 W 58th New York, NY 10019 | 01/14/2025 | | Receipt | ck 871739009# | 57.84 | | 118,487.59 | Prepaid Rent Income |
| Hudson 1702 - 358 W 58th New York, NY 10019 | 01/14/2025 | | Receipt | ck #533 | 393.02 | | 118,880.61 | Prepaid Rent Income |

# Balance Sheet

**Exported On:** 11/07/2025 02:53 PM

**Properties:** Hudson 1702 - 358 W 58th New York, NY 10019, Hudson
**As of:** 07/25/2025
**Accounting Basis:** Accrual
**Level of Detail:** Detail View
**Include Zero Balance GL Accounts:** No

| Account Name | Balance |
|---|---|
| **ASSETS** | |
| **Cash** | |
| CSC Hudson 5722 | 703,916.51 |
| CSC Hudson Savings 7988 | -703,944.95 |
| Hudson 1701-1706 7263 | 354,308.42 |
| Hudson 1702 3993 | -15.00 |
| Hudson Valley Severance 2336 | 35.07 |
| Hudson Valley Tax 3308 | 16.02 |
| Operating Cash | 203,591.98 |
| Citizens Bank Account for Tenant Rent Payments | 14.00 |
| **Total Cash** | **557,922.05** |
| Demolished Property | 1,325,593.66 |
| General Contractor | 3,761,628.31 |
| Loan Closing Costs | 29,977.29 |
| Real Estate Transfer Tax | 784,141.94 |
| Wood and Plastics | 1,223,118.18 |
| Accounts Receivable | 92,683.76 |
| **ESCROW ACCOUNTS** | |
| Escrow for Taxes | 827,441.20 |
| **Total ESCROW ACCOUNTS** | **827,441.20** |
| **Fixed Assets** | |
| Prepaid Insurance | 314,109.20 |
| **Total Fixed Assets** | **314,109.20** |
| **INTERCOMPANY RECEIVABLES** | |
| Due from 340 Clifton | -156,805.63 |

| | |
|---|---:|
| Due from Chestnut Retail LLC | 8,712.13 |
| DUE FROM MEMBERS | 2,710,334.90 |
| Due to/from Arsa | 110,470.13 |
| Due to/from CSC Coliving | 207,827.50 |
| Due to/from Mason | -19,811.60 |
| Due to/from Rectory | -5,258.95 |
| **Total INTERCOMPANY RECEIVABLES** | **2,855,468.48** |
| **BUILDING** | |
| Building | 48,595,961.57 |
| Building: Land Improvements Property | 74,838.27 |
| Land Improvements Property | 5,363,541.53 |
| **Total BUILDING** | **54,034,341.37** |

**<u>Exhibit B</u>**

**<u>Search Terms</u>**

**Search Terms:**

- Hudson
- Parkview
- PV
- Cure
- SRO
- CONH
- certificate /5 harassment
- 356W58
- "Montgomery Street Partners"
- MSP
- "Ground Landlord REIT"
- GLR
- "Ground Lease"
- Elysium
- "West 57th"
- "West 58th"
- "EC 58th"
- Clifton
- Chestnut
- Arsa
- Mason
- Rectory
- Tang
- *@mspcm.com
- *@adstach.com
- *@elysiumconstruction.com
- Dolcinium
- Gardiner
- Theobald
- G&T
- Nouveau
- Tritech
- "LA Fitness"
- CMBM
- Gilbar
- Alba
- "Graham Parker"
- "Master Glass"
- Mulligan

- "The Square"
- "Universal Stone"
- V10
- Chase AND *7988
- Chase AND *5722
- Chase AND *7263
- Chase AND *3993
- Chase AND *7690
- Valley AND *2336
- Valley AND *3308
- "Intercompany Receivables"
- "Intercompany Notes"

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (12/15)

# UNITED STATES BANKRUPTCY COURT

_____ District of _____

In re _____          Case No. _____
                    Debtor

                                                      Chapter _____

## SUBPOENA FOR RULE 2004 EXAMINATION

To: _____
                    *(Name of person to whom the subpoena is directed)*

☐  *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure.  A copy of the court order authorizing the examination is attached.

| PLACE | DATE AND TIME |
|-------|---------------|
|       |               |

The examination will be recorded by this method: _____

☐  *Production:* You, or your representatives, must also bring with you to the examination the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

        The following provisions of **Fed. R. Civ. P. 45**, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

                    CLERK OF COURT

                                        OR

        _____          _____
        *Signature of Clerk or Deputy Clerk*          *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)*
_____  ,  who issues or requests this subpoena, are:

_____

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 2)

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .


☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or


☐ I returned the subpoena unexecuted because: _____

_____


Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of  $ _____ .

  My fees are $ _____ for travel and $_____ for services, for a total of $_____ .


        I declare under penalty of perjury that this information is true and correct.

Date:  _____


                                        _____
                                                          *Server's signature*

                                        _____
                                                          *Printed name and title*

                                        _____
                                                          *Server's address*


Additional information concerning attempted service, etc.:

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 3)

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
      (i) is a party or a party's officer; or
      (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
   (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

   *(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

   *(2) Command to Produce Materials or Permit Inspection.*
      *(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
      *(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
         (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
         (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

   *(3) Quashing or Modifying a Subpoena.*
      *(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
         (i) fails to allow a reasonable time to comply;
         (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
         (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
         (iv) subjects a person to undue burden.
      *(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
         (i) disclosing a trade secret or other confidential research, development, or commercial information; or

      (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
      *(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
         (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
         (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

   *(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
      *(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
      *(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
      *(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
      *(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

   *(2) Claiming Privilege or Protection.*
      *(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
         (i) expressly make the claim; and
         (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
      *(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

## ATTACHMENT A

Pursuant to Rule 45 of the Federal Rules of Civil Procedure and Rule 2004 of the Federal Rules of Bankruptcy Procedure, the undersigned attorney for Hudson 1701/1706, LLC and Hudson 1702, LLC (each a "Debtor" and collectively, the "Debtors"), hereby requests that You produce and make available for inspection and copying by the Debtors each of the following documents, things, and tangible items, or categories of documents, in Your possession, custody, or control which are responsive to the following requests for documents and materials (each a "Request" and collectively, the "Requests") at the offices of DLA Piper LLP (US), 1201 North Market Street, Suite 2100, Wilmington, DE 19801 (Attn.: Stuart M. Brown) within 14 days of service of the subpoena:

## INSTRUCTIONS

1.      Each paragraph and subparagraph in a Request shall be construed independently and not with reference to any other paragraph or subparagraph for the purpose of limitation.

