**<u>Exhibit C</u>**

**Blackline**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| Hudson 1701/1706, LLC, *et al.*,[1] | Case No. 25-11853 (KBO) |
| Debtors. | (Jointly Administered) |
| | **Related D.I.: 99, 123, 208, 210, 213 & [__]** |

**ORDER (I) AUTHORIZING THE DEBTORS**
**TO RETAIN AND EMPLOY DLA PIPER LLP (US) AS SPECIAL COUNSEL,**
**EFFECTIVE AS OF THE PETITION DATE AND (II) GRANTING RELATED RELIEF**

Upon the *Application of the Debtors for Entry of an Order (I) Authorizing the Debtors to Retain and Employ DLA Piper LLP (US) as Special Counsel, Effective as of the Petition Date and (II) Granting Related Relief* [D.I. 99] (the "Application"),[2] filed by the above-captioned debtors (together, the "Debtors") for entry of an order (this "Order"), (i) authorizing the Debtors to retain and employ DLA Piper LLP (US) ("DLA Piper") as special counsel, effective as of the Petition Date, and (ii) granting related relief, all as further described in the Application and in the Reply, and as limited below; and upon consideration of the First Day Declaration, the Initial Brown Declaration, the Supplemental Brown Declaration, and the Tantleff Declaration; and this Court having jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court having found this is a core proceeding under 28 U.S.C.

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are Hudson 1701/1706, LLC (0281) and Hudson 1702, LLC (0190). The Debtors' mailing address is c/o FTI Consulting, Inc. Attn: Alan Tantleff, 1166 Avenue of the Americas, 15th Floor, New York, NY 10036.

[2] Capitalized terms not otherwise defined in this Order have the meaning given to them in the Application or in the *Debtors' Omnibus Reply to Objections to Application of the Debtors for Entry of an Order (I) Authorizing the Debtors to Retain and Employ DLA Piper LLP (US) as Special Counsel, Effective as of the Petition Date and (II) Granting Related Relief* (the "Reply"), as applicable.

1627427498

§ 157(b)(2)(A); and this Court having found that this Court may enter a final order consistent with article III of the United States Constitution; and this Court having found that venue of this proceeding and the Application in this district is proper under 28 U.S.C. §§ 1408 and 1409; and this Court having found the Debtors' notice of the Application and opportunity for a hearing were adequate and appropriate under the circumstances and no other or further notice need be provided; and this Court having reviewed the Application and having heard the statements in support of the requested relief in the Application at any hearing before this Court, and finding that DLA Piper holds no interest adverse to the Debtors or their estates as required by section 327(e) and 1107(b) of the Bankruptcy Code with respect to the matters for which DLA Piper is to be retained; and the Court having determined that the legal and factual bases set forth in the Application, the First Day Declaration, the Initial Brown Declaration, the Supplemental Brown Declaration, the Tantleff Declaration and any hearing on the Application, establish just cause for the relief granted in this Order; and the Court having found and determined that the relief sought in the Application is in the best interests of the Debtors' estates, their creditors and other parties in interest; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Application is GRANTED as set forth in this Order.

2. The Debtors are authorized to retain and employ DLA Piper as their special counsel in these Chapter 11 Cases, under section 327(e) and 1107(b) of the Bankruptcy Code, Bankruptcy Rule 2014 and Local Rule 2014-1, on the terms and conditions set forth in the Application, in their amended Engagement Letter (the "Amended Engagement Letter"), attached hereto as **Exhibit A**, and as further described below, effective as of the Petition Date.

3. Except as provided in paragraph 5 of this Order, DLA Piper is authorized to render the following professional services:

(a) representing the Debtors in connection with real estate, regulatory, tax, corporate, and governance matters, including any non-central support of any plan of reorganization; and

(b) representing the Debtors in ~~connection with corporate and strategic~~ investigations and litigation matters ~~that may arise during~~ arising in or related to these Chapter 11 Cases~~;~~, including in disputes with MSP Capital Management, L.L.C., d/b/a Montgomery Street Partners, 356W58 Ground Lessor LLC, CSC Hudson LLC, Alberto Smeke Saba and Salomon Smeke Saba, and/or any of each such entities' affiliates and such other litigation matters, including similar or related contested matters, that may arise in or in connection with these Chapter 11 Cases.

