**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| Hudson 1701/1706, LLC, *et al.*,[1] | Case No. 25-11853 (KBO) |
| Debtors. | (Jointly Administered) |

**MONTHLY OPERATING REPORT**
**FOR THE PERIOD OF FEBRUARY 1, 2026 THROUGH FEBRUARY 28, 2026**
**GLOBAL NOTES, STATEMENT OF LIMITATIONS AND DISCLAIMERS**
**REGARDING THE DEBTORS' MONTHLY OPERATING REPORTS**

On October 22, 2025 (the "Petition Date"), Hudson 1701/1706, LLC ("Hudson 1701/1706") and Hudson 1702, LLC ("Hudson 1702," and collectively with Hudson 1701/1706, the "Debtors" or the "Company") each filed a voluntary petition for relief pursuant to chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"). The Debtors continue to operate their businesses and manage their properties as debtors in possession, pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. These chapter 11 cases (the "Chapter 11 Cases") are being jointly administered under the caption "In re Hudson 1701/1706, LLC, et al.," case number 25-11853 (KBO). Each Debtor has filed its own Monthly Operating Report ("MOR"), but these notes are consolidated and include separate notations for each Debtor where applicable

**Basis of Presentation**. The Debtors are filing these MORs solely for the purposes of complying with the reporting requirements applicable in their respective Chapter 11 Cases. The financial information contained herein is presented on a preliminary and unaudited basis, remains subject to adjustments and may not comply in all material respects with generally accepted accounting principles in the United States of America ("U.S. GAAP"). This MOR should not be relied on by any person for information relating to the Debtors' future financial conditions, events, or performance. The MORs are not intended to reconcile to any financial statements otherwise prepared or distributed by the Debtors. The financial information contained herein is presented per the Debtors' books and records without, among other things, all adjustments or reclassification that may be necessary or typical in accordance with U.S. GAAP. It is possible that not all assets, liabilities, income, or expenses have been recorded at the time of production. This information, however, has not been subject to certain procedures that typically would be applied to financial information in accordance with U.S. GAAP, which procedures could yield materially different financial information. The results of operations contained herein may not necessarily be indicative

---

[1] The Debtors in these Chapter 11 Cases and the last four digits of each Debtors' taxpayer identification number may be obtained on the website of the Debtors' claims and noticing agent at https://www.veritaglobal.net/hudson. The Debtors' mailing address is c/o FTI Consulting, Inc. Attn: Alan Tantleff, 1166 Avenue of the Americas, 15th Floor, New York, NY 10036 (solely for purposes of notices and communications).

of expected results for any other period or for the full year and may not necessarily reflect the combined results of operations and financial position of the Debtors in the future.

The Debtors' maintain their books and records on a cash basis. Certain asset and liability information, including accounts receivable, accounts payable and prepetition liabilities have been reported in Part 2: Asset and Liability Status; however, complete balance sheets by Debtor have not been prepared and are not available. The Statement of Cash Receipts and Disbursements and the Statement of Operations are also prepared on a cash basis. Accordingly, amounts reflected in these statement may differ due to the timing of when cash receipts and disbursements clear the Debtors' bank accounts. As a result, net cash flow may not correspond to net income for the same reporting period.

**Reservation of Rights**. The Debtors hereby reserve all their rights to dispute the validity, status, enforceability, or executory nature of any claim amount, representation, or other statement in this MOR. The Debtors reserve the right to amend or supplement this MOR, if necessary, but are under no obligation to do so. Nothing contained in these MORs shall constitute a waiver of any of the Debtors' rights under any applicable law or an admission with respect to any issue in the Chapter 11 Cases.

**Reporting Period**. Unless otherwise noted herein, the MOR generally reflects the Debtors' books and records and financial activity occurring during the applicable reporting period. Except as otherwise noted, no adjustments have been made for activity occurring after the close of the                                                        reporting                                                        period.

### Specific MOR Disclosures

**Part 1: Cash Receipts and Disbursements**.

- The cash receipts and disbursements are presented based on the entity which owns the respective bank account into which the cash was received or disbursed. The cash balance end of month represents cash for the month ending February 28, 2026, as reflected in Debtor's bank statements.

- In the ordinary course of their business, a Debtor may make payments on behalf of the other Debtor but will not create intercompany balances given the cash basis accounting.

**Part 2: Assets and Liability Status**.

- As noted above, complete balance sheets by Debtor have not been prepared. Certain asset and liability amounts, including postpetition accounts receivable and accounts payable, have been included based on management's available records. However, due to the absence of complete accounting records, total assets and liabilities are undetermined at this time.

- Accounts Receivable (a, b) – Consists of tenant rent owed to the Debtors

- Postpetition Payables (f) – Primarily consist of amounts owed to vendors for services rendered and supplies provided after the Petition Date plus draws on the $32,762,104 senior secured debtor-in-possession term loan credit facility ("DIP Facility").

- Prepetition Secured Debt (k) – Reported amount represents approximate amount outstanding on the secured debt owed to prepetition lender, Parkview Financial REIT, LP (the "Prepetition Lender") and secured claims as of the Petition Date, which are more fully disclosed in the Debtors' Schedules of Assets and Liabilities.

