## EXHIBIT A

## CONFIDENTIALITY AGREEMENT

17817064/1

## CONFIDENTIALITY AGREEMENT

This Confidentiality Agreement (this "**Agreement**") is made as of December 30, 2025, by and between the Debtors (defined below) and the Committee (defined below). For purposes of this Agreement, the Debtors and the Committee are referred to as the "**Parties**."

WHEREAS, Hudson 1701/1706, LLC and Hudson 1702, LLC (collectively, the "**Debtors**"), are debtors and debtors-in-possession in jointly administered cases under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**"), pending in the United States Bankruptcy Court for the District Delaware (the "**Bankruptcy Court**"), captioned *In re Hudson 1701/1706, LLC, et al.*, Case No. 25-11853 (KBO) (the "**Cases**"); and

WHEREAS, the Office of the United States Trustee appointed an official committee of unsecured creditors in the Cases (the "**Committee**") on November 25, 2025, which is comprised of three members: (1) 356W58 Ground Lessor LLC; (2) The Abadi Group; and (3) AJP Contracting Corp. (each, a "**Member**," and collectively, the "**Members**"); and

WHEREAS, each of the Members will execute Committee bylaws that include confidentiality provisions to which the Debtors are designated as third-party beneficiaries; provided, however, to the extent of any inconsistency between the bylaws and this Agreement, this Agreement shall control; and

WHEREAS, the Committee has retained the following legal and financial advisors to advise it in connection with the Cases: (1) Seward & Kissel LLP; (2) Morris James LLP, and (3) Province, LLC (collectively, the "**Advisors**"); and

WHEREAS, for purposes of discussions and/or the exchange of information in connection with the Cases, the Debtors may disclose certain Confidential Information or Highly Confidential Information (defined below) (collectively, "**Designated Information**") to the Committee or the Committee's Advisors. For the avoidance of doubt, Designated Information is limited to information received by Members solely in their capacity as members of the Committee.

NOW THEREFORE, for the exclusive purpose of establishing the agreements of the Parties governing such disclosure, receipt, custody, and use of Designated Information, and in consideration of the covenants and conditions set forth herein, it is agreed as follows:

1. As used herein, the term "**Confidential Information**" is all information, including the identities of certain third parties, disclosed in written, electronic, oral or any other format by the Debtors, and shall be presumed as confidential, trade secret or proprietary information unless otherwise designated in writing by the Debtors; provided, however, that Confidential Information shall not include information that (x) is or becomes available to the Committee or its Advisors on a non-confidential basis from a source other than the Debtors, which source is not subject to any prohibition from disclosing such information to the Committee; (y) is independently developed by the Committee or its Advisors without violating any obligations hereunder and without using any Confidential Information or Highly Confidential Information; or (z) is or becomes publicly available other than as a result of a disclosure by the Committee, the Advisors, or a Member in violation of this Agreement or any obligations of confidentiality to any other person.

2. As used herein, "**Highly Confidential Information**" means all information, regardless of the form in which it is communicated or maintained, that the Debtors in good faith (a) consider to be, reflect, or reveal trade secrets, highly confidential or sensitive non-public research, development, commercial, proprietary, financial or business information, and (b) believe may cause injury or harm to the Debtors or their estates if disclosed other than as permitted pursuant to Paragraph 6 of this Agreement.

3. The Debtors may designate information as Designated Information by stamping, labeling, or otherwise designating (including via email or other written communication) it as "Confidential" or "Highly Confidential," as applicable. If the Committee disputes the designation of information as "Confidential" or "Highly Confidential," the Advisors shall maintain such information as Confidential Information or Highly Confidential Information, as applicable, while the Parties meet, in good faith, to resolve the dispute; provided, however, that if no resolution is reached, the Committee may challenge the Debtors' designation by filing a motion under seal with the Bankruptcy Court. The information subject to the dispute shall continue to be treated as Confidential Information or Highly Confidential Information, as applicable, unless and until the Bankruptcy Court rules that it should be treated otherwise.

