# EXHIBIT B

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| HUDSON 1701/1706, LLC, *et al.*,[1] | Case No. 25-11853 (KBO) |
| Debtors. | (Jointly Administered) |
| HUDSON 1701/1706, LLC, a Delaware limited liability company; and HUDSON 1702, LLC, a Delaware limited liability company, | |
| Plaintiffs, | Adv. Proc. No. 25-52471 (KBO) |
| -v- | |
| 356W58 GROUND LESSOR LLC, a Delaware limited liability company, | |
| Defendant. | |

## NOTICE OF INTENT TO SERVE SUBPOENA ON NON-PARTY

**PLEASE TAKE NOTICE** that pursuant to Federal Rule of Civil Procedure 45, made applicable to this proceeding by Rule 9016 of the Federal Rules of Bankruptcy Procedure, counsel for Defendant 356W58 Ground Lessor LLC, in the above-captioned adversary proceeding, will cause the subpoena attached hereto to be served upon non-party Parkview Financial REIT, LP.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are Hudson 1701/1706, LLC (0281) and Hudson 1702, LLC (0190). The Debtors' headquarters and the mailing address for the Debtors is 11440 San Vicente Boulevard, 2nd Floor, Los Angeles, CA 90045.

Dated: February 25, 2026
       Wilmington, Delaware

**LANDIS RATH & COBB LLP**

*/s/ Matthew B. McGuire*
Adam G. Landis (No. 3407)
Matthew B. McGuire (No. 4366)
Katherine S. Dute (No. 6788)
Soumya P. Venkateswaran (No. 7278)
919 Market Street, Suite 1800
Wilmington, Delaware 19801
Telephone: (302) 467-4400
Facsimile:  (302) 467-4450
Email: landis@lrclaw.com
        mcguire@lrclaw.com
        dute@lrclaw.com
        venkateswaran@lrclaw.com

– and –

**ADLER & STACHENFELD LLP**
Kirk L. Brett (admitted *pro hac vice*)
Patrick O'Connor (admitted *pro hac vice*)
555 Madison Avenue, 6th floor
New York, New York 10022
Telephone: (212)883-1700
Facsimile: (212)883-8883
Email: kbrett@adstach.com
        poconnor@adstach.com

*Counsel to 356W58 Ground Lessor LLC*

2

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

_____ District of _____Delaware_____

In re ____Hudson 1701/1706 LLC et al_____
                              Debtor

*(Complete if issued in an adversary proceeding)*

__Hudson 1701/1706 LLC_____
                              Plaintiff

                              v.
__356W58 Ground Lessor LLC_____
                              Defendant

Case No. __25-11853_____

Chapter ____11_____

Adv. Proc. No. __25-52471_____

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

Parkview Financial REIT, LP,

To: __11440 San Vicente Blvd, 2nd Floor, Los Angeles, CA 90049_____

*(Name of person to whom the subpoena is directed)*

[X] *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Exhibit A, attached

| PLACE    Landis Rath & Cobb LLP<br>919 Market Street, Suite 1800, Wilmington, DE 19899 | DATE AND TIME<br>March 12, 2026 by 4:00 pm ET |
|---|---|

[ ] *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: __2/25/2026_____

CLERK OF COURT

OR

_____        /s/ Matthew B. McGuire
*Signature of Clerk or Deputy Clerk*        _____
                                                              *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)*
__356W58 Ground Lessor LLC_____ , who issues or requests this subpoena, are:

Matthew B. McGuire, Landis Rath & Cobb LLP, 919 Market Street, Suite 1800, Wilmington, DE 19899; mcguire@lrclaw.com; 302-467-4400

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 2)

# PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of  $ _____ .

 My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

 I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 3)

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
  (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
  *(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  *(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
  *(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  *(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    (i) disclosing a trade secret or other confidential research, development, or commercial information; or

    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  *(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  *(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  *(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  *(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  *(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
  *(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  *(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

# EXHIBIT A

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>        Hudson 1701/1706 LLC,<br>        Debtors. [1] | Chapter 11<br><br>Case No. 25-11853 (KBO) |
| HUDSON 1701/1706, LLC, a Delaware limited liability company; and HUDSON 1702, LLC, a Delaware limited liability company,<br>        Plaintiffs,<br>        v.<br>356W58 GROUND LESSOR LLC, a Delaware limited liability company,<br>        Defendant. | (Jointly Administered)<br><br>Adv. Proc. No. 25-52471 (KBO) |

### 356W58 GROUND LESSOR LLC'S FIRST SET OF REQUESTS FOR PRODUCTION TO PARKVIEW FINANCIAL REIT, LP

Defendant 356W58 Ground Lessor LLC ("Landlord"), by and through the undersigned counsel, hereby requests that Parkview Financial REIT, LP ("Parkview") respond to the following Requests for Production, within fourteen (14) days of service hereof, and produce all of the following designated documents in Parkview's possession, custody or control, in accordance with the following definitions and instructions. Landlord reserves the right to serve additional requests.

