**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>Hudson 1701/1706, LLC, *et al.*,[1]<br><br>                    Debtors. | Chapter 11<br><br>Case No. 25-11853 (KBO)<br><br>(Jointly Administered)<br><br>**Related Docket Nos. 400 and 418** |

**DECLARATION OF ALAN TANTLEFF IN SUPPORT OF**
**DEBTORS' REPLY IN SUPPORT OF MOTION OF THE DEBTORS**
**TO INCREASE DIP COMMITMENT AND MODIFY AND EXTEND**
**APPROVED DIP BUDGET UNDER FINAL DIP ORDER**

I, Alan Tantleff, hereby declare, under penalty of perjury, that the following is true to the best of my knowledge, information, and belief:

1. I am the co-Chief Restructuring Officer ("**CRO**") of Hudson 1702, LLC ("**Hudson 1702**") and Hudson 1701/1706, LLC ("**Hudson 1701/1706**" and, together with Hudson 1702, the "**Company**" and the subject property of the Debtors' estates, the "**Hudson**"), the debtors and debtors in possession (the "**Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"). I am authorized to submit this Declaration by the Debtors' managing member, PV Hudson LLC and the Debtors' independent manager, Robbin Itkin. Except as otherwise stated, all facts set forth in this Declaration are based on my personal knowledge, my discussions with those reporting directly to me, my review of relevant documents and contemporaneous business records regularly kept and maintained by the Debtors (to the extent they remain in the Debtors' possession), my experience and knowledge of the industry and of the Debtors' operations and financial condition, and the information provided to me by the Debtors' and their affiliates' management, advisors, counsel, agents, employees, or other representatives. I submit this

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are Hudson 1702, LLC (0190) and Hudson 1701/1706, LLC (0281). The Debtors' mailing address is c/o FTI Consulting, Inc. Attn: Alan Tantleff, 1166 Avenue of the Americas, 15th Floor, New York, NY 10036.
.

declaration in support of the *Debtors' Reply in Support of Motion of the Debtors to Increase DIP Commitment and Modify and Extend Approved DIP Budget Under Final DIP Order* [Docket No. 418] (the "**Reply**").  If called upon to testify, I could and would testify competently to the facts set forth in this Declaration.

2.      As set forth in greater detail in the *Debtors' Motion to Increase DIP Commitment and Modify and Extend Approved DIP Budget Under Final DIP Order* [Docket No. 400] (the "**Motion**"),[2] the Debtors seek entry of a supplemental final debtor-in-possession financing order (the "**Supplemental DIP Order**"), increasing the DIP Commitment and modifying and extending the approved debtor-in-possession financing budget (the "**Amended Budget**") to provide necessary funding after the expiration of the original DIP budget at the end of April 2026.  The Amended Budget was attached as Exhibit 1 to the proposed Supplemental DIP Order.  A further revised Amended Budget is attached hereto as **Exhibit A**.

3.      As detailed in the Reply, it is true that due to the stop-work order, there is a limited amount of funds in the Amended Budget for the actual construction of residential units, because no work on those units can legally proceed until the stop-work order is lifted.  Once the stop-work order is lifted and the Recharacterization Litigation is resolved, the Debtors will be in a position to obtain appropriate exit financing to complete the Project as part of a reorganization plan. [3]

4.      Furthermore, it is not true that the Amended Budget is primarily for financing the Recharacterization Litigation against MSP.  The Amended Budget provides for the payment of many other critical expenses, all of which benefit not only the Debtors and their estates but MSP as well.  For example, the Amended Budget (May through August) contains $3,349,400 for LA Fitness construction; $3,211,145 for property taxes, $2,926,672 for ground rent, $870,090 for insurance, $427,276 for security and fire watch, and $79,200 for repairs and maintenance, among

---

[2] Capitalized terms used but not otherwise defined shall have the meaning ascribed to them in the Motion.

[3] The stop-work order applies to the apartment units only where SRO tenants reside. The stop-work order does not apply to the LA Fitness space, and thus the Debtors have continued construction on this space.

other things.  The Amended Budget contains only $1,600,000 in professional fees for Boies Schiller Flexner LLP, Debtors' litigation counsel prosecuting, among other things, the Recharacterization Litigation.  Clearly, the Supplemental DIP Order is not designed primarily to fund litigation against MSP.

5.      It is also untrue that the Debtors have ample cash resources without any increase in the DIP Facility.  Any cash remaining from the previously approved DIP Budget covers accrued administrative expenses, such as accrued and unpaid professional fees and expenses.

Under 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Executed this 16th day of April, 2026.

Hudson 1701/1706, LLC and Hudson 1702, LLC
Debtors and Debtors in Possession

By: */s/ Alan Tantleff*_____
      Alan Tantleff
      Co-Chief Restructuring Officer

4906-9487-0178, v. 4