**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| In re:<br><br>HUDSON 1701/1706, LLC, *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 25-11853 (KBO)<br><br>(Jointly Administered)<br><br>**Related Docket No. 400** |

**LIMITED OBJECTION AND RESERVATION OF RIGHTS OF
THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO
MOTION OF THE DEBTORS TO INCREASE DIP COMMITMENT AND
MODIFY AND EXTEND APPROVED DIP BUDGET UNDER FINAL DIP ORDER**

The Official Committee of Unsecured Creditors (the "Committee") appointed in the chapter 11 bankruptcy cases (the "Chapter 11 Cases") of the above-captioned debtors and debtors-in-possession (the "Debtors"), by and through its undersigned counsel, hereby files this limited objection and reservation of rights (the "Limited Objection") to the *Motion of the Debtors to Increase DIP Commitment and Modify and Extend Approved DIP Budget Under Final DIP Order* [Dkt. No. 400] (the "Motion").[2]  In support of this Limited Objection, the Committee respectfully states as follows:

**LIMITED OBJECTION**

1.      The incurrence of further indebtedness contemplated by the Motion is concerning—the Debtors have not indicated how the increase in DIP financing is tethered to any path to reorganization; instead, the additional funding appears largely earmarked for litigation expenses.  Nearly six months since the commencement of the Chapter 11 Cases, the Debtors have

---

[1]  The Debtors in these chapter 11 cases, along with the last four digits of each Debtors' federal tax identification number, are Hudson 1701/1706, LLC (0281) and Hudson 1702, LLC (0190). The Debtors' mailing address is c/o FTI Consulting, Inc. Attn: Alan Tantleff, 1166 Avenue of the Americas, 15th Floor, New York, NY 10036.

[2]  Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Motion.

made little progress toward restarting the construction project and have not articulated a timeline for lifting the stop work order and resuming meaningful development activity.

2. The Debtors' efforts and resources appear instead to be concentrated on a litigation strategy—the adversary proceeding seeking recharacterization of the ground lease (the "Recharacterization Litigation").  The Debtors have offered no proposed plan of reorganization, no draft plan framework, and critically, no contingency plan if the Recharacterization Litigation is unsuccessful.[3]  Compounding these deficiencies, the Debtors are also in violation of critical, agreed-upon case milestones, having failed to provide any "Fallback Business Plan" by March 30, 2026, as required by the Final DIP Order, conceding that no "economically feasible" backup business plan exists.[4]  The Committee urges the Debtors to meaningfully evaluate and pursue alternative strategies should the Recharacterization Litigation fail, so that the estates are not left without a viable path forward.

3. At bottom, the Committee is concerned that the requested additional DIP financing will function not as bridge financing to reorganization, but as a mechanism to facilitate only litigation in these cases, increase secured and superpriority claims, and foreclose alternative restructuring paths and potential recoveries for unsecured creditors.  The Debtors bear the burden of demonstrating that the increased financing represents a sound exercise of business judgment and is designed to benefit the estates rather than for the sole benefit of the lender.

4. For these reasons, the Committee respectfully submits that the Motion should not be approved absent serious consideration of alternative case paths.  If the Debtors fail to

---

[3]  The Debtors' exclusivity period is set to expire on May 20 during the pendency of the Recharacterization Litigation. *See* Dkt. No. 306.

[4]  This failed milestone is particularly troubling to the Committee as the milestones were negotiated with the Debtors in order to resolve the Committee's objection to the Final DIP Order that raised concerns with the Debtors' lack of a business plan at the outset of these cases.  *See* Dkt. No. 144 at 10-11.

meaningfully evaluate such alternatives, the Committee will be forced to consider appointment of a chapter 11 trustee or other appropriate relief.  These cases should not proceed on the assumption that the only path to reorganization is a favorable outcome for the Debtors in the Recharacterization Litigation.

**RESERVATION OF RIGHTS**

5.      Nothing contained herein shall constitute a waiver of any of the Committee's rights or remedies under the Bankruptcy Code or applicable law, including, without limitation, the right to supplement this Limited Objection prior to the hearing on the Motion or to otherwise assert additional objections to the Motion.

WHEREFORE, the Committee respectfully requests that the Court deny the Motion or condition approval on limitations and protections that address the concerns raised herein, including meaningful milestones and consideration of alternative case paths, and grant such other and further relief as the Court deems just and proper.

*[remainder of page intentionally left blank]*

SK 39526 0005 12140414 v5
17874411/1

Dated: April 18, 2026
      Wilmington, Delaware

Respectfully submitted,

**MORRIS JAMES LLP**

*/s/ Eric J. Monzo*
Eric J. Monzo (DE Bar No. 5214)
Siena B. Cerra (DE Bar No. 7290)
3205 Avenue North Blvd., Suite 100
Wilmington, DE 19803
Telephone: (302) 888-6800
emonzo@morrisjames.com
scerra@morrisjames.com

-and-

**SEWARD & KISSEL LLP**
Robert J. Gayda (admitted *pro hac vice*)
Catherine V. LoTempio (admitted *pro hac vice*)
One Battery Park Plaza
New York, New York 10004
Telephone: (212) 574-1200
Facsimile:  (212) 450-8421
gayda@sewkis.com
lotempio@sewkis.com

*Counsel to the Official Committee of Unsecured Creditors*

4