**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| Hudson 1701/1706 LLC, | Case No. 25-11853 (KBO) |
| Debtors.[1] | (Jointly Administered) |

**356W58 GROUND LESSOR LLC'S REPLY IN SUPPORT OF ITS**
**MOTION TO CERTIFY DIRECT APPEAL TO THE COURT OF APPEALS**
**UNDER 28 U.S.C. § 158(d)**

356W58 Ground Lessor LLC ("Landlord"), through its undersigned counsel, files this reply ("Reply") in further support of its motion ("Motion") for entry of an order certifying a direct appeal to the court of appeals pursuant to 28 U.S.C. § 158(d) of this Court's *Order Granting Debtors' Motion for an Order Determining that Purported Ground Lease, if a True Lease, is a Lease of Residential Real Property Under Section 365 of the Bankruptcy Code* [Docket No. 443] (the "365 Order") "and in support hereof respectfully states as follows:

**PRELIMINARY STATEMENT**

1.      The Court should certify Landlord's appeal of the 365 Order directly to the Third Circuit because the Third Circuit has not adopted or even tacitly endorsed a governing standard on the threshold question of what constitutes a residential real property lease for purposes of section 365 of the Bankruptcy Code. Lacking guidance from precedent in this circuit, or from caselaw from other circuits and district courts concerning analogous properties and comparable facts, this

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are Hudson 1701/1706, LLC (0281) and Hudson 1702, LLC (0190). The Debtors' headquarters and the mailing address for the Debtors is 11440 San Vicente Boulevard, 2nd Floor, Los Angeles, CA 90045.

Court was left to employ a legal test borrowed from a decision in Bankruptcy Court for the Western District of Pennsylvania involving wholly distinguishable facts.

2.     As relevant here, direct certification to the Third Circuit pursuant to 28 U.S.C. § 158(d)(2) is required when the moving party can establish either that "the judgment, order, or decree involves a question of law as to which there is no controlling decision of the court of appeals for the circuit or of the Supreme Court of the United States" (28 U.S.C. § 158(d)(2)(A)(i)); or "an immediate appeal from the judgment, order, or decree may materially advance the progress of the case or proceeding in which the appeal is taken" (28 U.S.C. § 158(d)(2)(A)(iii)).

3.     In this case, it is undisputed that the test to determine whether a lease should be considered non-residential or residential under section 365 of the Bankruptcy Code involves a question of law as to which there is no controlling decision of the Third Circuit or of the Supreme Court of the United States. This Court and the parties agreed that other courts have employed one of three tests to determine whether a lease is one of residential or non-residential property: the Property Test, the Economic Test, and the Totality Test. The uncertainty associated with which of the three tests should be applied supplies ample grounds for a direct appeal to the Third Circuit.[2]

4.     Moreover, the Third Circuit will not be required to grapple with complex issues of fact because *undisputed* facts underpinned the 365 Order. The parties agreed that the Ground Lease contemplated, initially, a conversion of the property from a hotel into a multifamily use, with some space reserved for commercial tenants. The parties also agreed that that proposed

---

[2] This Court's dismissal of Debtors' recharacterization claims further calls into question Debtors' wherewithal to complete the proposed conversion, especially because Debtors' admitted that the purpose of their claim was to "recalibrate the purported ground lease to reflect the true value of the use of the Hudson directly with the defendant." *See* May 15, 2026 Hr'g Tr. at 5:1-12 (the Court). This Court noted that "the clear implication that this lawsuit is a tactic for unsuccessful lease renegotiations is troubling." *Id*. at 5:13-18.

conversion has not yet been achieved. This appeal thus concerns a pure question of law: whether a stalled construction site that the parties intended to develop into a multifamily property is a residential real property for purposes of section 365(d) of the Bankruptcy Code.

5.     Debtors' fears of a "springing" forfeiture if the Third Circuit reverses this Court's decision can be alleviated by a new deadline to assume the Ground Lease (which Landlord will agree to) following any reversal by the Third Circuit. That new assumption/rejection deadline should be set for the same number of days that Debtors would have had if this Court ruled that the property was nonresidential on April 21, 2026 (approximately thirty days).

6.     As such, the Court should grant the Motion and certify the appeal and questions presented thereby directly to the Third Circuit Court of Appeals.

## ARGUMENT

7.     An appeal of an interlocutory order issued by a bankruptcy court may be heard directly by the court of appeals if the order is certified for direct appeal and the court of appeals accepts the appeal. 28 U.S.C. § 158(d)(2).

8.     28 U.S.C. § 158(d)(2) sets out four, independent criteria, any single one of which is sufficient to garner direct review of an interlocutory order. The relevant criteria here are: "the judgment, order, or decree involves a question of law as to which there is no controlling decision of the court of appeals for the circuit or of the Supreme Court of the United States" (28 U.S.C. § 158(d)(2)(A)(i)); *or* "an immediate appeal from the judgment, order, or decree may materially advance the progress of the case or proceeding in which the appeal is taken" (28 U.S.C. § 158(d)(2)(A)(iii)).

