**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| Hudson 1701/1706, LLC, *et al.*,[1] | Case No. 25-11853 (KBO) |
| | (Jointly Administered) |
| Debtors. | **Hearing Date: TBD**<br>**Objection Deadline:  June 16, 2026, at 4:00 p.m. (ET)** |

**DEBTORS' MOTION FOR AN ORDER DETERMINING AMOUNT OF**
**PROSPECTIVE POST-PETITION MONTHLY RENT DUE AS AN**
**ADMINISTRATIVE EXPENSE CLAIM**

The above-captioned debtors and debtors in possession (the **"Debtors"**), by and through their undersigned counsel, hereby move (the **"Motion"**) this Court for an order determining the reasonable amount of prospective post-petition monthly rent due to 356W58 Ground Lessor LLC, the purported ground lessor to the Debtors (the **"Ground Lessor"**) under the purported ground lease (the **"Ground Lease"**), pursuant to sections 105 and  503(b)(1)(A) of title 11 of the United States Code (the "**Bankruptcy Code**").  In support of this Motion, the Debtors respectfully state as follows:

**PRELIMINARY STATEMENT**

The Debtors are seeking an order from this Court determining the reasonable amount of prospective post-petition monthly rent due to the Ground Lessor during the pendency of these chapter 11 cases (the **"Chapter 11 Cases"**).  As the Court is aware, the Debtors are in the process of lifting two stop work orders related to the redevelopment of the Hudson Hotel while also seeking a recharacterization of the Ground Lease.  Currently, the Debtors generate only a small amount of

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are Hudson 1701/1706, LLC (0281) and Hudson 1702, LLC (0190).  The Debtors' mailing address is c/o FTI Consulting, Inc. Attn: Alan Tantleff, 1166 Avenue of the Americas, 15th Floor, New York, NY 10036.

revenue from single room occupancy apartments occupied by long-term tenants (the **"SRO Tenants"**).

As fiduciaries for the Debtors' estates, the Debtors are required to preserve and maximize value for all parties in interest, which includes ensuring only legitimate and beneficial administrative expense claims are paid. Given this Court's recent ruling that the Ground Lease constitutes a lease of "residential real property," as that term is used in section 365(d)(2) of the Bankruptcy Code and not a lease of "nonresidential real property," as that term is used in sections 365(d)(3) and (d)(4) of the Bankruptcy Code, the Debtors are not subject to the obligation under section 365(d)(3) to perform all the obligations of the debtor, including the payment of rent on a current basis, or to do so at the rate specified in the Ground Lease. The Debtors believe that the specified rent amount greatly exceeds the actual benefit received by the Debtors' estates.

The monthly rent due under the terms of the Ground Lease, as amended, is $729,167. For the first seven months of the Chapter 11 Cases, the Debtors incurred under their debtor-in-possession financing facility (the "**DIP Facility**") and paid to the Ground Lessor the full amount of monthly rent due under the Ground Lease, totaling ***$5,104,169***. The Debtors do not believe that the amount of rent currently being paid under the Ground Lease is entitled to administrative expense priority and current payment. The Debtors should not be forced to continue to borrow and incur administrative expenses under the DIP Facility to pay costs that are not legitimate administrative expenses providing a commensurate benefit to the Debtors' estates. Conversely, the Debtors also want to ensure that they are not accruing significant administrative expenses in the Chapter 11 Cases by not paying the reasonable and necessary amount of post-petition rent due under the Ground Lease. Hence, the Debtors have filed this Motion seeking a determination as to the Debtors' ongoing rent obligation to the Ground Lessor.

## JURISDICTION AND VENUE

1. The United States Bankruptcy Court for the District of Delaware (the "**Court**") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated February 29, 2012.

2. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A). Venue in this Court is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. Pursuant to Rule 9013-1(f) of the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), the Debtors consent to the entry of a final judgment or order with respect to this Motion if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgment consistent with Article III of the United States Constitution.

4. The statutory basis for the relief requested herein is section 503 of the Bankruptcy Code. Such relief is also appropriate in accordance with Rules 9013 and 9014 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") and Local Rule 9013-1.

