**Proposed Form of Order**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| Hudson 1701/1706, LLC, *et al.*,[1] | Case No. 25-11853 (KBO) |
| | (Jointly Administered) |
| Debtors. | **Related Docket No. ___** |

**ORDER GRANTING DEBTORS' MOTION FOR AN ORDER DETERMINING
AMOUNT OF PROSPECTIVE POST-PETITION MONTHLY RENT DUE AS AN
<u>ADMINISTRATIVE EXPENSE CLAIM</u>**

Upon the motion (the "**Motion**")[2] filed by the above-captioned debtors and debtors in possession (the "**Debtors**") for entry of an order (the "**Order**") determining the reasonable amount of prospective post-petition monthly rent due to 356W58 Ground Lessor LLC (the "**Ground Lessor**") under that certain ground lease, dated May 4, 2022, as amended (the **"Ground Lease"**), pursuant to sections 105 and 503(b)(1)(A) of title 11 of the United States Code (the "**Bankruptcy Code**"), all as more fully set forth in the Motion; and the Court having jurisdiction over the matters raised in the Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and that the Court may enter a final order consistent with Article III of the United States Constitution; and the Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having reviewed the Motion; and the Court having found that the relief requested in the Motion is in the best interests

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are Hudson 1701/1706, LLC (0281) and Hudson 1702, LLC (0190).  The Debtors' mailing address is c/o FTI Consulting, Inc. Attn: Alan Tantleff, 1166 Avenue of the Americas, 15th Floor, New York, NY 10036.

[2]    All capitalized terms not otherwise defined herein shall have the same meanings ascribed to them in the Motion.

of the Debtors and their estates, creditors, and other parties-in-interest; and the Court having found that proper and adequate notice of the Motion and hearing thereon has been given and that no other or further notice is necessary; and the Court having found that good and sufficient cause exists for the granting of the relief requested in the Motion after due deliberation upon the Motion and all of the proceedings had before the Court in connection with the Motion;

**IT IS HEREBY ORDERED THAT:**

1.     The Motion is GRANTED as set forth herein.

2.     Pending resolution of the adversary proceeding captioned Hudson 1701/1706, LLC v. 356W58 Ground Lessor LLC, Adv. Pro. No. 25-52471 (KBO) (the "**Recharacterization Litigation**") and any appeals related to the Court's order determining that the Ground Lease constitutes a lease of residential real property [Bankr. D.I. 443] (collectively, the "**Pending Proceedings**"), the amount entitled to administrative expense priority under section 503(b)(1)(A) of the Bankruptcy Code for post-petition monthly rent payable by the Debtors to the Ground Lessor shall be limited to the total base rents actually received by the Debtors from the single room occupancy tenants at the Property during the applicable month.

3.     Consistent with this Court's prior Order entered on February 9, 2026 [Dkt. No. 308], any payments made or to be made by the Debtors to the Ground Lessor on account of the Ground Lease during the pendency of the Pending Proceedings or otherwise during the Chapter 11 Cases shall be made under a full reservation of rights and shall not constitute an admission regarding the characterization, validity, priority, or enforceability of the Ground Lease, nor shall they be used as evidence of same.  Any such payments, made at any time, previously or in the future, shall remain, among other things, subject to potential recharacterization, disgorgement, or recovery by or on behalf of the Debtors' estates.  Without limiting the foregoing, this Order shall

2

be without prejudice to, without limitation: (a) the Ground Lessor's right to assert any cure amount if the Court determines that the Ground Lease is a true lease, the assumption of which would be governed by section 365 of the Bankruptcy Code; and (b) the Debtors' rights to contest any such claims.

4.      The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

5.      The Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Order.

3

4913-6799-5825, v. 3