**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br>Hudson 1701/1706 LLC,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 25-11853 (KBO)<br><br>(Jointly Administered)<br><br>Docket Ref. Nos. 720, 726, 731, & 740 |

**356W58 GROUND LESSOR LLC'S OMNIBUS OBJECTION TO THE FEE APPLICATIONS OF THE DEBTORS' PROFESSIONALS**

356W58 Ground Lessor LLC ("Landlord"), through its undersigned counsel, respectfully submits this omnibus objection (this "Objection") to the *Ninth Monthly Application of Boies Schiller Flexner LLP For Allowance of Compensation and Reimbursement of Expenses as Co-Counsel to the Debtors for the Period September 1-30, 2026* [D.I. 720] (the "BSF Monthly Fee Application"), *Third Interim Application of Boies Schiller Flexner LLP for Compensation and Reimbursement of Expenses as Counsel for the Debtors for the Period From July 1, 2026 Through September 30, 2026 (Summary)* [D.I. 726] (the "BSF Third Interim Fee Application"), *Twelfth Monthly Application of Chipman Brown Cicero & Cole, LLP, for Allowance of Compensation and Reimbursement of Expenses as Counsel to the Debtors and Debtors in Possession for the Period from September 1, 2026, Through and Including September 30, 2026* [D.I. 731] (the "Chipman Brown Monthly Fee Application"), and *Fourth Interim Application of Chipman Brown Cicero & Cole, LLP, for Compensation and Reimbursement of Expenses as Counsel for the Debtors for the Period from July 1, 2026, Through and Including September 30, 2026* [D.I. 740] (the "Chipman Brown Fourth Interim Fee Application" and together with the BSF Monthly Fee Application, the

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are Hudson 1701/1706, LLC (0281) and Hudson 1702, LLC (0190). The Debtors' headquarters and the mailing address for the Debtors is 11440 San Vicente Boulevard, 2nd Floor, Los Angeles, CA 90045.

BSF Third Interim Fee Application, and the Chipman Brown Monthly Fee Application, the "Fee Applications"). In support of the Objection, Landlord respectfully represents as follows:

## PRELIMINARY STATEMENT

1. In January and April 2026, the Court approved the DIP Orders[2] (as defined below) to provide the Debtors with liquidity to fund their Chapter 11 Cases. Consistent with the DIP Orders, the Debtors and their professionals were bound by the Approved Budget and Carve-Out. The Approved Budget provided for expenditures of DIP Facility proceeds and Cash Collateral through August 31, 2026, and the term of the DIP Facility had a Termination Date of twelve months following the Petition Date – October 22, 2026 – unless extended by the DIP Lender.

2. The Debtors have not provided the Court, Committee or any party in interest with an Approved Budget for any period past August 31, 2026, or any extension of the term of the DIP Facility. Accordingly, it appears there are no means for payment of any administrative expenses.

3. As the Court is aware, the Debtors have ceased paying the contractually required rent owed to Landlord, and the Debtors' motion to determine the amount of Landlord's accruing administrative expense claim is *sub judice*. None of the Fee Applications address the issue of whether there are adequate resources available to satisfy all administrative claims if Debtors are required to pay rent at the contractual – and presumed – rate set forth in the Ground Lease.

4. The Court and all administrative expense creditors – including Landlord – are entitled to know whether the Parkview-controlled Debtors have resources to satisfy administrative expense claims. And given that the Debtors' professionals are manifestly carrying out the bidding of the DIP Lender, those professionals should not receive payment ahead of other administrative

[2] Unless otherwise defined herein, capitalized terms shall have the meanings ascribed to them in the DIP Orders.

creditors (again, including Landlord) – at least until such time as there has been adequate provision made for payment of all existing and accruing administrative claims.