2.      These Requests seek production of all documents described in each Request, including all drafts, of whatever date, and all non-identical copies, unless all relevant and material information may be conveyed by producing less than all documents, in which case the response should indicate what documents are not being produced.

3.      These requests are continuing in nature, and, to the extent that your responses may be enlarged, diminished, or otherwise modified by information acquired subsequent to the production of your initial responses, you are required to produce supplemental responses reflecting such changes.

4.      If you are unable to produce a requested document or can only produce a portion of a requested document, the requested document should be produced to the extent possible and as

to any document or portion not being produced, state or describe: (i) the reason(s) you cannot produce the requested document(s); (ii) a list of all documents or categories of documents that can only be partially produced or cannot be produced; and (iii) the earliest date that you can complete production of the requested documents.

5.      The obligations regarding the assertion of claims of privilege set forth in Federal Rule of Civil Procedure 26(b)(5) are incorporated by reference in these Requests.  As to any document withheld from production on any ground, state or describe: (i) the type of document, (ii) the general subject matter of the document; (iii) the date of the document; (iv) the document's author; (v) the document's recipient(s); and (vi) such other information as is sufficient to identify the document for a subpoena duces tecum.

6.      Pursuant to Rule 34(b) of the Federal Rules of Civil Procedure, document should either be organized and labeled to correspond with the categories in each Request or produced as they are kept in the normal course of business.

7.      As used herein, all singular terms, unless specified otherwise, shall include the plural, and all plural terms shall include the singular.

8.      Unless otherwise specified, the relevant time period for which the document requests are made is March 14, 2022 through the present.

9.      Debtors specifically reserve the right to supplement these Requests as appropriate.

## **DEFINITIONS**

1.      As used herein, the terms "and" and "or" shall be construed either disjunctively or conjunctively, in order to bring within the scope of these interrogatories any information which might otherwise be considered to be beyond their scope.

2.      As used herein, the term "Agreements" shall mean all contracts, agreements, leases, construction contracts, service and maintenance agreements, supply agreements, license agreements, utility agreements, warranties, guaranties, understandings and arrangements entered into between either Debtor and any entity, including any property management contracts, leases, etc., and any amendments or modifications thereto.

3.      As used herein, the term "Document" is synonymous in meaning and equal in scope to the use of the term Document in the Federal Rules of Civil Procedures 34(a).  As used herein, "Documents" also means all physical or electronic things of any kind Communicating thoughts, impressions, or ideas in whatever form, including the originals and all non-identical copies and drafts, whether different from the originals by reason of any notations made on such copies or otherwise, and including, but not limited to, correspondence, memoranda, notes, diaries, calendars, statistics, letters, telegrams, minutes, financial records, accounts, ledgers, agreements, records of receipts and expenditures, budgets, appraisals, projections, contracts, reports, studies, checks, wire transfers, statements, receipts, returns, summaries, pamphlets, books, prospectuses, interoffice and intra-office Communications, offers, notations or any sort of conversations or telephone calls or meetings or other Communications, bulletins, policies, printed matter, computer printouts, teletypes, telefaxes, invoices, electronic files and all drafts, alterations, modifications, changes, and amendments of any kind (including, without limitation, photographs, charts, graphs, microfiche, microfilm, videotape, records, motion pictures) and electronic, mechanical or electric records or representations of any kind (including, without limitation, tapes, cassettes, disks, and recordings).

4.      The terms "Communication" and "Communications" are used in the broadest sense possible under the Federal Rules of Civil Procedure, including Rule 34, and include, without

limitation, any internal and/or external discussion, conversation, conference, meeting or exchange of hard copy or electronic Documents between or among Persons, whether in Person, by telephone, in writing, electronically or otherwise, as well as any Document which records, reflects and/or pertains to any such Communication, including, without limitation, letters, telegrams, telexes, facsimiles, message slips, personal calendars, personal notes, memoranda, messages made through any instant messaging service or application, including WhatsApp and Microsoft Teams, social media service or application, smartphone text message service or application, including Apple iMessage, or any other internet-based technology service or application, and/or sound recordings and transcripts thereof.

5.      As used herein, the terms "relating to," "in connection with," and "with respect to" shall mean concerning, evidencing, referring to, arising from, connection with, commenting on, responding to, showing, describing, analyzing, reflecting, regarding, or constituting.

6.      "Identify" as used herein with respect to an "account" or "accounts" shall be read to require a statement of all of the following information relative to such account: (a) the name and number of each account into which any rent payments, including SRO rent payments, have been deposited; (b) the name and address of the financial institution at which each such account is maintained; (c) the name(s) of all authorized signatories or persons with access to each such account; (d) the dates and amounts of all SRO rent payments deposited into each account; (e) the source (i.e., tenant name and unit number) of each such payment; (f) the current balance of each such account; and (g) the identification of all Documents, statements, ledgers, or other records reflecting or evidencing such deposits and account activity for the relevant period.

7.      As used herein, the term "Pledgor" or "CSC" shall mean CSC Hudson, LLC.

8.      As used herein, the term "Debtors" shall mean Hudson 1701/1706, LLC and Hudson 1702, LLC.

9.      As used herein, the term "Prepetition Lender" or "Parkview" shall mean Parkview Financial REIT, LP.

10.      As used herein, the term "SRO" shall mean single-room-occupancy.

11.      As used herein, the term "Property" shall mean the leasehold estates in certain real properties located in the 353 West 57th Street Condominium.

12.      The terms "you" or "your" mean Salomon Smeke Saba.

13.      As used herein, the term "MGE" shall mean MG Engineering D.P.C., a full-service engineering firm engaged by CSC to perform work on the Property and provide technical drawings regarding the Property's development.