4. ~~(c) representing~~ DLA Piper's representation of the Debtors in connection ~~with any and all financing matters, including~~ debtor in possession financing and use of cash collateral matters~~, including negotiation, documentation, and implementation of DIP financing arrangements;~~ from the Petition date through December 4, 2025 is approved.

~~(d) representing the Debtors in connection with plan formulation, negotiation, and confirmation matters; and~~

5. ~~(e) due to~~ DLA ~~Piper's historic representation of the Debtors, including certain investigations respecting prepetition contracts and services obtained by the Debtors from third parties, representing the Debtors in investigation and litigation matters arising in or related to these Chapter 11 Cases.~~ Piper shall not represent the Debtors, nor shall DLA Piper have any role in any deliberations, investigations or determinations with respect to, and as determined in the sole discretion of the Debtors' independent manager, Parkview Financial REIT, LP, Parkview Financial Fund GP, Inc., PV Hudson LLC, Parkview Financial, LLC, and/or any of their non-debtor affiliates, including without limitation debtor in possession financing from and after December 4, 2025. DLA Piper shall not represent the Debtors in connection with the

~~3~~
~~1627427498~~

formulation, negotiation or drafting of any plan, for which Chipman shall be responsible, except to the extent necessary in connection with real estate, regulatory, tax, corporate, and governance matters. DLA Piper shall not be engaged as general bankruptcy counsel under section 327(a) of the Bankruptcy Code and Chipman shall serve in that role, and has been retained by separate order.

6. For the avoidance of doubt, DLA Piper is authorized to represent the Debtors in the litigation styled *First American Title Insurance Company v. Hudson 1701/1706, LLC, et al.*, Adv. Case No. 25-52468 and *Hudson 1701/1706, LLC, et al. v. 356W58 Ground Lessor LLC*, Adv. Case No. 25-52471, related discovery and motion practice as may be necessary or in the Debtors' best interests arising in or in connection with such proceedings.

7. 4. DLA Piper shall apply for and may be compensated for its services and reimbursed for any related expenses in accordance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and any other applicable orders or procedures of this Court. DLA Piper shall make reasonable efforts to comply with the U.S. Trustee's request for information and additional disclosures as set forth in the *U.S. Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement Filed Under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases,* effective November 1, 2013, in connection with the Application and any interim and/or final fee application(s) to be filed by DLA Piper in these Chapter 11 Cases.

8. 5. To the extent that this Order is inconsistent with the Application, the Engagement Letter, or the Amended Engagement Letter, the terms of this Order shall govern.

4
1627427498

9.    ~~6.~~ Notice of the Application as described therein was good and sufficient notice of the Application and the requirements of Bankruptcy Rule 6004(a), if applicable, and the Local Rules are satisfied by such notice.

10.    ~~7.~~ The Debtors and DLA Piper are hereby authorized to take all actions necessary to effectuate the relief granted in this Order.

11.    ~~8.~~ The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

12.    ~~9.~~ This Court retains exclusive jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

| | |
|---|---|
| **Summary report:** <br> **Litera Compare for Word 11.2.0.54 Document comparison done on 1/8/2026 12:35:43 PM** ||
| **Style name:** DLAPiper ||
| **Intelligent Table Comparison:** Active ||
| **Original DMS:** iw://cloudimanage.com/ACTIVE/1627427498/1 ||
| **Modified DMS:** iw://cloudimanage.com/ACTIVE/1627427498/5 ||
| **Changes:** ||
| Add | 30 |
| Delete | 26 |
| Move From | 1 |
| Move To | 1 |
| Table Insert | 0 |
| Table Delete | 0 |
| Table moves to | 0 |
| Table moves from | 0 |
| Embedded Graphics (Visio, ChemDraw, Images etc.) | 0 |
| Embedded Excel | 0 |
| Format changes | 0 |
| **Total Changes:** | 58 |