- Prepetition Debt (l, m) – The Debtors have made a diligent effort to include all prepetition debt and trade claims however the Debtors cannot warrant the accuracy and completeness of the amounts(s).  The ultimate amount of the Debtors' liabilities is undetermined at this time.  The amounts currently classified are preliminary, subject to future adjustments and may be settled for greater or lesser amounts depending on court actions, further developments, determinations of the security status of certain claims, the values of any collateral securing such claims, rejection of executory contracts, continued reconciliation, or other events.

**Part 4: Income Statement (Statement of Operations)**.

- Information reported in this section is based on the Debtors' books and records maintained on a cash basis.  Operating revenue and expenses are consolidated and reported by management under the Hudson 1702 Debtor entity.  Accordingly, Statement of Operations is not available for the Hudson 1701/1706 Debtor entity.

**Part 7: Questionnaire – During this Reporting Period**.

- Postpetition Debt Payments (a) – During the reporting period, the Debtors made payments to certain prepetition vendors pursuant to the *Final Order (I) Authorizing the Debtors to Pay Certain Prepetition Claims of Life Safety Critical Vendors and (II) Granting Related Relief* [Docket No. 109] entered into the Bankruptcy Court on December 1, 2025.

**In re: Hudson 1702, LLC**                                        **Case No.:**            **25-11854**
                                                          **Reporting Period:**     **2/1/26 - 2/28/26**

| Cash Receipts & Disbursements | | |
| --- | --- | --- |
| | | **Hudson 1702, LLC 25-11854** |
| **Operating Receipts** | | |
| Rental Income | $ | 11,719 |
| **Total Operating Receipts** | $ | **11,719** |
| **Operating Disbursements** | | |
| Utilities | $ | (3,718) |
| Other Expense | | (2,787) |
| **Total Operating Disbursements** | $ | **(6,505)** |
| **Net Cash Flow From Operations** | $ | **5,214** |
| **Total Net Cash Flow** | $ | **5,214** |

**In re: Hudson 1702, LLC**

| | | Case No.: | 25-11854 |
|---|---|---|---|
| | | Reporting Period: | 2/1/26 - 2/28/26 |

| Debtor's Statement of Operations (Unaudited) | | |
|---|---|---|
| | | **Hudson 1702, LLC 25-11854** |
| **Operating Income** | | |
| Rental Income | $ | 11,690 |
| **Total Operating Income** | $ | **11,690** |
| **Operating Expenses** | | |
| Repairs and Maintenance | | (29,690) |
| G&A | | (3,718) |
| **Total Operating Expenses** | $ | **(33,408)** |
| **Operating Income (Loss)** | $ | **(21,718)** |
| **Net Income (Loss)** | $ | **(21,718)** |

**In re: Hudson 1702, LLC**

|  |  |
|---|---|
| **Case No.:** | **25-11854** |
| **Reporting Period:** | **2/28/2026** |

| Accounts Receivable Balance (Unaudited) | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| **A/R Aging** | | **0 - 30 days** | | **31 - 60 days** | | **61 - 90 days** | | **Over 90 days** | | **Total A/R** |
| Accounts Receivable | $ | 4,731 | $ | 1,954 | $ | 1,871 | $ | 48,307 | $ | 56,864 |
| **Total Accounts Receivable** | **$** | **4,731** | **$** | **1,954** | **$** | **1,871** | **$** | **48,307** | **$** | **56,864** |

**In re: Hudson 1702, LLC**

**Case No.:** **25-11854**
**Reporting Period:** **2/28/2026**

| Postpetition Accounts Payable Balance (Unaudited) | | | | | |
|---|---|---|---|---|---|
| A/P Aging | 0 - 30 days | 31 - 60 days | 61 - 90 days | Over 90 days | Total A/P |
| Trade Payables | $ 360,180 | $ 212,322 | $ 239 | $ 90,043 | $ 662,784 |
| **Accounts Payable Post-Petition** | **$ 360,180** | **$ 212,322** | **$ 239** | **$ 90,043** | **$ 662,784** |

**In re: Hudson 1702, LLC**

**Case No.:** **25-11854**
**Reporting Period:** **2/28/2026**

| Bank Account Information | | | | |
|---|---|---|---|---|
| **Legal Entity** | **Account Type** | **Bank Name** | **Account Number (last 4 digits)** | **Bank Balance** |
| Hudson 1702, LLC | Checking | Western Alliance Bank | 3393 | $                   - |
| Hudson 1702, LLC | Operating | Bank United | 8172 | 37,820 |
| **Total Cash [Bank Balance]** | | | | $          37,820 |

**In re: Hudson 1702, LLC**                                **Case No.:**            **25-11854**
                                                           **Reporting Period:**    **2/1/26 - 2/28/26**

**Bank Reconciliations**

The Debtors hereby submit this attestation regarding bank account reconciliations in lieu of providing copies of bank statements, bank reconciliations and journal entries.

The Debtors' standard practice is to ensure that bank reconciliations are completed before closing the books each reporting period. I attest that each of the Debtors' bank accounts has been reconciled in accordance with their standard practices.


| /s/ Alan Tantleff | 3/20/2026 |
|---|---|
| Signature of Authorized Individual | Date |


| Alan Tantleff | Co-Chief Restructuring Officer |
|---|---|
| Printed Name of Authorized Individual | Title of Authorized Individual |