4. The Committee agrees that Confidential Information will be used solely and exclusively in connection with any purpose and function allowed under the Bankruptcy Code, and that such information will be kept strictly confidential and will not be disclosed by the Committee, the Members, or the Advisors to any third parties in any manner whatsoever, directly or indirectly, in whole or in part, and shall not be used, directly or indirectly, for any commercial, business, competitive or other purpose except to the extent that such disclosure or use: (a) is approved in advance in writing by the Debtors; or (b) is required by applicable law, regulation or stock exchange requirements, or by legal or regulatory process; provided, however, the Committee will, to the extent permitted by applicable law or regulation, provide the Debtors with prompt advanced written notice of such request or requirement so that the Debtors may seek a protective order or other appropriate remedy, and the Committee will reasonably cooperate with the Debtors' efforts to obtain the same. With respect to clause (b), if, absent the entry of such a protective order or other judicial remedy, the Committee is compelled to disclose Confidential Information, the Committee may disclose only that portion of the Confidential Information that the Committee is compelled to disclose and will exercise commercially reasonable efforts to obtain assurance that confidential treatment will be accorded to that portion of the Confidential Information that is being disclosed. The Debtors hereby agree that Confidential Information may be disclosed to (a) the Advisors, (b) the Members, and (c) directors, officers, advisors, or employees (the "**Representatives**") of the Members who are directly assisting the Committee with making decisions concerning the Cases.

5. The Committee agrees that Highly Confidential Information will be used solely and exclusively in connection with any purpose and function allowed under the Bankruptcy Code, and that such information will be kept strictly confidential and shall be disclosed solely to the Advisors. The Committee agrees that Highly Confidential Information shall not be disclosed to the Members, Representatives of the Members, or any other third-parties; provided, however, that the Advisors may advise the Members of the general nature

2

of Highly Confidential Information when they in good faith believe it is necessary to permit the Committee to exercise its fiduciary duties, provided further that such advice shall not disclose the material terms of the Highly Confidential Information.

6. The Committee may include Designated Information in a pleading or other document filed with the Bankruptcy Court only if: (a) such Designated Information and any substantive references thereto are filed with the Bankruptcy Court under seal pursuant to Del. Bankr. L.R. 9018-1; or (b) the Committee obtains the Debtors' advanced written consent to the proposed use of the Designated Information. The Committee and the Debtors shall discuss the manner of use of Designated Information at any hearing in the Bankruptcy Court, including procedures related to the non-public disclosure of Designated Information at such hearing. In the event that an agreement cannot be reached on such procedures, the parties shall seek to have the issue determined by the Bankruptcy Court.

7. Chipman Brown Cicero & Cole, LLP ("**Chipman**") is the legal advisor to the Debtors. All inquiries and other communications are to be made directly to Chipman or employees or representatives of the Debtors specified by Chipman.

8. This Agreement does not create, alter, modify, or expand any obligation or duty of the Debtors to provide any Designated Information, or other information to any other party, and is without prejudice to and does not impair the ability or rights of the Debtors to seek further limits on disclosure or protections for the confidentiality of any Designated Information in addition to the limits and protections provided herein.

9. Nothing in this Agreement shall preclude any of the parties hereto from taking any action against the other party, including, without limitation, to obtain information relating to that party, including Designated Information, through other lawful means, including, without limitation, in, through or in connection with any legal proceeding, by subpoena, discovery request, or otherwise (collectively, a "**Legal Action**"). Notwithstanding anything to the contrary herein, information produced by the Debtors in connection with a Legal Action shall be governed by and subject to this Agreement.