### DEFINITIONS

1.      "Action" means the above-captioned adversary proceeding filed and pending in the United States Bankruptcy Court for the District of Delaware, styled *Hudson 1701/1706, LLC and Hudson 1702, LLC v. 356W58 Ground Lessor LLC*, Adv. Proc. No. 25-52471 (KBO).

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are Hudson 1701/1706, LLC (0281) and Hudson 1702, LLC (0190). The Debtors' headquarters and the mailing address for the Debtors is 11440 San Vicente Boulevard, 2nd Floor, Los Angeles, CA 90045.

2.      "And" as well as "or" shall be construed either disjunctively or conjunctively as is necessary to bring within the scope of these requests all documents which might otherwise be construed to be outside their scope. The singular includes the plural, and the plural includes the singular. Unless otherwise specified, all items include the past, present, and future.

3.      "Any," "each," "every," and "all" shall be construed to bring within the scope of these requests for production the broadest response possible.

4.      The terms "and" and "or" shall be construed either conjunctively or disjunctively to bring within the scope of these requests for production the broadest response possible.

5.      "Communication" or "communication" means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise), including, but not limited to, any correspondence, discussions, documents, facsimiles, memoranda, meetings, messages, notes, telephone conversations, email or other forms of electronic communications, including text messages, instant messages, and the like.

6.      "Complaint" means the Complaint in this action dated and filed on December 22, 2025.

7.      "Concerning" or "concerning" shall be given the broadest meaning possible, and shall mean referring to, relating to, constituting, reflecting, regarding, analyzing, commenting on, considering, containing, describing, discussing, evidencing, inquiring about, mentioning, or reporting on, in whole or in part.

8.      "Construction Loan" means the loan obtained by Debtors from Parkview pursuant to that certain Building Loan Agreement dated May 4, 2022 and that certain Project Loan Agreement dated May 4, 2022 in an aggregate amount of up to $207,000,000.

9. "Construction Loan Agreement" means, collectively, that certain Building Loan Agreement dated May 4, 2022 and that certain Project Loan Agreement dated May 4, 2022.

10. "CSC" means CSC Co-Living and each of its affiliates, employees, officers, managers, directors, agents, attorneys, and representatives.

11. "Debtors" means Hudson 1701/1706, LLC and Hudson 1702, LLC and each of their affiliates, employees, officers, managers, directors, agents, attorneys, and representatives.

12. "DLA Piper" means the law firm of DLA Piper and each of its affiliates, employees, officers, managers, directors, agents, attorneys, and representatives.

13. "Document" or "document" means the original (or any copy when originals are not available) and any non-identical copies (whether different from the original because of notes, marks, initials, stamped indicia, any comment or any rotation of any character made on such copies or otherwise), or drafts of any kind of printed, typed, recorded, written, graphic, or photographic matter, video tapes, audio recordings, data compilations from which information can be obtained and translated, facsimiles, electronic mails, texts, invoices, receipts, notebooks of any character, diaries and calendars, routing slips or memoranda, reports, publications, books, sketches, drawings, any tangible recording, however made, of information, data, or communications, including notes, memoranda, correspondence and papers, minutes or records of meetings, reports and/or summaries of investigations, agreements, and contracts, including all modifications or revisions thereof, reports or summaries of negotiations, court papers, brochures, promotional literature, pamphlets, press releases, and instructions, including writings of every kind and description, whether inscribed by hand, mechanically, electronically, photographically, or by other means as well as phonic or visual reproduction of oral statements, conversations or events, any translations of any of the foregoing, however denominated, and regardless of their author or origin.

A draft or non-identical copy is a separate document within the meaning of the term. The term "document" includes all electronically-stored information, including, but not limited to, emails and attachments, voice mail, instant messaging and other electronic communications, text messages, messages communicated over WhatsApp, GroupMe, Slack, WeChat, LinkedIn, Facebook or other electronic platform, word processing documents, text files, hard drives, spreadsheets, graphics, audio and video files, databases, calendars, telephone logs, transaction logs, Internet usage files, offline storage or information stored on removable media, information contained on home computers, laptops or other portable devices, network access information, backup materials, and native files and the corresponding metadata which is ordinarily maintained. Requests for all documents concerning a particular document or subject includes, without limitation, all Communications relating to that document.