9.      28 U.S.C. §158(d)(2) "permits certification when any one of several such factors exists, a distinction that allows a broader range of interlocutory decisions to make their way to the courts of appeals." *Bullard v. Blue Hills Bank*, 575 U.S. 496, 508 (2015).

10.     28 U.S.C. §158(d)(2) does not require that this Court find an appeal is meritorious. Indeed, "under § 158(d)(2)(B), the district court ***must*** make this certification if, either 'on its own motion or on the request of a party,' the court determines that any one of the circumstances specified in § 158(d)(2)(A)(i)-(iii) exist." *Vara v. FTX Trading LTD ( In re FTX Trading LTD)*, No. 23-241 (CFC), 2023 U.S. Dist. LEXIS 93529, at *2 (D. Del. May 30, 2023) (emphasis in original).

11.     Because Landlord's appeal satisfies at least two of the statutory tests for direct certification, this appeal should be certified for direct review.

### A. Landlord's Appeal Involves a Purely Legal Question As To Which There is No Controlling Decision

12.     This appeal raises the purely legal issue of whether a commercial lease between two sophisticated financial parties for an admittedly stalled construction project with no residents—other than permanent SRO tenants who remain unaffected by this bankruptcy[3]—can qualify as "residential real property" under 11 U.S.C. § 365(d)(2).

13.     This Court, along the Debtors and Landlord, has acknowledged that there is no controlling authority in the Third Circuit regarding whether a lease is residential under section 365 of the Bankruptcy Code. *See, e.g.*, April 21, 2026 Hr'g Tr. at 67:15-18; 68:1-5 (the Court); *Debtors' Objection to 356W58 Ground Lessor LLC's Motion to Certify Direct Appeal to the Court of Appeals Under 28 U.S.C. § 158(d)* [Docket No. 490] ("Objection") at 11 (noting that the Court

---

[3] April 21, 2026 Hr'g Tr. 31:19-22 (Q "As to the SRO tenants, it is true that they're not going anywhere unless they choose to or they pass away, right? A Correct.").

applied the totality-of-the-circumstances framework because "the Third Circuit has not adopted a specific legal test").

14.     That reality alone warrants direct certification, for as Debtors' own cited caselaw explains:

> the direct-appeal pathway for a bankruptcy court order under 28 U.S.C. § 158(d)(2) was enacted to 'foster the development of coherent bankruptcy-law precedent' by facilitating 'guidance on pure questions of law' from the circuit courts of appeals. It is generally reserved for gaps or conflicts in bankruptcy-law precedent—when the order 'involves a question of law as to which there is no controlling decision' or 'involves a question of law requiring resolution of conflicting decisions.'

*In re Farina*, No. 24-17517 (MBK), 2025 WL 3273247 at *27-28 (Bankr. D.N.J. Nov. 24, 2025).

15.     The Property Test, Economic Test, and Totality Test were briefed by the Debtors and Landlord because of the uncertainty as to which test applied. Without controlling precedent, this Court was left to select among the three and applied the Totality Test, a test employed by only one court (the Western District of Pennsylvania) in a single case concerning an existing, fully constructed and occupied nursing home on a ground lease, which was in part driven by policy concerns absent here. And the Court ruled that the contemplated future use of the property warranted a finding that the lease is *currently* residential.

16.     Under any test, Landlord posits that a court must focus on the use of the real property *at the time of the determination*, rather than a speculative future use.

17.     That determination requires no fact-intensive inquiries. Indeed, the Court here indicated that its decision relied upon the following *undisputed* facts:

- The Ground Lease explicitly states that its intended purpose (in the first instance) is to convert the property from a hotel into a multifamily use with some space reserved for commercial tenants;

- Debtors' representatives testified that they intend to continue pursuing this purpose;

- SRO tenants currently occupy 29 units at the property.

*See* April 21, 2026 Hr'g Tr. at 68:14-24 (the Court).

18.   Perhaps the only disputed point concerned evidence that the planned conversion might not be attainable due to Debtors' inability to finance completion of the construction. But that evidence did not factor into the Court's decision (*see* April 21, 2026 Hr'g Tr. at 68:14-24 (the Court)).

19.   Landlord does not quarrel with Debtors' position that fact-intensive inquiries are inappropriate for direct appeal to the Third Circuit. *See, e.g.*, Obj. at 8. Nor does Landlord disagree that some of the quotations included in parentheticals in the Objection actually appear in the cases cited by Debtors. *Id*. However, the cases cited by Debtors are wholly distinguishable because they concern direct certification motions that sought to submit fact-laden questions to the Third Circuit.