## FACTUAL BACKGROUND

**A.    GENERAL BACKGROUND**

5. On October 22, 2025 (the "**Petition Date**"), the Debtors commenced with the Court the Chapter 11 Cases. The Chapter 11 Cases are jointly administered for procedural purposes only pursuant to Bankruptcy Rule 1015(b).

6. The Debtors continue to be in possession of their properties, operate their business, and manage their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

7.      On November 25, 2025, the Office of the United States Trustee appointed the Official Committee of Unsecured Creditors [Docket No. 104] (the "**Committee**").   No trustee or examiner has been appointed in these Chapter 11 Cases.

8.      Additional factual background regarding the Debtors, including their business operations, their capital and debt structure and the events leading to the filing of these Chapter 11 Cases is set forth *Amended and Restated Declaration of Alan Tantleff in Support of Debtors' Chapter 11 Petitions and First Day Motions* [Docket No. 60] (the "**First Day Declaration**"), which is fully incorporated herein by reference.[2]

**B.      SPECIFIC BACKGROUND**

    **a.   The Ground Lease is not Subject to Section 365(d)(3) of the Bankruptcy Code**

9.      The Debtors and the Ground Lessor are parties to that certain Ground Lease, dated May 4, 2022, regarding Condominium Units 1701, 1702, and 1706 located at 353-361 West 57th Street a/k/a 358-366 West 58th Street, New York, New York (the "**Property**" or the "**Hudson**"). A copy of the Ground Lease is attached hereto as **Exhibit A** and incorporated herein by reference.

10.     The Ground Lease has been amended four times, most recently on March 29, 2024, (the "**Fourth Amendment**").   Under Section 3 of the Fourth Amendment, base rent under the Ground Lease was increased from $6,400,000 (payable at a rate of $533,333.13 per month) to $8,750,000 (payable at a rate of $729,166.67 per month).   A copy of the Fourth Amendment is attached hereto as **Exhibit B** and incorporated herein by reference.

11.     To date, the Debtors have paid the Ground Lessor $5,104,169 in postpetition rent— an amount that the Debtors believe far exceeds the benefits their estates have received to date under the Ground Lease, particularly in light of the suspension of work on the residential units at the

---

[2]   Capitalized terms used but not otherwise defined in this Motion shall have the meanings set forth in the First Day Declaration.

Property for the entire postpetition period due to certain pending stop-work orders imposed by the New York City Department of Housing Preservation and Development (the **"HPD"**), which were inherited from prior management.

12.     Moreover, in addition to the $5,104,169 in rent paid to the Ground Lessor during these Chapter 11 Cases, the Debtors have borrowed under the DIP facility and incurred administrative expenses in the amount of approximately *$17,755,378* to fund the expenses of operating and maintaining the Property, which expenditures have also inured to the benefit of the Ground Lessor to the extent it has an interest in the Property.

13.     On April 22, 2026, this Court entered an order which determined that the Ground Lease, if a true lease, constitutes a lease of "residential real property," as that term is used in section 365(d)(2) of the Bankruptcy Code and not a lease of "nonresidential real property" under section 365(d)(3) and (4) of the Bankruptcy Code [Bankr. D.I. 443] (the **"Section 365 Order"**).

14.     As a result of the Court's ruling that the Ground Lease is not subject to section 365(d)(3) of the Bankruptcy Code, the Debtors are not subject to the obligation thereunder to pay rent on a current basis, or to do so at the rate specified in the Ground Lease.  Any payment of rent going forward is subject to an analysis of what amount should be entitled to an administrative expense claim against the Debtors' estates.

15.     On May 5, 2026, the Ground Lessor appealed the Section 365 Order (the **"Appeal"**), and on May 28, 2026, the Court granted the Ground Lessor's motion to certify direct appeal to the Third Circuit [Bankr. D.I. 443] where the Appeal remains pending.

b.  **Ground Lease Recharacterization Litigation**

16.     On December 22, 2025, the Debtors commenced an adversary proceeding against the Ground Lessor [Adv. Pro. No. 25-52471 (KBO)] (the **"Recharacterization Litigation"**).  The

Recharacterization Litigation seeks the recharacterization of the Ground Lease, which, while disguised as a "lease," does not resemble a ground lease, and certainly not the economic realities of a true lease by any definition of that term. Rather, the sum and substance of the Ground Lease is that of an acquisition financing loan.