## BACKGROUND

### A. Origin of the Ground Lease.

5. On May 4, 2022, Hudson 1701/1706, LLC and Hudson 1702, LLC (collectively, the "Debtors"), as tenants, and Landlord, as landlord, entered into a lease for certain premises located at 353 West 57th Street in New York, New York for a period of 99 years. *See* Declaration of Matthew B. McGuire, Adv. Pro. No. 25-52471 [Adv. Pro. D.I. 17][3] ("McGuire Adversary Declaration"), at Ex. C (the "Ground Lease").

6. Under the Ground Lease, the Debtors are obligated to pay base rent at a rate of $729,166.67 per month ("Base Rent"). *Debtors' Motion for an Order Determining Amount of Prospective Post-Petition Monthly Rent Due as an Administrative Expense Claim* [D.I. 524] (the "Rent Motion") at ¶ 10.

### B. Bankruptcy Case Procedural History & DIP Orders.

7. On October 22, 2025 (the "Petition Date"), the Debtors each filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Court"). The Debtors are authorized to operate their business and manage the properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

[3] All references to Adv. Pro. D.I. refer to the adversary proceeding number 25-52471 (the "Adversary Proceeding").

8. On November 25, 2025, the Office of the United States Trustee for the District of Delaware appointed the Official Committee of Unsecured Creditors (the "Committee") in these chapter 11 cases. The Committee is comprised of three members, including Landlord.[4]

9. On November 12, 2025, the Debtors filed the *Motion of the Debtors for Entry of Interim and Final Orders (I) Authorizing Debtors to (A) Obtain Postpetition Financing and (B) Utilize Cash Collateral; (II) Granting Adequate Protection to Prepetition Lender; (III) Modifying the Automatic Stay; (IV) Scheduling a Final Hearing and (V) Granting Related Relief* [D.I. 56] (the "DIP Motion").

10. On January 14, 2025, the Court granted the DIP Motion [D.I. 255] (the "DIP Order").

11. Among other things, the DIP Order provided for the Carve-Out to provide funding for the payment of professionals employed by the Debtors and Committee. In particular, the DIP Order provided:

> "Carve-Out" means the sum of: (i) to the extent allowed at any time, all unpaid professional fees and disbursements incurred at any time prior and on the date of to the delivery of the Carve-Out Trigger Notice (as defined below) ("Allowed Professional Fees") by the Debtors and the Committee for any of their respective retained professionals in the Chapter 11 Cases (the "Case Professionals"), in an aggregate amount not to exceed the amounts set forth in the then existing Approved Budget in the applicable line for such Case Professionals prior to the Carve-Out Effective Date." DIP Order, ¶36(a).

12. The DIP Order attached an approved budget which provided for the use of proceeds from the DIP Facility along with cash collateral through the week of April 27, 2026. That Approved Budget provided for payment of professional fees up to $11,110,000 but did not have a breakdown of fees allocated by professional. The DIP order is clear that the Debtors ability to use

[4] For the avoidance of doubt, the instant Objection is brought on behalf of Ground Lessor in its individual capacity, not in its capacity as a Committee member.

cash collateral and the proceeds of the DIP Facility were limited to the provisions of the Approved Budget in place at that time.

13. The DIP Order also provided that the Termination Date for the DIP Facility was twelve months following the Petition Date – October 22, 2026. DIP Order, ¶30(b). The Termination Date could be extended with the prior written consent of the DIP Lender. Upon information and belief, the Committee has not been advised that the Termination Date of the DIP Facility has been extended and the Debtors have made no public filings indicating that the Termination Date has been extended.

14. On April 7, 2026, the Debtors filed the *Motion of the Debtors to Increase DIP Commitment and Modify and Extend Approved DIP Budget Under Final DIP Order* [D.I. 400] (the "Supplemental DIP Motion").

15. On April 14, 2026, Landlord filed *356W58 Ground Lessor LLC's Objection to Motion of the Debtors to Increase DIP Commitment and Modify and Extend Approved DIP Budget Under Final DIP Order* [D.I. 410] (the "Supplemental DIP Objection").

16. On April 16, 2026, the Debtors filed *Debtors' Reply in Support of Motion of the Debtors to Increase DIP Commitment and Modify and Extend Approved DIP Budget Under Final DIP Order* [D.I. 418] (the "Supplemental DIP Reply").