14.      As used herein, the term "Elysium" shall mean Elysium Construction, Inc.

15.      As used herein, the term "Significant Transaction" includes any transaction involving more than $100,000.

16.      As used herein, "Petition Date" means October 22, 2025.

**REQUEST FOR PRODUCTION OF DOCUMENTS**

**REQUEST 1.**      All consolidated and unconsolidated books and records of Pledgor and Debtors, including general ledgers, trial balances, journals, AP/AR aging, vendor masters, and chart of accounts for all Debtor entities and accounts.  For the avoidance of any doubt, this request includes, but is not limited to, a request for the complete 2025 general ledger transaction detail for all Pledgor and Debtor entities and accounts through, at minimum, July 25, 2025, and, if more current, the latest period available.  Debtors note that the file provided to date with the title "Hudson 2025 Financial reports final.xlsx" purporting to include the "Hudson Consolidated GL"

is limited to only a single general ledger account code, "1000 – Operating Cash." Excerpts from "Hudson 2025 Financial reports final.xlsx" are attached hereto as **Exhibit A**.

**REQUEST 2.**        All bank reconciliations for Pledgor and Debtors as of (x) December 31, 2024, and (y) July 25, 2025, including, but not limited to the following accounts: (i) Chase Account ██████████████; (ii) Chase Account ██████████████; Chase Account (iii) Chase Account ██████████████; (iv) Chase Account ██████████████; (v) Chase Account ██████████████; (vi) Chase Account ██████████████; (vii) Chase Account ██████████████; (viii) Chase Account ██████████████; (ix) Chase Account ██████████████; (x) Chase Account ██████████████; (xi) Chase Account ██████████████; (xii) Chase Account ██████████████; (xiii) Chase Account ██████████████; (xiv) Chase Account ██████████████; (xv) Chase Account ██████████████; (xvi) Chase Account ██████████████; (xvii) Chase Account ██████████████; (xviii) Chase Account ██████████████; (xix) Valley Account ending in 2336; (xx) Valley Account ending in 3308; and (xxi) "Citizens Bank Account for Tenant Rent Payments" as referenced in Exhibit A (collectively, accounts (i) through (xxi) are referred to as the "CSC Accounts").

**REQUEST 3.**        All federal and state tax returns that reflect financial information of the Pledgor and Debtor entities, including, but not limited to the Form 1065 U.S. Return for Partnership Income filed by CSC Holdings LLC, which "consolidates and captures the financial activity, assets and operations of all [CSC Holdings LLC's] holdings, including [Debtors]." *See* Dkt. 37-1 (Letter from Bernath & Rosenberg CPA, dated Oct. 31, 2025).

**REQUEST 4.**        Documents sufficient to identify any parent corporation to Debtors and Employer Identification Number (EIN) for any consolidated tax group for which Debtors were members for the six years prior to the Petition Date.

**REQUEST 5.**        The complete bank statements for all bank accounts used by or for the Debtors from inception through present, including bank name, account number suffix, account title, signatories, wire confirmations, and transfer authorizations.  For the avoidance of doubt, this request seeks information concerning bank accounts regardless of whether the account holder is a Debtor entity, including any accounts moving Debtor funds through, to, or from any CSC-related accounts, and includes, at minimum, the CSC Accounts.

**REQUEST 6.**        Documents and Communications related to all Significant Transactions involving the Debtors' funds or the CSC Accounts, including wire/transfer records, authorizations, invoices, purchase orders, and agreements. This request includes, but is not limited to, the following transactions: (i) the April 7, 2025 withdrawal of $704,000 from Chase Account ██████████ and (ii) the April 7, 2025 withdrawal of $289,000 from Chase Account ████████.

**REQUEST 7.**        Documents and Communications sufficient to determine the purpose and use of all bank accounts used by or for the Debtors, including, but not limited to, the CSC Accounts.

**REQUEST 8.**        Documents sufficient to determine any financial accounts or instruments held in Debtors' names that were closed in the year prior to the Petition Date.

**REQUEST 9.**        All consolidated and unconsolidated financial statements (whether audited or unaudited) and all Documents and Communications related thereto, including but not limited to, income statements and balance sheets of the Debtors.

**REQUEST 10.**        All financial and accounting organizational charts for the Debtors and related entities from January 1, 2024 to July 31, 2025.

**REQUEST 11.**        All agreements, cash pooling arrangements, and Documents and Communications related thereto regarding the "Intercompany Receivables" listed in the "Balance Sheet" in Exhibit A: (i) "340 Clifton," (ii) "Chestnut Retail LLC," (iii) "MEMBERS," (iv) "Arsa," (v) "CSC Coliving," (vi) "Mason," and (vii) "Rectory."

**REQUEST 12.**        Documents sufficient to identify the person(s) responsible for Debtors' accounting and the production of any financial statements.

**REQUEST 13.**        All Documents and Communications relating to confirmation of cash turnover and current balances for bank accounts of or used for Debtors as of and following July 25, 2025, including all records for the CSC Accounts.   For the avoidance of any doubt, this request includes, but is not limited to information regarding the location and access to funds listed in the "Balance Sheet" in Exhibit A as of July 25, 2025, including, but not limited to, the $354,308.42 in "Hudson 1701-1706 7263" and $203,591.98 in "Operating Cash".

**REQUEST 14.**        Documents sufficient to identify all payments made by Debtors in the 90 days prior to the Petition Date, including, but not limited to, wire/transfer records, authorizations, invoices, purchase orders, and agreements.

**REQUEST 15.**        All Federal, state and local governmental permits, licenses, approvals, stop work orders, consents, and all Documents and Communications related thereto in connection with the Debtors' operations and the Property to the extent not already produced.

**REQUEST 16.**        For the period August 1, 2021 to the present, all Documents and Communications hitting on the search terms provided on December 11, 2025 (attached hereto as

Exhibit B) for the following document custodians: Alberto Smeke Saba, Saloman Smeke Saba, and Shlomo Rosenfeld.

**REQUEST 17.**        All Agreements to which CSC or Debtors are a party, and all Documents and Communications relating to such Agreements, including any notices of claims, demands, or defaults.

**REQUEST 18.**        All Agreements to which CSC Coliving, LLC and any other CSC-related entities are a party that relate to the Property or Debtors and Documents and Communications relating to such Agreements, including any notices of claims, demands, or defaults.

**REQUEST 19.**        Provide documentation evidencing, or written approval from, CSC authorizing the release of all documents, including but not limited to RFIs, submittals, and schedules, currently withheld by MGE in connection with the Debtors' operations and the Property, as required under the settlement agreement.

**REQUEST 20.**        Documents sufficient to identify the name, address, position and nature of any ownership interest, the percent of such interest, title(s), dates of service for all former directors, officers, and members of the Debtors.