10. The Committee shall return to the Debtors or destroy, at the Committee's election, all Designated Information, without retaining any copies, summaries or extracts thereof upon the occurrence of any of the following: (a) the effective date of any plan of reorganization or liquidation in the Cases, (b) entry of an order dismissing the Cases, (c) entry of an order converting the Cases to cases under Chapter 7 of the Bankruptcy Code, or (d) dissolution of the Committee. Any such return or destruction of Designated Information shall be confirmed by the Committee in writing (with email being sufficient). In the event of such request to return or destroy Designated Information, all documents, analyses, compilations, studies, or other materials prepared by the Advisors that contain Designated Information shall be destroyed and no copy thereof shall be retained (such destruction to be confirmed in writing by Advisor). Any Designated Information that is not returned or destroyed, including without limitation, any oral Designated Information, shall remain subject to the confidentiality obligations set forth in this Agreement. Notwithstanding the foregoing, the Advisors may retain copies of Designated Information in accordance with its legal, regulatory, or professional requirements and customary internal record retention policies

and procedures provided that any such retained Designated Information shall remain subject to the confidentiality obligations set forth in this Agreement.

11. It is understood and agreed that money damages would not be a sufficient remedy for any breach or threatened breach of this Agreement and that the Debtors shall be entitled to seek specific performance and injunctive or other equitable relief as a remedy for any such breach or threatened breach. Such remedy or remedies shall not, however, be deemed to be the exclusive remedy or remedies for breach or threatened breach of this Agreement but shall be in addition to all other remedies available at law or equity to the Debtors. The Committee hereby (a) waives any requirement for the security or posting of any bond in connection with such remedies and (b) agrees to the granting of injunctive relief in the Debtors' favor without proof of actual damages.

12. Unless otherwise provided in writing by mutual agreement of the Parties, this Agreement and each of the obligations under this Agreement with respect to Designated Information shall survive the conclusion of the Cases.

13. The Advisors acknowledge that neither the Debtors nor their Representatives make any representations or warranties, express or implied, as to the accuracy or completeness of any information furnished pursuant to this Agreement, and that neither the Debtors nor their Representatives shall have any liability whatsoever to the Committee or any other person as a result of the use of the information furnished pursuant to this Agreement.

14. This Agreement is for the benefit of the Committee and the Debtors and is governed by the laws of Delaware without regard to any conflict of laws principles thereof. Any action brought in connection with this Agreement shall be brought in the Bankruptcy Court, and the Parties hereby irrevocably consent to the jurisdiction of such court and waive any objections as to venue or inconvenient forum. This Agreement may not be assigned by the Committee without the prior written consent of the Debtors. This Agreement sets forth the entire agreement between the Parties as to the subject matter hereof, and none of the terms of this Agreement may be amended except in a writing signed by each of the Parties. No failure or delay by a Party in exercising any right hereunder or any partial exercise thereof shall operate as a waiver thereof or preclude any other or further exercise of any right hereunder. The invalidity or unenforceability of any provision of this Agreement shall not affect the validity or enforceability of any other provisions of this Agreement, which shall remain in full force and effect. This Agreement may be executed by email or PDF and in counterparts, each of which shall constitute one and the same agreement.

4

IN WITNESS WHEREOF, the Debtors and the Committee have executed this Agreement as of the date first written above.

*Robert J. Gayda*
_____
*On behalf of the Committee*

**SEWARD & KISSEL LLP**

Robert J. Gayda
Catherine V. LoTempio
Andrew J. Matott
One Battery Park Plaza
New York, New York 10004
Telephone: (212) 574-1200
Email:      gayda@sewkis.com
                 lotemptio@sewkis.com
                 matott@sewkis.com

_____
*On behalf of the Debtors*

**CHIPMAN BROWN CICERO & COLE, LLP**

William E. Chipman, Jr. (No. 3818)
Mark D. Olivere (No. 4291)
Aaron J. Bach (No. 7364)
Alison R. Maser (No. 7430)
1313 North Market Street, Suite 5400
Wilmington, Delaware 19801
Telephone: (302) 295-0191
Email:      chipman@chipmanbrown.com
                 olivere@chipmanbrown.com
                 bach@chipmanbrown.com
                 maser@chipmanbrown.com

SK 99999 1098 12060161 v1

5