14. "Fourth Amendment" means that certain Fourth Amendment to Ground Lease dated March 29, 2024 by and among 356W58 Ground Lessor LLC and Hudson 1701/1706, LLC and Hudson 1702, LLC, and acknowledged and agreed to by Parkview Financial REIT, LP.

15. "Ground Lease" means that certain Ground Lease between Hudson 1701/1706, LLC and Hudson 1702, LLC and 356W58 Ground Lessor LLC, dated May 4, 2022.

16. "Improvements" shall have the same meaning ascribed to it in the Ground Lease.

17. "Parkview" means Parkview Financial REIT, LP and each of its affiliates, employees, officers, managers, directors, agents, attorneys, and representatives.

18. "Person" means any individual and any entity including, without limitation, any human being, corporation, partnership, trust, limited liability company, government, governmental unit, trust, association, joint-stock company, and unincorporated organization.

19. "Project" shall have the same meaning ascribed to it in the Ground Lease.

20.     "Relate to" or "relating to" shall be given the broadest meaning possible, and shall include the terms "pertain to," "bear upon," "in support of," "provide evidence of," "affects," "concerns," "touches upon," and "involves." All conjugations of the verb "relate" shall be interpreted in the same manner.

21.     "You" and "Your" mean Parkview and each of their affiliates, employees, officers, managers, directors, agents, attorneys, and representatives.

### INSTRUCTIONS

1.     Each of the requests for production (each one a "Request" and collectively, the "Requests") stated herein shall be deemed continuing so as to require further and supplemental production in the event that Parkview obtains or discovers additional information or documents covered by these Requests after the time of its initial response up to the final conclusion of this matter. If at any time any information is obtained or discovered in addition to what has previously been produced, Parkview shall promptly supplement its responses to these Requests and produce the newly discovered information.

2.     In construing these Requests, the singular shall include the plural and the plural shall include the singular so as to make the response inclusive rather than exclusive.

3.     Specify which documents are produced in response to each of the numbered paragraphs. If no documents exist in response to a numbered Request, state so in writing.

4.     Each of the Requests seeks production of documents in their entirety, including all attachments and exhibits.

5.     A Request for documents shall be deemed a request for any or all transmittal sheets, cover letters, exhibits, enclosures, or attachments to the documents, in addition to the document itself, without abbreviation or expurgation.

6. Please produce documents responsive to the Requests in single-page TIFF format with a corresponding load file. If a document has been converted from native format to TIFF format, please include all metadata and document text from the original native file, including but not limited to the following fields (to the extent available): Beginning Bates Number; Ending Bates Number; Beginning Attachment Bates Number; Ending Attachment Bates Number; Document Type, Custodian, Page Count, Attachment Count, Document Date (MM/DD/YYYY); Author, Recipient; CC; BCC; Subject; Body; Full Text; Date Sent; Date Created; Date Modified; Date Received; and Date Delivered. If a document original was in hard copy format, and has been converted to TIFF, please include in the load file any bibliographical coding and optical character recognition (OCR) data. Please produce any Excel spreadsheets in both TIFF and native format.

7. If Parkview cannot respond to any of the following Requests fully and completely after exercising reasonable efforts and due diligence to secure any information requested, Parkview shall respond to each such Request to the fullest extent possible, shall specify the portion of such Request that Parkview claims it is unable to answer fully and completely, shall state the facts on which Parkview relied to support the assertion that it is unable to answer that Request fully and completely, and shall state what knowledge, information, or belief Parkview has concerning the unanswered portion of each such Request.

8. If any document is withheld from production for any reason, furnish a list specifying, for each document: (i) the reason for which it is being withheld; (ii) its character (letter, memorandum, etc.); (iii) the name, position, and business affiliation of its author or authors; (iv) the name, position, and business affiliation of each recipient of the document or a copy thereof; (v) the date on which it was written; (vi) its general subject matter; (vii) the specific Request to which it is responsive; (viii) its present location and custodian; and (ix) if any Request calls for a

document or non-written communication which Parkview claims to be privileged, identify the nature of the privilege.

9. If any document that relates to this matter has been destroyed, please provide the following information: (i) the place, date (or approximate date), and manner of recording or otherwise preparing of the document; (ii) the name and title of the sender, and the name and title of the recipient of the document; (iii) a summary of the contents of the document; (iv) the identity of each Person or Persons (other than stenographic or as clerical assistance) participating in the preparation of the document; (vi) the date on which it was destroyed; (vii) the reason it was destroyed; and (viii) whether the claimed destruction occurred as a result of any policy regarding the destruction of documents. If so, describe and provide a copy of the policy.