20.   For example, the movant in *Bepco LP v. Globalsantafe Corp., et al*. (*In re 15375 Memorial Corp.*), 2008 WL 2698678, *1 (D. Del. July 3, 2007) requested that the Third Circuit assess the fact record to determine whether "unusual circumstances" existed that prevented dismissal of the chapter 11 case. In *In re Farina*, No. 24-17517 (MBK), 2025 WL 3273247 (Bankr. D.N.J. Nov. 24, 2025), the movant sought review of the validity of the assignment of a note and mortgage that had been litigated in both state and federal courts and was heavily fact dependent. And *American Home Mortg. Inv. Corp. v. Lehman Bros., Inc*. (*In re American Home Mortg. Inv. Corp.*), 408 B.R. 42, 43–44 (D. Del. 2009) concerned an appeal of a Bankruptcy Court's dismissal of a complaint, which necessarily "implicate[d] the particular circumstances of [the] case, and as such, they are not pure legal questions warranting direct certification."

21.   The circumstances here are different. The Third Circuit is not being asked to wade into complex factual questions that are "inappropriate" under section 158(d)(2) (*see* Obj. at 8) or second-guess this Court's fact findings. Indeed, the facts upon which this Court's ruling rested are

not in dispute. The issue here is purely legal: what test must courts apply to recharacterization actions, and must courts focus on the actual use of real property at the time of the decision, or the potential use that may arise at a future time?

22.     Although the parties presented evidence at two hearings in the form of witness testimony, re-examination of that evidence is not necessary because the question on appeal is not dependent upon a factual finding.[4]

23.     The lack of controlling precedent or guidance in this Circuit compels certification (*see* 28 U.S.C. § 158(d)(2)(A)(i)) and will clarify the standard applicable to the underlying facts in this matter and in future cases involving ground leases.

### B. Landlord's Appeal May Materially Advance the Progress of the Case and Would Not Result in a "Springing" Forfeiture

24.     This Court has already expressed its unease with Debtors' tactics in these chapter 11 cases. As the Court is aware, Parkview was the construction/leasehold lender on the project for three and a half years, before taking control of the Debtors in the summer of 2024.  Since that time, Debtors may have taken some steps to lift the stop work orders and seek a cure agreement from the New York City Department of Housing Preservation and Development. But that effort remains unresolved, and meaningful progress has not been made otherwise, especially in lining up a developer-partner or the necessary funding to complete the project. Landlord's concern is that, without a meaningful deadline, the project is likely to languish. The prospect that a deadline may

---

[4] Although fact-intensive inquiries are inappropriate under section 158(d)(2), circuit courts of appeal must of course have an understanding of the factual background of an appeal. To that end, Fed. R. Bankr. P. 8006(f)(2) compels movants to include "the facts needed to understand the question presented" in their requests. Consideration of these facts does not mean that the question presented is "fact-intensive." Debtors' own caselaw agrees that certification is appropriate when a direct appeal seeks resolution "of a question of law ***not heavily dependent*** on the particular facts of a case…" *See* Obj. at 8 (quoting *Weber v. United States*, 484 F.3d 154, 158–59 (2d Cir. 2007)) (emphasis added).

be imposed as a result of the appeal may provide the incentive for the Debtors and/or Parkview to move with greater urgency, whether to take the steps necessary to assume the Ground Lease, or instead acknowledge that assumption may not be achievable after all.

25.     Either result will advance the case onto a path with a potential resolution and will materially advance the cases toward an exit from Chapter 11.

26.     There should be no concern that certification might trigger a "springing" forfeiture. Landlord will agree that, if the Third Circuit issues a decision favorable to Landlord, the assumption/rejection deadline shall be set for the same number of days that Debtors would have had if this Court ruled that the property was nonresidential on April 21, 2026. This should fully address Debtors' mootness argument and "draconian" forfeiture worries.

27.     Finally, Debtors' charge that Landlord delayed submitting this Certification Motion following the 365 Order (*see* Obj. at 11-12) rings hollow given the procedural history here. Debtors themselves waited until February 24, 2026 to file its Section 365 motion—more than ***four months*** after Debtors filed for bankruptcy on October 22, 2025. Any time-crunch concerns in this case are not to be blamed upon Landlord.

## **CONCLUSION**

28.     For the foregoing reasons, this Court should grant the Motion and certify the 365 Order for direct appeal to the Third Circuit Court of Appeals.

Dated: May 21, 2026
       Wilmington, Delaware

**LANDIS RATH & COBB LLP**

*/s/ Matthew B. McGuire*
Adam G. Landis (No. 3407)
Matthew B. McGuire (No. 4366)
Katherine S. Dute (No. 6788)
Soumya P. Venkateswaran (No. 7278)
919 Market Street, Suite 1800
Wilmington, Delaware 19801
Telephone: (302) 467-4400
Facsimile:  (302) 467-4450
Email: landis@lrclaw.com
      mcguire@lrclaw.com
      dute@lrclaw.com
      venkateswaran@lrclaw.com

– and –

**ADLER & STACHENFELD LLP**
Kirk L. Brett (admitted *pro hac vice*)
Patrick O'Connor (admitted *pro hac vice*)
555 Madison Avenue, 6th floor
New York, New York 10022
Telephone: (212)883-1700
Facsimile: (212)883-8883
Email: kbrett@adstach.com
      poconnor@adstach.com

*Counsel to 356W58 Ground Lessor LLC*

9