17. On February 4, 2026, the Ground Lessor filed a Motion to Dismiss the Complaint [Adv. Docket No. 16] (the **"Motion to Dismiss"**). On February 11, 2026, the Debtors filed an Opposition to the Motion to Dismiss [Adv. Docket No. 25], and on February 18, 2026, the Ground Lessor filed a Reply to the Motion to Dismiss [Adv. Docket No. 32].

18. On May 15, 2026, the Court entered an order granting the Ground Lessor's Motion to Dismiss without prejudice. Debtors will be filing an amended recharacterization complaint shortly, thereby recommencing the Recharacterization Litigation.

## RELIEF REQUESTED

19. By this Motion, the Debtors respectfully request that the Court determine the reasonable amount of post-petition rent due to the Ground Lessor during the pendency of these Chapter 11 Cases. Because the Ground Lessor bears the evidentiary burden of establishing entitlement to an allowed administrative expense claim, the Debtors hereby request that the Ground Lessor set forth in its response to this Motion the amount of its asserted monthly rent claim entitled to administrative expense priority and a detailed description of the basis and calculation of such claim.

## BASIS FOR REQUESTED RELIEF

20. Under well-settled law, a creditor is entitled to an administrative expense claim under section 503(b)(1)(A) of the Bankruptcy Code only if: (i) there was a postpetition transaction between the debtor and the claimant; and (ii) the expense arises from that transaction and yielded

a benefit to the estate. *See, e.g., In re Energy Future Holdings Corp. ("EFH")*, 990 F.3d 728, 741 (3d Cir. 2021); *In re O'Brien Envt'l Energy*, 181 F.3d 527, 532-33 (3d Cir. 1999). Addressing the concern that administrative expenses deplete the bankruptcy estate's assets, the benefit must be actual, not hypothetical, *EFH,* 990 F.3d at 742 (*citing In re Cont'l Airlines, Inc.*, 146 B.R. 520, 526 (Bankr. D. Del. 1992)). It is incumbent upon the claimant to "carry the heavy burden of demonstrating" its entitlement to administrative expense priority. *Id.* at 741 (citation omitted).

21.      Where the subject contract is a *pre-petition* contract, "[i]f the debtor-in-possession elects to continue to receive benefits from the other party to an executory contract pending a decision to reject or assume the contract, the debtor-in-possession is obligated to pay for the reasonable value of those services." *NLRB v. Bildisco & Bildisco*, 465 U.S. 513, 531 (1984); *see also O'Brien,* 181 F.3d at 533; *Matter of H.L.S. Energy Co., Inc.*, 151 F.3d 434, 437 (5th Cir. 1998) ("The Bankruptcy Code provides that 'the actual, necessary costs and expenses of preserving the estate' are characterized as administrative expenses … entitled to priority over the claims of other unsecured creditors." (citing 11 U.S.C. § 503(b)(1)(A)).

22.      While a debtor's use and occupancy of leased premises post-petition has been held to be an actual and necessary expense of preserving the estate, "a debtor is generally required to pay only a reasonable value for the use and occupancy of a landlord's property, which may or may not equal the amount agreed upon in the terms of the lease." *Zagata Fabricators, Inc. v. Superior Air Products,* 893 F.2d 624, 627 (3d Cir. 1990) (citation omitted); *In re Sportsman's Warehouse, Inc.*, 436 B.R. 308, 315 (Bankr. D. Del. 2009) (citations omitted). While the rent may be an actual and necessary expense, use and occupancy of the premises may provide little or no benefit to a debtor's estate. *Sportsman's Warehouse,* 436 B.R. at 315. At the very least, based upon evidence

provided, the contractual rent may be reduced to the market rate to reflect the actual value or benefit the debtor is receiving. *Id.*