17. On April 20, 2026, the Debtors filed an amended Approved Budget [D.I. 430-1] providing for payment of costs—including rent and professional fees—through August 2026.

18. On April 21, 2026, the Court approved the Supplemental DIP Motion [D.I. 436] (the "Supplemental DIP Order" and together with the DIP Order, the "DIP Orders"). The Debtors have not submitted any further Approved Budgets to the Committee or filed such Approved Budgets with the Court.

**C. <u>Subsequent Litigation and Fee Applications</u>.**

19. On June 2, 2026, the Debtors filed the Administrative Claim Motion and, contemporaneously therewith, unilaterally stopped paying Base Rent.

20. On June 16, 2026, Landlord filed *356W58 Ground Lessor LLC's Objection to Debtors Motion for an Order Determining Amount of Prospective Post-Petition Monthly Rent Due as an Administrative Expense Claim* [D.I. 553] (the "<u>Rent Objection</u>").

21. On July 2, 2026, Landlord filed *356W58 Ground Lessor LLC's Motion for an Order Compelling Debtors to Hold Rent Due Under the Ground Lease in Escrow* [D.I. 573] (the "<u>Escrow Motion</u>").

22. On July 16, 2026, the Court held oral argument on the Escrow Motion. The Court denied the Escrow Motion without prejudice.

23. On July 23, 2026, Landlord timely filed requests for payment of administrative claims recorded as claims number 32 and 33 (the "<u>Administrative Claims</u>").

24. On September 4, 2026, the Debtors filed *The Debtors Supplemental Memorandum in Support of Their Motion for an Order Determining Amount of Prospective Post-Petition Monthly Rent Due as an Administrative Expense Claim* [D.I. 661].

25. Also on September 4, 2026, Landlord filed *356W58 Ground Lessor LLC's Rent Motion Pre-Hearing Brief* [D.I. 662].

26. On September 9, 2026, the Court heard oral argument on the Rent Motgion. The Court took the matter under advisement and the matter remains pending.

27. On October 12, 2026, the Debtors filed the BSF Monthly Fee Application for payment of September fees to Boies Schiller Flexner LLP ("<u>BSF</u>").

28. On October 16, 2026, the Debtors filed the BSF Third Interim Fee Application for payment of July through September fees to BSF.

29. On October 20, 2026, the Debtors filed the Chipman Brown Monthly Fee Application for payment of September fees to Chipman Brown Cicero & Cole LLP ("Chipman Brown" and together with BSF, the "Debtor Professionals").

30. On October 30, 3036, the Debtors filed the Chipman Brown Fourth Interim Fee Application for payment of July through September fees to Chipman Brown.

31. There has been no DIP budget filed since the Amended Budget which ended August 31, 2026.

## RELIEF REQUESTED

32. By this Objection, Landlord respectfully requests that this Court (a) deny approval of the Fee Applications as in excess of the currently controlling Approved Budget, and (b) adjourn consideration of fees for any Debtor Professional until there is (i) confirmation that the DIP Facility Termination Date has been extended; and (ii) Court approval of an Approved Budget.

## OBJECTION

33. In connection with the Escrow Motion, the Landlord raised concerns that the Landlord was being forced to bear the risk of the Debtors becoming administratively insolvent. July 16, 2026 Hr'g Tr. at 21:21–23:10. The Court denied the Escrow Motion, stating that "as we sit here today there is no record as to the sort of financial situation of the debtor other than that there is DIP availability and that I've executed an order that allows the debtor to draw down on that DIP." *Id.* at 24:11–14.

34. The Termination Date under the DIP Facility has occurred, and there has been no communication by the Debtors or DIP Lender as to whether the DIP Facility has been extended.[5] Moreover, the Debtors have been operating without a disclosed Approved Budget since September 1, 2026. There is no way at this point for the Court or the Debtors' creditors to determine the current solvency of the Debtors including what, if any, availability remains under the DIP Facility and whether there are adequate funds to pay administrative expenses.