**REQUEST 21.**        Documents sufficient to identify all payments, distributions, or withdrawals to insiders of any form in the year prior to the Petition Date, including, but not limited to, salary payments, other compensation, draws, bonuses, loans, credits on loans, stock redemptions, and options exercised.

Dated: December 30, 2025        Respectfully submitted,
Wilmington, Delaware


**DLA PIPER LLP (US)**

 _/s/ Stuart M. Brown_
Stuart M. Brown (DE 4050)
1201 North Market Street, Suite 2100
Wilmington, Delaware 19801
Telephone: (302) 468-5700
Facsimile: (302) 394-2341
Email: stuart.brown@us.dlapiper.com

-and-

David M. Riley (admitted *pro hac vice*)
Neal Kronley (admitted *pro hac vice*)
1251 Avenue of the Americas
New York, New York 10020
Telephone: (212) 335-4500
Facsimile: (212-335-4501
Email: david.riley@us.dlapiper.com
         neal.kronley@us.dlapiper.com

*Proposed Special Counsel to the Debtors*

## Exhibit A

## Excerpts From "Hudson 2025 Financial reports final.xlsx"

## General Ledger

**Exported On:** 11/07/2025 02:54 PM

**Properties:** Hudson 1702 - 358 W 58th New York, NY 10019, Hudson 1701/1706 - 358 W 58th New York, NY 10019, CSC Hudson LLC - 353 W 57th St New York, NY 10019
**Created By:** All
**GL Accounts:** 1000: Operating Cash
**Exclude Zero Dollar Receipts From Cash Accounts:** Yes
**Date Range:** 01/01/2025 to 07/25/2025
**Accounting Basis:** Accrual
**Show Reversed Transactions:** No

| Property | Date | Payee / Payer | Type | Reference | Debit | Credit | Balance | Description |
|---|---|---|---|---|---|---|---|---|
| **1000 - Operating Cash** | | | | | | | | |
| Starting Balance | | | | | | | 113,994.87 | |
| CSC Hudson LLC - 353 W 57th St New York, NY 10019 | 01/01/2025 | Cadence FP&A | Payment | Paid by Coliving (4 transfers of 425 in January) | | 1,700.00 | 112,294.87 | |
| Hudson 1702 - 358 W 58th New York, NY 10019 | 01/02/2025 | | Receipt | ck #274 | 501.11 | | 112,795.98 | |
| Hudson 1702 - 358 W 58th New York, NY 10019 | 01/02/2025 | | Receipt | ck # 126 | 501.11 | | 113,297.09 | |
| Hudson 1702 - 358 W 58th New York, NY 10019 | 01/02/2025 | | Receipt | cash | 429.20 | | 113,726.29 | |
| Hudson 1702 - 358 W 58th New York, NY 10019 | 01/02/2025 | | Receipt | cash | 391.86 | | 114,118.15 | |
| Hudson 1702 - 358 W 58th New York, NY 10019 | 01/02/2025 | | Receipt | cash | 130.62 | | 114,248.77 | Prepaid Rent Income |
| Hudson 1702 - 358 W 58th New York, NY 10019 | 01/02/2025 | | Receipt | cash | 422.27 | | 114,671.04 | |
| Hudson 1702 - 358 W 58th New York, NY 10019 | 01/02/2025 | | Receipt | cash | 419.47 | | 115,090.51 | Prepaid Rent Income |
| Hudson 1702 - 358 W 58th New York, NY 10019 | 01/02/2025 | | Receipt | cash | 0.53 | | 115,091.04 | Prepaid Rent Income |
| Hudson 1702 - 358 W 58th New York, NY 10019 | 01/02/2025 | | Receipt | ck #846 | 393.02 | | 115,484.06 | |
| Hudson 1702 - 358 W 58th New York, NY 10019 | 01/02/2025 | | Receipt | ck # 898 | 454.74 | | 115,938.80 | |
| Hudson 1702 - 358 W 58th New York, NY 10019 | 01/02/2025 | | Receipt | ck #222 | 543.12 | | 116,481.92 | |
| Hudson 1702 - 358 W 58th New York, NY 10019 | 01/07/2025 | | Receipt | ck # 164 | 402.57 | | 116,884.49 | |
| Hudson 1702 - 358 W 58th New York, NY 10019 | 01/07/2025 | | Receipt | ck # 2524 | 402.57 | | 117,287.06 | |
| Hudson 1702 - 358 W 58th New York, NY 10019 | 01/07/2025 | | Receipt | ck # 1248 | 419.51 | | 117,706.57 | |
| Hudson 1702 - 358 W 58th New York, NY 10019 | 01/09/2025 | | Receipt | ck # 142 | 404.88 | | 118,111.45 | |
| Hudson 1702 - 358 W 58th New York, NY 10019 | 01/14/2025 | | Receipt | ck 871739009# | 318.30 | | 118,429.75 | |
| Hudson 1702 - 358 W 58th New York, NY 10019 | 01/14/2025 | | Receipt | ck 871739009# | 57.84 | | 118,487.59 | Prepaid Rent Income |
| Hudson 1702 - 358 W 58th New York, NY 10019 | 01/14/2025 | | Receipt | ck #533 | 393.02 | | 118,880.61 | Prepaid Rent Income |

# Balance Sheet

**Exported On:** 11/07/2025 02:53 PM

**Properties:** Hudson 1702 - 358 W 58th New York, NY 10019, Hudson
**As of:** 07/25/2025
**Accounting Basis:** Accrual
**Level of Detail:** Detail View
**Include Zero Balance GL Accounts:** No

| Account Name | Balance |
|---|---:|
| **ASSETS** | |
| **Cash** | |
| CSC Hudson 5722 | 703,916.51 |
| CSC Hudson Savings 7988 | -703,944.95 |
| Hudson 1701-1706 7263 | 354,308.42 |
| Hudson 1702 3993 | -15.00 |
| Hudson Valley Severance 2336 | 35.07 |
| Hudson Valley Tax 3308 | 16.02 |
| Operating Cash | 203,591.98 |
| Citizens Bank Account for Tenant Rent Payments | 14.00 |
| **Total Cash** | **557,922.05** |
| Demolished Property | 1,325,593.66 |
| General Contractor | 3,761,628.31 |
| Loan Closing Costs | 29,977.29 |
| Real Estate Transfer Tax | 784,141.94 |
| Wood and Plastics | 1,223,118.18 |
| Accounts Receivable | 92,683.76 |
| **ESCROW ACCOUNTS** | |
| Escrow for Taxes | 827,441.20 |
| **Total ESCROW ACCOUNTS** | **827,441.20** |
| **Fixed Assets** | |
| Prepaid Insurance | 314,109.20 |
| **Total Fixed Assets** | **314,109.20** |
| **INTERCOMPANY RECEIVABLES** | |
| Due from 340 Clifton | -156,805.63 |