10. If any document that relates to this matter is no longer in Parkview's possession because it has been returned to an individual or entity, please provide the following information: (i) the place, date (or approximate date), and manner of recording or otherwise preparing of the document; (ii) the name and title of the sender, and the name and title of the recipient of the document; (iii) a summary of the contents of the document; (iv) the identity of each Person or Persons (other than stenographic or clerical assistance) participating in the preparation of the document; (v) the identities of all Persons having knowledge of the substance of the document; (vi) the date on which it was returned; (vii) the reason it was returned; and (viii) whether the claimed return occurred as a result of any policy relied upon by Parkview. If so, describe and provide a copy of the policy.

11. All documents should be produced, as closely as possible, in the manner and order in which they are kept. Specifically, each set of responsive documents held by a particular employee or representative thereof should be identified as being from that particular Person's or

office's files. Further, all file folders, dividers, and other containers for such documents should be copied so that we may understand who keeps the documents produced, where they are kept, and how they are organized. Documents attached to each other or contained in a file, folder, or similar binder should not be separated.

12. Requests for all documents concerning a particular document or subject includes, without limitation, all Communications relating to that document or subject.

13. Except as otherwise stated, the relevant time period for the Requests is January 1, 2022 to October 22, 2025.

14. For the avoidance of doubt, Requests without limitation include any and all Documents and Communications with CSC, insurers, lenders, and with any direct or indirect investors in Parkview.

## REQUESTS FOR PRODUCTION

1. Any and all Documents and Communications relating to or concerning the Ground Lease. The relevant time period for this Request is January 1, 2022 to July 1, 2022.

2. Any and all Documents and Communications relating to or concerning the Ground Lease or the Fourth Amendment. The relevant time period for this Request is September 1, 2023 to March 30, 2024.

3. Any and all Documents and Communications relating to or concerning the Construction Loan.

4. Any and all Documents and Communications relating to or concerning whether the Ground Lease is a true lease or a disguised financing.

5. Any and all Documents and Communications between Parkview and any third party relating to or concerning the impetus for or reason to seek to recharacterize the Ground Lease.

8

6.      Any and all Documents and Communications between Parkview and any third party relating to or concerning the impetus for or reason to cause Debtors to file their bankruptcy petition.

7.      All Documents and Communications between Parkview and DLA Piper concerning the Ground Lease. The relevant time period for this Request is October 21, 2025 to the present.

8.      All Documents and Communications relating to or concerning the Construction Loan, including investment agreements, legal opinions, insurance policies, and financing agreements.

9.      Any and all Documents and Communications relating to or concerning the amount of money required to complete the Improvements and the Project.

10.     Any and all Documents and Communications relating to or concerning Debtors' ability or wherewithal to fund the amount of money required to complete the Improvements and the Project. The relevant time period for this Request is September 1, 2023 to the present.

11.     Any and all Documents and Communications relating to or concerning the availability under the Construction Loan of the amount of money required to complete the Improvements and the Project. The relevant time period for this Request is September 1, 2023 to the present.

12.     Any and all Documents and Communications relating to or concerning Parkview's ability or wherewithal to fund the amount of money required to complete the Improvements and the Project. The relevant time period for this Request is September 1, 2023 to the present.

9

Dated: February 25, 2026
Wilmington, Delaware

**LANDIS RATH & COBB LLP**

*/s/ Matthew B. McGuire*
Adam G. Landis (No. 3407)
Matthew B. McGuire (No. 4366)
Katherine S. Dute (No. 6788)
Soumya P. Venkateswaran (No. 7278)
919 Market Street, Suite 1800
Wilmington, Delaware 19801
Telephone: (302) 467-4400
Facsimile:  (302) 467-4450
Email: landis@lrclaw.com
    mcguire@lrclaw.com
    dute@lrclaw.com
    venkateswaran@lrclaw.com

– and –

**ADLER & STACHENFELD LLP**
Kirk L. Brett (admitted *pro hac vice*)
Patrick O'Connor (admitted *pro hac vice*)
555 Madison Avenue, 6th floor
New York, New York 10022
Telephone: (212)883-1700
Facsimile: (212)883-8883
Email: kbrett@adstach.com
    poconnor@adstach.com

*Counsel to 356W58 Ground Lessor LLC*

10