23.     Absent evidence to the contrary, there is a presumption that the contract rate is the fair rental value. *In re JLM Couture, Inc.*, 661 B.R. 862, 868-69 (Bankr. D. Del. 2024) (citations omitted).  "Nonetheless, the debtor can submit evidence that the benefit to the estate is lower than the contract rate." *Id.* at 869.  "That evidence may include, but is not limited to, proof of the fair market value of rent." *Id.*

24.     Bankruptcy Rule 9017 states that the Federal Rules of Evidence apply in a bankruptcy case.  Federal Rule of Evidence 301 states "In a civil case, unless a federal statute or these rules provide otherwise, the party against whom a presumption is directed has the burden of producing evidence to rebut the presumption. But this rule does not shift the burden of persuasion, which remains on the party who had it originally."

25.     "Rule 301 shifts the evidentiary burden of production but leaves the burden of persuasion unmoved…Over-scrutinizing the persuasive value of evidence proffered on rebuttal would violate Rule 301 by shifting the burden of persuasion, not just the burden of production." *See Nichino Am., Inc. v. Valent U.S.A. LLC,* 44 F.4th 180, 185 (3d Cir. 2022).  The Debtors believe, and will offer evidence at the hearing on this Motion, that any presumption that the contract rate is the fair rental value is duly rebutted by: (a) the current state of the Property; and (b) the fact that the rent under the Ground Lease was not calculated by reference to the actual rental market, but was linked to a particular return for the Ground Lessor's investors.

26.     The Ground Lessor has already conceded that the rent it required from the Debtors was linked to a particular return for its investors — what the Ground Lessor called the "yield" (calculated as the ground rent divided by Ground Lessor's investment toward the purchase of the

Property ($178 million)). *See* Nipon Dep. at 26: 20-27:3 (attached hereto as **Exhibit C**).  In the original Ground Lease, the Ground Lessor's target yield was 3.5 percent, and by the March 2024 execution of the Fourth Amendment, because of rising interest rates generally, it was 4.5 percent.  Nipon Dep. at 100: 5-101:2.  Thus, it is clear that the current rental rate is not a function of rental market forces.  This fact, in itself, compels the Ground Lessor to establish that the rent is "fair" relative to the market.

27.     Moreover, the present state of the Property belies the current rental rate.  Currently, the Property is in a state of incomplete development, and its only revenue is derived from SRO Tenant rents.

28.     In light of: (a) the admissions by the Ground Lessor indicating that the rent was not calculated with a view to comparable market rental rates; (b) the current lack of revenue generated by the Property; and (c) the amounts already paid postpetition by the Debtors to and for the benefit of the Ground Lessor, any presumption that the Ground Lessor is entitled to an ongoing administrative claim based on the current rental rate under the terms of the Ground Lease is duly rebutted.  Because the claimant bears the burden of establishing entitlement to administrative expense priority under section 503(b)(1)(A), the Ground Lessor must come forward with evidence establishing the amount of its claim for ongoing rent payments.

29.     As the Court is aware, the Ground Lease for the Property is not a postpetition contract.  Moreover, to date, the Debtors have paid the Ground Lessor $5,104,169 in postpetition rent — an amount that the Debtors submit far exceeds the reasonable value their estates have received to date under the Ground Lease, particularly in light of the suspension of work on the residential units at the Property for the entire postpetition period due to certain HPD stop-work

orders arising from actions of prior management[3].  In addition to paying rent to the Ground Lessor, the Debtors have also borrowed the amount of approximately $17,755,378 under the DIP Facility to fund the expenses of operating and maintaining the Property, which expenditures have also inured to the benefit of Ground Lessor to the extent it holds an interest in the Property.

30.     The Debtors believe that until there is a resolution of the Recharacterization Litigation, and given the amounts already paid to or for the benefit of the Ground Lessor, it is reasonable to pay to the Ground Lessor only the rents received by the Debtors from the SRO Tenants, which is currently the sole source of revenue from the Property and which the Debtors submit reflects the actual benefit the estates derive from the Property, at most.