35. The Debtors clearly intended to file a second amended budget and request a further extension of the DIP Order as the Debtor Professionals billed over a dozen hours in consideration of an amended budget in August—including drafting a court order for such a budget—yet the Debtors have filed nothing requesting extension of the DIP Order or disclosing a new budget. *See Eleventh Monthly Application of Chipman Brown Cicero & Cole, LLP, for Allowance of Compensation and Reimbursement of Expenses as Counsel to the Debtors and Debtors in Possession for the Period from August 1, 2026, Through and Including August 31, 2026* [D.I. 696], at Ex. A, pp. 12–13 (approximately 15 hours billed for various DIP budget tasks including $1,495 for "Draft[ing] COC stipulation and order for amended DIP budget[.]") and *Eighth Monthly Application of Boies Schiller Flexner LLP For Allowance of Compensation and Reimbursement of Expenses as Co-Counsel to the Debtors for the Period September 1-30, 2026* [D.I. 681], at Ex. A, p. 6 (approximately 3.5 hours billed for various "DIP issues" including "new DIP budget, issues.").

36. Additionally, BSF disclosed in the BSF Third Interim Fee Application that its fees varied by more than 10% from the budgeted amount. *BSF Third Interim Fee Application*, at pdf p. 15. Without a disclosed budget, the Court and Debtors' creditors—including administrative

---

[5] In this regard, it is unclear what, if any, authority the Debtors have to use Cash Collateral and pay ongoing administrative expenses of the Chapter 11 Cases.

claimants such as Landlord—are unable to evaluate statements such as this and how such variation effects the Debtors' liquidity and the Debtors' ability to satisfy administrative claims.

37. Because the current Approved Budget expired on August 31, 2026, all fees beginning September 1, 2026 are in excess of the current Approved Budget. Landlord requests that payment of amounts owed under the Fee Applications be denied as they are in excess of the currently controlling Approved Budget.

38. Additionally, Landlord requests that consideration of fees for any Debtor Professional—including the instant Fee Applications in the event the Court is disinclined to deny them now—be adjourned until there is Court approval of an Approved Budget.

## RESERVATION OF RIGHTS

39. Landlord reserves all rights to (1) amend and supplement this Objection and (2) file a further objection to the Fee Applications in the event the Court adjourns consideration of the Fee Applications.

## NOTICE

40. Notice of this Objection will be given to the following or in lieu thereof, their counsel, if known: (a) the United States Trustee for the District of Delaware; (b) the Debtors; (c) Chipman Brown Cicero & Cole LLP; (d) Boies Schiller Flexner LLP; (e) Parkview Financial REIT, LP; (f) the Official Committee of Unsecured Creditors; and (g) any party that has requested notice pursuant to Bankruptcy Rule 2002. Landlord submits that, under the circumstances, no other or further notice is required.

WHEREFORE, Landlord respectfully requests that this Court (i) enter an order denying the Fee Applications; and (ii) grant such further relief as is just and proper.

Dated: November 2, 2026
Wilmington, Delaware

**LANDIS RATH & COBB LLP**

*/s/ Matthew B. McGuire*
Adam G. Landis (No. 3407)
Matthew B. McGuire (No. 4366)
Katherine S. Dute (No. 6788)
Soumya P. Venkateswaran (No. 7278)
919 Market Street, Suite 1800
Wilmington, Delaware 19801
Telephone: (302) 467-4400
Facsimile: (302) 467-4450
Email: landis@lrclaw.com
mcguire@lrclaw.com
dute@lrclaw.com
venkateswaran@lrclaw.com

– and –

**ADLER & STACHENFELD LLP**
Kirk L. Brett (admitted *pro hac vice*)
Patrick O'Connor (admitted *pro hac vice*)
555 Madison Avenue, 6th floor
New York, New York 10022
Telephone: (212)883-1700
Facsimile: (212)883-8883
Email: kbrett@adstach.com
poconnor@adstach.com

*Counsel to 356W58 Ground Lessor LLC*