| | |
|---|---:|
| Due from Chestnut Retail LLC | 8,712.13 |
| DUE FROM MEMBERS | 2,710,334.90 |
| Due to/from Arsa | 110,470.13 |
| Due to/from CSC Coliving | 207,827.50 |
| Due to/from Mason | -19,811.60 |
| Due to/from Rectory | -5,258.95 |
| **Total INTERCOMPANY RECEIVABLES** | **2,855,468.48** |
| **BUILDING** | |
| Building | 48,595,961.57 |
| Building: Land Improvements Property | 74,838.27 |
| Land Improvements Property | 5,363,541.53 |
| **Total BUILDING** | **54,034,341.37** |

**<u>Exhibit B</u>**

**<u>Search Terms</u>**

**Search Terms:**

- Hudson
- Parkview
- PV
- Cure
- SRO
- CONH
- certificate /5 harassment
- 356W58
- "Montgomery Street Partners"
- MSP
- "Ground Landlord REIT"
- GLR
- "Ground Lease"
- Elysium
- "West 57th"
- "West 58th"
- "EC 58th"
- Clifton
- Chestnut
- Arsa
- Mason
- Rectory
- Tang
- *@mspcm.com
- *@adstach.com
- *@elysiumconstruction.com
- Dolcinium
- Gardiner
- Theobald
- G&T
- Nouveau
- Tritech
- "LA Fitness"
- CMBM
- Gilbar
- Alba
- "Graham Parker"
- "Master Glass"
- Mulligan

- "The Square"
- "Universal Stone"
- V10
- Chase AND *7988
- Chase AND *5722
- Chase AND *7263
- Chase AND *3993
- Chase AND *7690
- Valley AND *2336
- Valley AND *3308
- "Intercompany Receivables"
- "Intercompany Notes"

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (12/15)

# UNITED STATES BANKRUPTCY COURT

_____ District of _____

In re _____     Case No. _____
          Debtor

          Chapter _____

## SUBPOENA FOR RULE 2004 EXAMINATION

To: _____
                    *(Name of person to whom the subpoena is directed)*

☐  *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure.  A copy of the court order authorizing the examination is attached.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

The examination will be recorded by this method: _____

☐  *Production:* You, or your representatives, must also bring with you to the examination the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

          The following provisions of **Fed. R. Civ. P. 45**, made applicable in bankruptcy cases by **Fed. R. Bankr. P. 9016**, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

          CLERK OF COURT

                              OR

          _____                    _____
          *Signature of Clerk or Deputy Clerk*              *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)* _____  ,  who issues or requests this subpoena, are:

_____

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 2)

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because:  _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of  $ _____ .

  My fees are $ _____ for travel and $_____ for services, for a total of $_____ .


        I declare under penalty of perjury that this information is true and correct.

Date:  _____


                                                        _____
                                                                        *Server's signature*


                                                        _____
                                                                        *Printed name and title*


                                                        _____
                                                                        *Server's address*


Additional information concerning attempted service, etc.:

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

## ATTACHMENT A

Pursuant to Rule 45 of the Federal Rules of Civil Procedure and Rule 2004 of the Federal Rules of Bankruptcy Procedure, the undersigned attorney for Hudson 1701/1706, LLC and Hudson 1702, LLC (each a "Debtor" and collectively, the "Debtors"), hereby requests that You produce and make available for inspection and copying by the Debtors each of the following documents, things, and tangible items, or categories of documents, in Your possession, custody, or control which are responsive to the following requests for documents and materials (each a "Request" and collectively, the "Requests") at the offices of DLA Piper LLP (US), 1201 North Market Street, Suite 2100, Wilmington, DE 19801 (Attn.: Stuart M. Brown) within 14 days of service of the subpoena:

## INSTRUCTIONS

1.      Each paragraph and subparagraph in a Request shall be construed independently and not with reference to any other paragraph or subparagraph for the purpose of limitation.

2.      These Requests seek production of all documents described in each Request, including all drafts, of whatever date, and all non-identical copies, unless all relevant and material information may be conveyed by producing less than all documents, in which case the response should indicate what documents are not being produced.

3.      These requests are continuing in nature, and, to the extent that your responses may be enlarged, diminished, or otherwise modified by information acquired subsequent to the production of your initial responses, you are required to produce supplemental responses reflecting such changes.

4.      If you are unable to produce a requested document or can only produce a portion of a requested document, the requested document should be produced to the extent possible and as

to any document or portion not being produced, state or describe: (i) the reason(s) you cannot produce the requested document(s); (ii) a list of all documents or categories of documents that can only be partially produced or cannot be produced; and (iii) the earliest date that you can complete production of the requested documents.

5.      The obligations regarding the assertion of claims of privilege set forth in Federal Rule of Civil Procedure 26(b)(5) are incorporated by reference in these Requests.  As to any document withheld from production on any ground, state or describe: (i) the type of document, (ii) the general subject matter of the document; (iii) the date of the document; (iv) the document's author; (v) the document's recipient(s); and (vi) such other information as is sufficient to identify the document for a subpoena duces tecum.

6.      Pursuant to Rule 34(b) of the Federal Rules of Civil Procedure, document should either be organized and labeled to correspond with the categories in each Request or produced as they are kept in the normal course of business.

7.      As used herein, all singular terms, unless specified otherwise, shall include the plural, and all plural terms shall include the singular.

8.      Unless otherwise specified, the relevant time period for which the document requests are made is March 14, 2022 through the present.

9.      Debtors specifically reserve the right to supplement these Requests as appropriate.

## DEFINITIONS

1.      As used herein, the terms "and" and "or" shall be construed either disjunctively or conjunctively, in order to bring within the scope of these interrogatories any information which might otherwise be considered to be beyond their scope.