31.     Unless otherwise directed by the Court, the Debtors do not intend to pay, and believe they should not be required to pay, any other amounts to the Ground Lessor until this Motion and the Recharacterization Litigation are fully resolved.  The Ground Lessor may, of course, accrue postpetition rent and assert it as a cure amount if the Bankruptcy Court determines that the Ground Lease is a true lease, the assumption of which would be governed by section 365 of the Bankruptcy Code.

32.     For the avoidance of doubt, the Debtors also intend to continue to pay, from proceeds of the DIP Facility, all necessary operating expenses to ensure the health, safety and welfare of the SRO Tenants and to prevent any waste to the Property, thus preserving any interest the Ground Lessor holds in the Property.

---

[3] As provided in the Bankruptcy Court's *Order (i) Extending the Deadline to Assume or Reject Unexpired Leases of Nonresidential Real Property and (ii) Granting Related Relief*, dated February 9, 2026 [Dkt. 308], (i) any payments made or to be made on account of the Ground Lease during the pendency of the Debtors' adversary proceeding seeking recharacterization of the Ground Lease or otherwise during the Debtors' chapter 11 cases have been and shall be made under a full reservation of rights and shall not constitute an admission regarding the characterization, validity, priority, or enforceability of the Ground Lease, nor shall they be used as evidence of same, and (ii) such payments, made at any time shall remain, among other things, subject to potential recharacterization, disgorgement or recovery by or on behalf of the Debtors' estates.

## **RESERVATION OF RIGHTS**

33.     Nothing contained in this Motion (i) is intended or may be deemed to constitute an assumption of any agreement under section 365 of the Bankruptcy Code or an admission as to the validity of any claim against the Debtors and their estates; (ii) impairs, prejudices, waives, or otherwise affects the rights of the Debtors and their estates with respect to the validity, priority, or amount of any claim against the Debtors and their estates; (iii) impairs, prejudices, waives, or otherwise affects the rights of the Debtors and their estates with respect to any and all claims or causes of action against any third party; or (iv) may be construed as a promise to pay a claim.

## **NOTICE**

34.     Notice of this Motion will be provided to: (a) the Office of the United States Trustee for Region 3; (b) counsel to Parkview Financial REIT, LP; (c) counsel to the Committee; (d) counsel for the Ground Lessor; (e) any party that has requested notice pursuant to Bankruptcy Rule 2002; and (f) any other party entitled to notice under Local Rule 9013-1.  The Debtors respectfully submit that such notice is sufficient, and no other or further notice of this Motion is required.

*[Remainder of Page Intentionally Blank]*

11

## **CONCLUSION**

**WHEREFORE**, for the reasons stated herein, the Debtors respectfully request an order from this Court determining that the reasonable amount of post-petition rent due to the Ground Lessor during the pendency of the Chapter 11 Cases be limited to the rents received by the Debtors from the SRO Tenants.

| | |
|---|---|
| Dated: June 2, 2026<br>Wilmington, Delaware | CHIPMAN BROWN CICERO & COLE, LLP |

CHIPMAN BROWN CICERO & COLE, LLP

*/s/ William E. Chipman, Jr.*
William E. Chipman, Jr. (No. 3818)
Mark D. Olivere (No. 4291)
Aaron J. Bach (No. 7364)
Alison R. Maser (No. 7430)
Hercules Plaza
1313 North Market Street, Suite 5400
Wilmington, Delaware 19801
Telephone: (302) 295-0191
Email: chipman@chipmanbrown.com
         olivere@chipmanbrown.com
         bach@chipmanbrown.com
         maser@chipmanbrown.com

-and-

BOIES SCHILLER FLEXNER LLP
Robert Gordon (admitted *pro hac vice*)
Michael M. Fay (admitted *pro hac vice*)
Jenny H. Kim (admitted *pro hac vice*)
Jeffrey Waldron (admitted *pro hac vice*
Katherine Zhang (admitted *pro hac vice*)
55 Hudson Yards
New York, New York 10001
Telephone: (212) 446-2300
Email: rgordon@bsfllp.com
         mfay@bsfllp.com
         jkim@bsfllp.com
         jwaldron@bsfllp.com
         kzhang@bsfllp.com

*Counsel for Debtors and Debtors in Possession*