2.      As used herein, the term "Agreements" shall mean all contracts, agreements, leases, construction contracts, service and maintenance agreements, supply agreements, license agreements, utility agreements, warranties, guaranties, understandings and arrangements entered into between either Debtor and any entity, including any property management contracts, leases, etc., and any amendments or modifications thereto.

3.      As used herein, the term "Document" is synonymous in meaning and equal in scope to the use of the term Document in the Federal Rules of Civil Procedures 34(a).  As used herein, "Documents" also means all physical or electronic things of any kind Communicating thoughts, impressions, or ideas in whatever form, including the originals and all non-identical copies and drafts, whether different from the originals by reason of any notations made on such copies or otherwise, and including, but not limited to, correspondence, memoranda, notes, diaries, calendars, statistics, letters, telegrams, minutes, financial records, accounts, ledgers, agreements, records of receipts and expenditures, budgets, appraisals, projections, contracts, reports, studies, checks, wire transfers, statements, receipts, returns, summaries, pamphlets, books, prospectuses, interoffice and intra-office Communications, offers, notations or any sort of conversations or telephone calls or meetings or other Communications, bulletins, policies, printed matter, computer printouts, teletypes, telefaxes, invoices, electronic files and all drafts, alterations, modifications, changes, and amendments of any kind (including, without limitation, photographs, charts, graphs, microfiche, microfilm, videotape, records, motion pictures) and electronic, mechanical or electric records or representations of any kind (including, without limitation, tapes, cassettes, disks, and recordings).

4.      The terms "Communication" and "Communications" are used in the broadest sense possible under the Federal Rules of Civil Procedure, including Rule 34, and include, without

limitation, any internal and/or external discussion, conversation, conference, meeting or exchange of hard copy or electronic Documents between or among Persons, whether in Person, by telephone, in writing, electronically or otherwise, as well as any Document which records, reflects and/or pertains to any such Communication, including, without limitation, letters, telegrams, telexes, facsimiles, message slips, personal calendars, personal notes, memoranda, messages made through any instant messaging service or application, including WhatsApp and Microsoft Teams, social media service or application, smartphone text message service or application, including Apple iMessage, or any other internet-based technology service or application, and/or sound recordings and transcripts thereof.

5.      As used herein, the terms "relating to," "in connection with," and "with respect to" shall mean concerning, evidencing, referring to, arising from, connection with, commenting on, responding to, showing, describing, analyzing, reflecting, regarding, or constituting.

6.      "Identify" as used herein with respect to an "account" or "accounts" shall be read to require a statement of all of the following information relative to such account: (a) the name and number of each account into which any rent payments, including SRO rent payments, have been deposited; (b) the name and address of the financial institution at which each such account is maintained; (c) the name(s) of all authorized signatories or persons with access to each such account; (d) the dates and amounts of all SRO rent payments deposited into each account; (e) the source (i.e., tenant name and unit number) of each such payment; (f) the current balance of each such account; and (g) the identification of all Documents, statements, ledgers, or other records reflecting or evidencing such deposits and account activity for the relevant period.

7.      As used herein, the term "Pledgor" or "CSC" shall mean CSC Hudson, LLC.

8.      As used herein, the term "Debtors" shall mean Hudson 1701/1706, LLC and Hudson 1702, LLC.

9.      As used herein, the term "Prepetition Lender" or "Parkview" shall mean Parkview Financial REIT, LP.

10.     As used herein, the term "SRO" shall mean single-room-occupancy.

11.     As used herein, the term "Property" shall mean the leasehold estates in certain real properties located in the 353 West 57th Street Condominium.

12.     The terms "you" or "your" mean Schlomo Rosenfeld.

13.     As used herein, the term "MGE" shall mean MG Engineering D.P.C., a full-service engineering firm engaged by CSC to perform work on the Property and provide technical drawings regarding the Property's development.

14.     As used herein, the term "Elysium" shall mean Elysium Construction, Inc.

15.     As used herein, the term "Significant Transaction" includes any transaction involving more than $100,000.

16.     As used herein, "Petition Date" means October 22, 2025.

## REQUEST FOR PRODUCTION OF DOCUMENTS

**REQUEST 1.**          All consolidated and unconsolidated books and records of Pledgor and Debtors, including general ledgers, trial balances, journals, AP/AR aging, vendor masters, and chart of accounts for all Debtor entities and accounts.  For the avoidance of any doubt, this request includes, but is not limited to, a request for the complete 2025 general ledger transaction detail for all Pledgor and Debtor entities and accounts through, at minimum, July 25, 2025, and, if more current, the latest period available.  Debtors note that the file provided to date with the title "Hudson 2025 Financial reports final.xlsx" purporting to include the "Hudson Consolidated GL"

5

is limited to only a single general ledger account code, "1000 – Operating Cash." Excerpts from "Hudson 2025 Financial reports final.xlsx" are attached hereto as **Exhibit A**.

**REQUEST 2.**        All bank reconciliations for Pledgor and Debtors as of (x) December 31, 2024, and (y) July 25, 2025, including, but not limited to the following accounts: (i) Chase Account ███████████; (ii) Chase Account ███████████; Chase Account (iii) Chase Account ███████████; (iv) Chase Account ███████████; (v) Chase Account ███████████; (vi) Chase Account ███████████; (vii) Chase Account ███████████; (viii) Chase Account ███████████; (ix) Chase Account ███████████; (x) Chase Account ███████████; (xi) Chase Account ███████████; (xii) Chase Account ███████████; (xiii) Chase Account ███████████; (xiv) Chase Account ███████████; (xv) Chase Account ███████████; (xvi) Chase Account ███████████; (xvii) Chase Account ███████████; (xviii) Chase Account ███████████; (xix) Valley Account ending in 2336; (xx) Valley Account ending in 3308; and (xxi) "Citizens Bank Account for Tenant Rent Payments" as referenced in Exhibit A (collectively, accounts (i) through (xxi) are referred to as the "CSC Accounts").

**REQUEST 3.**        All federal and state tax returns that reflect financial information of the Pledgor and Debtor entities, including, but not limited to the Form 1065 U.S. Return for Partnership Income filed by CSC Holdings LLC, which "consolidates and captures the financial activity, assets and operations of all [CSC Holdings LLC's] holdings, including [Debtors]." *See* Dkt. 37-1 (Letter from Bernath & Rosenberg CPA, dated Oct. 31, 2025).

**REQUEST 4.**         Documents sufficient to identify any parent corporation to Debtors and Employer Identification Number (EIN) for any consolidated tax group for which Debtors were members for the six years prior to the Petition Date.

**REQUEST 5.**         The complete bank statements for all bank accounts used by or for the Debtors from inception through present, including bank name, account number suffix, account title, signatories, wire confirmations, and transfer authorizations.  For the avoidance of doubt, this request seeks information concerning bank accounts regardless of whether the account holder is a Debtor entity, including any accounts moving Debtor funds through, to, or from any CSC-related accounts, and includes, at minimum, the CSC Accounts.

**REQUEST 6.**         Documents and Communications related to all Significant Transactions involving the Debtors' funds or the CSC Accounts, including wire/transfer records, authorizations, invoices, purchase orders, and agreements. This request includes, but is not limited to, the following transactions: (i) the April 7, 2025 withdrawal of $704,000 from Chase Account ███████████ and (ii) the April 7, 2025 withdrawal of $289,000 from Chase Account ███████████.

**REQUEST 7.**         Documents and Communications sufficient to determine the purpose and use of all bank accounts used by or for the Debtors, including, but not limited to, the CSC Accounts.

**REQUEST 8.**         Documents sufficient to determine any financial accounts or instruments held in Debtors' names that were closed in the year prior to the Petition Date.

**REQUEST 9.**         All consolidated and unconsolidated financial statements (whether audited or unaudited) and all Documents and Communications related thereto, including but not limited to, income statements and balance sheets of the Debtors.

**REQUEST 10.**	All financial and accounting organizational charts for the Debtors and related entities from January 1, 2024 to July 31, 2025.

**REQUEST 11.**	All agreements, cash pooling arrangements, and Documents and Communications related thereto regarding the "Intercompany Receivables" listed in the "Balance Sheet" in Exhibit A: (i) "340 Clifton," (ii) "Chestnut Retail LLC," (iii) "MEMBERS," (iv) "Arsa," (v) "CSC Coliving," (vi) "Mason," and (vii) "Rectory."

**REQUEST 12.**	Documents sufficient to identify the person(s) responsible for Debtors' accounting and the production of any financial statements.

**REQUEST 13.**	All Documents and Communications relating to confirmation of cash turnover and current balances for bank accounts of or used for Debtors as of and following July 25, 2025, including all records for the CSC Accounts.   For the avoidance of any doubt, this request includes, but is not limited to information regarding the location and access to funds listed in the "Balance Sheet" in Exhibit A as of July 25, 2025, including, but not limited to, the $354,308.42 in "Hudson 1701-1706 7263" and $203,591.98 in "Operating Cash".

**REQUEST 14.**	Documents sufficient to identify all payments made by Debtors in the 90 days prior to the Petition Date, including, but not limited to, wire/transfer records, authorizations, invoices, purchase orders, and agreements.

**REQUEST 15.**	All Federal, state and local governmental permits, licenses, approvals, stop work orders, consents, and all Documents and Communications related thereto in connection with the Debtors' operations and the Property to the extent not already produced.

**REQUEST 16.**	For the period August 1, 2021 to the present, all Documents and Communications hitting on the search terms provided on December 11, 2025 (attached hereto as

Exhibit B) for the following document custodians: Alberto Smeke Saba, Saloman Smeke Saba, and Shlomo Rosenfeld.

**REQUEST 17.**      All Agreements to which CSC or Debtors are a party, and all Documents and Communications relating to such Agreements, including any notices of claims, demands, or defaults.

**REQUEST 18.**      All Agreements to which CSC Coliving, LLC and any other CSC-related entities are a party that relate to the Property or Debtors and Documents and Communications relating to such Agreements, including any notices of claims, demands, or defaults.

**REQUEST 19.**      Provide documentation evidencing, or written approval from, CSC authorizing the release of all documents, including but not limited to RFIs, submittals, and schedules, currently withheld by MGE in connection with the Debtors' operations and the Property, as required under the settlement agreement.

**REQUEST 20.**      Documents sufficient to identify the name, address, position and nature of any ownership interest, the percent of such interest, title(s), dates of service for all former directors, officers, and members of the Debtors.

**REQUEST 21.**      Documents sufficient to identify all payments, distributions, or withdrawals to insiders of any form in the year prior to the Petition Date, including, but not limited to, salary payments, other compensation, draws, bonuses, loans, credits on loans, stock redemptions, and options exercised.

Dated: December 30, 2025
Wilmington, Delaware

Respectfully submitted,

**DLA PIPER LLP (US)**

 */s/ Stuart M. Brown*
Stuart M. Brown (DE 4050)
1201 North Market Street, Suite 2100
Wilmington, Delaware 19801
Telephone: (302) 468-5700
Facsimile: (302) 394-2341
Email: stuart.brown@us.dlapiper.com

-and-

David M. Riley (admitted *pro hac vice*)
Neal Kronley (admitted *pro hac vice*)
1251 Avenue of the Americas
New York, New York 10020
Telephone: (212) 335-4500
Facsimile: (212-335-4501
Email: david.riley@us.dlapiper.com
         neal.kronley@us.dlapiper.com

*Proposed Special Counsel to the Debtors*

**Exhibit A**

**Excerpts From "Hudson 2025 Financial reports final.xlsx"**

## General Ledger

**Exported On:** 11/07/2025 02:54 PM

**Properties:** Hudson 1702 - 358 W 58th New York, NY 10019, Hudson 1701/1706 - 358 W 58th New York, NY 10019, CSC Hudson LLC - 353 W 57th St New York, NY 10019
**Created By:** All
**GL Accounts:** 1000: Operating Cash
**Exclude Zero Dollar Receipts From Cash Accounts:** Yes
**Date Range:** 01/01/2025 to 07/25/2025
**Accounting Basis:** Accrual
**Show Reversed Transactions:** No

| Property | Date | Payee / Payer | Type | Reference | Debit | Credit | Balance | Description |
|---|---|---|---|---|---|---|---|---|
| **1000 - Operating Cash** | | | | | | | | |
| Starting Balance | | | | | | | 113,994.87 | |
| CSC Hudson LLC - 353 W 57th St New York, NY 10019 | 01/01/2025 | Cadence FP&A | Payment | Paid by Coliving (4 transfers of 425 in January) | | 1,700.00 | 112,294.87 | |
| Hudson 1702 - 358 W 58th New York, NY 10019 | 01/02/2025 | | Receipt | ck #274 | 501.11 | | 112,795.98 | |
| Hudson 1702 - 358 W 58th New York, NY 10019 | 01/02/2025 | | Receipt | ck # 126 | 501.11 | | 113,297.09 | |
| Hudson 1702 - 358 W 58th New York, NY 10019 | 01/02/2025 | | Receipt | cash | 429.20 | | 113,726.29 | |
| Hudson 1702 - 358 W 58th New York, NY 10019 | 01/02/2025 | | Receipt | cash | 391.86 | | 114,118.15 | |
| Hudson 1702 - 358 W 58th New York, NY 10019 | 01/02/2025 | | Receipt | cash | 130.62 | | 114,248.77 | Prepaid Rent Income |
| Hudson 1702 - 358 W 58th New York, NY 10019 | 01/02/2025 | | Receipt | cash | 422.27 | | 114,671.04 | |
| Hudson 1702 - 358 W 58th New York, NY 10019 | 01/02/2025 | | Receipt | cash | 419.47 | | 115,090.51 | Prepaid Rent Income |
| Hudson 1702 - 358 W 58th New York, NY 10019 | 01/02/2025 | | Receipt | cash | 0.53 | | 115,091.04 | Prepaid Rent Income |
| Hudson 1702 - 358 W 58th New York, NY 10019 | 01/02/2025 | | Receipt | ck #846 | 393.02 | | 115,484.06 | |
| Hudson 1702 - 358 W 58th New York, NY 10019 | 01/02/2025 | | Receipt | ck # 898 | 454.74 | | 115,938.80 | |
| Hudson 1702 - 358 W 58th New York, NY 10019 | 01/02/2025 | | Receipt | ck #222 | 543.12 | | 116,481.92 | |
| Hudson 1702 - 358 W 58th New York, NY 10019 | 01/07/2025 | | Receipt | ck # 164 | 402.57 | | 116,884.49 | |
| Hudson 1702 - 358 W 58th New York, NY 10019 | 01/07/2025 | | Receipt | ck # 2524 | 402.57 | | 117,287.06 | |
| Hudson 1702 - 358 W 58th New York, NY 10019 | 01/07/2025 | | Receipt | ck # 1248 | 419.51 | | 117,706.57 | |
| Hudson 1702 - 358 W 58th New York, NY 10019 | 01/09/2025 | | Receipt | ck # 142 | 404.88 | | 118,111.45 | |
| Hudson 1702 - 358 W 58th New York, NY 10019 | 01/14/2025 | | Receipt | ck 871739009# | 318.30 | | 118,429.75 | |
| Hudson 1702 - 358 W 58th New York, NY 10019 | 01/14/2025 | | Receipt | ck 871739009# | 57.84 | | 118,487.59 | Prepaid Rent Income |
| Hudson 1702 - 358 W 58th New York, NY 10019 | 01/14/2025 | | Receipt | ck #533 | 393.02 | | 118,880.61 | Prepaid Rent Income |

# Balance Sheet

**Exported On:** 11/07/2025 02:53 PM

**Properties:** Hudson 1702 - 358 W 58th New York, NY 10019, Hudson
**As of:** 07/25/2025
**Accounting Basis:** Accrual
**Level of Detail:** Detail View
**Include Zero Balance GL Accounts:** No

| Account Name | Balance |
|---|---|
| **ASSETS** | |
| **Cash** | |
| CSC Hudson 5722 | 703,916.51 |
| CSC Hudson Savings 7988 | -703,944.95 |
| Hudson 1701-1706 7263 | 354,308.42 |
| Hudson 1702 3993 | -15.00 |
| Hudson Valley Severance 2336 | 35.07 |
| Hudson Valley Tax 3308 | 16.02 |
| Operating Cash | 203,591.98 |
| Citizens Bank Account for Tenant Rent Payments | 14.00 |
| **Total Cash** | **557,922.05** |
| Demolished Property | 1,325,593.66 |
| General Contractor | 3,761,628.31 |
| Loan Closing Costs | 29,977.29 |
| Real Estate Transfer Tax | 784,141.94 |
| Wood and Plastics | 1,223,118.18 |
| Accounts Receivable | 92,683.76 |
| **ESCROW ACCOUNTS** | |
| Escrow for Taxes | 827,441.20 |
| **Total ESCROW ACCOUNTS** | **827,441.20** |
| **Fixed Assets** | |
| Prepaid Insurance | 314,109.20 |
| **Total Fixed Assets** | **314,109.20** |
| **INTERCOMPANY RECEIVABLES** | |
| Due from 340 Clifton | -156,805.63 |

| | |
|---|---:|
| Due from Chestnut Retail LLC | 8,712.13 |
| DUE FROM MEMBERS | 2,710,334.90 |
| Due to/from Arsa | 110,470.13 |
| Due to/from CSC Coliving | 207,827.50 |
| Due to/from Mason | -19,811.60 |
| Due to/from Rectory | -5,258.95 |
| **Total INTERCOMPANY RECEIVABLES** | **2,855,468.48** |
| **BUILDING** | |
| Building | 48,595,961.57 |
| Building: Land Improvements Property | 74,838.27 |
| Land Improvements Property | 5,363,541.53 |
| **Total BUILDING** | **54,034,341.37** |

**<u>Exhibit B</u>**

**<u>Search Terms</u>**

**Search Terms:**

- Hudson
- Parkview
- PV
- Cure
- SRO
- CONH
- certificate /5 harassment
- 356W58
- "Montgomery Street Partners"
- MSP
- "Ground Landlord REIT"
- GLR
- "Ground Lease"
- Elysium
- "West 57th"
- "West 58th"
- "EC 58th"
- Clifton
- Chestnut
- Arsa
- Mason
- Rectory
- Tang
- *@mspcm.com
- *@adstach.com
- *@elysiumconstruction.com
- Dolcinium
- Gardiner
- Theobald
- G&T
- Nouveau
- Tritech
- "LA Fitness"
- CMBM
- Gilbar
- Alba
- "Graham Parker"
- "Master Glass"
- Mulligan
- "The Square"

- "Universal Stone"
- V10
- Chase AND *7988
- Chase AND *5722
- Chase AND *7263
- Chase AND *3993
- Chase AND *7690
- Valley AND *2336
- Valley AND *3308
- "Intercompany Receivables"
- "Intercompany Notes"